# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

**FILED**

2004 JUL -1 A 10: 57

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY _____ DEPT. CLERK

**Rustin G. Jackson**          )
                               )
v.                             )   Civil Action No. _____
                               )
                               )
**State of Tennessee**         )
**County of Campbell**
**City of Jacksboro**

## Complaint for violations of Constitutional Rights

Here comes the Plaintiff, Rustin G. Jackson with an action against the Defendants: State of Tennessee, County of Campbell, City of Jacksboro and its servants as follows: State Trooper Rick Woodward of 157 Indian Creek Rd Jacksboro TN 37757, Darryl Mongar Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Dustin Rose Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Correctional Officer James Marlow Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757; pursuant 42 U.S.C. Section 1983 and T.C.A. 1 Sec 17.

This complaint is for violations of his Constitutional Rights and failure of the officers to follow regulation to uphold constitution rights and safety of the plaintiff, resulting in false arrest and injury to the plaintiff, breaches of contract of Municipal Ordinances and failure of the officers to follow regulations in the line of duty (pursuant TMO Section 6-201, Tennessee Constitution Art 1 Sec 2, Art 1 Sec 17, Art 1 Sec 21, Schedule Sec 3) by libelous slander in the charges made and accosting him, resulting in ongoing medical costs and disabilities from injuries occurring from mistreatment, as the plaintiff was injured with unnecessary and extreme rigor and denied emergency medical assistance both during arrest and during incarceration (in violation of T.C.A. 1 Section 13, T.C.A. 1, Section 32, CST Schedule Sec 3) the arrest is assumed to have occurred at the time of the plaintiff being handcuffed since plaintiff at no time was informed of his rights. Breaches of contract and violations of CST Schedule Sec 3 are apparent when the officers involved apparently acted without cause, putting the plaintiff's life in danger directly with their rigorous abuse of the plaintiff while chained and after incarceration. The arrest itself was made after an unreasonable search and seizure without warrant as the plaintiff did not commit a crime (in violation of T.C.A. 1 Sec 7, T.C.A. 1 Sec 8, T.C.A. 1 Sec 21, and USC 4th Amendment) nor is he aware of any such activities on his peaceful evening walk (Pursuant USC 1st Amendment).

Further complaints against the state include Discovery and Inspection not being made readily available despite a demand for discovery, further more the causes and nature of the accusation against him not being made clear (in violation of USC 6th amendment, T.C.A. 1 Sec 9, 390 U.S. 959(1968), Brady v. Maryland, 373 U.S. 83 (1963), 423 U.S. 986 (1975), Giglio v. United States, 405 U.S. 150 (1972), McCray v. Illinois, 386 U.S. 300(1967); Roviaro v. United States, 353 U.S. 5 (1957)).

The plaintiff asks the federal court for justice and to uphold his constitutional rights, also for reparations for mental and physical suffering, and for an order of protection against the defendants. Furthermore a dismissal and removal of all charges of cases CM149133 and CM150714 are to be made as there is a lack of speedy trail despite the right to a speedy trail being demanded by the plaintiff (pursuant USC 6th Amendment, USC 5th Amendment, section 2902 of title 28 of the USC).

June 29 2004       *Rustin G. Jackson*
Date                    Plaintiff