IN THE UNITED STATES DISTRICT COURT   FILED
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

2004 NOV 19 P 1:37

| Rustin G. Jackson | ) | |
|---|---|---|
| v. | ) | Civil Action No. 3:04-cv-344 |
| State of Tennessee | ) | U.S. DISTRICT COURT EASTERN DIST. TENN |
| County of Campbell as a body politic and | ) | |
| Dustin Rose and Billy Marlow in their | ) | BY... ....DEP. CLERK |
| Individual Capacities et al | ) | 3:04-cv-344 |

### Complaint for violations of Constitutional Rights (Amended per doc 5)

Here comes the Plaintiff, Rustin G. Jackson with an action against the Defendants: State of Tennessee, County of Campbell, City of Jacksboro and its servants as follows: State Trooper Rick Woodward of 157 Indian Creek Rd Jacksboro TN 37757, Darryl Mongar Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Dustin Rose Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Former Correctional Officer Billy Marlow 335 McDeerman Rd Jacksboro 37757; pursuant 42 U.S.C. Section 1983 and T.C.A. 1 Sec 17.

This complaint is for violations of his Constitutional Rights and failure of the officers to follow regulation to uphold constitution rights and safety of the plaintiff, resulting in false arrest and injury to the plaintiff, breaches of contract of Municipal Ordinances and failure of the officers to follow regulations in the line of duty (pursuant TMO Section 6-201, Tennessee Constitution Art 1 Sec 2, Art 1 Sec 17, Art 1 Sec 21, Schedule Sec 3) by libelous slander in the charges made and accosting him, resulting in ongoing medical costs and disabilities from injuries occurring from mistreatment, as the plaintiff was injured with unnecessary and extreme rigor and denied emergency medical assistance both during arrest and during incarceration (in violation of T.C.A. 1 Section 13, T.C.A. 1, Section 32, CST Schedule Sec 3) the arrest is assumed to have occurred at the time of the plaintiff being handcuffed since plaintiff at no time was informed of his rights. Breaches of contract and violations of CST Schedule Sec 3 are apparent when the officers involved apparently acted without cause, putting the plaintiff's life in danger directly with their rigorous abuse of the plaintiff while chained and after incarceration. The arrest itself was made after an unreasonable search and seizure without warrant as the plaintiff did not commit a crime (in violation of T.C.A. 1 Sec 7, T.C.A. 1 Sec 8, T.C.A. 1 Sec 21, and USC 4th Amendment) nor is he aware of any such activities on his peaceful evening walk (Pursuant USC 1st Amendment).

Further complaints against the state include Discovery and Inspection not being made readily available despite a demand for discovery, further more the causes and nature of the accusation against him not being made clear (in violation of USC 6th amendment, T.C.A. 1 Sec 9, 390 U.S. 959(1968), Brady v. Maryland, 373 U.S. 83 (1963), 423 U.S. 986 (1975), Giglio v. United States, 405 U.S. 150 (1972), McCray v. Illinois, 386 U.S. 300(1967); Roviaro v. United States, 353 U.S. 5 (1957)).

The plaintiff asks the federal court for justice and to uphold his constitutional rights, also for reparations for mental and physical suffering, and for an order of protection against the defendants. Furthermore a dismissal and removal of all charges of cases CM149133 and CM150714 are to be made as there is a lack of speedy trail despite the right to a speedy trail being demanded by the plaintiff (pursuant USC 6th Amendment, USC 5th Amendment, section 2902 of title 28 of the USC).

Nov 04, 2004
Date

Rustin G Jackson
Plaintiff

**Tennessee Municipal Ordinances**
**Section 6-201**
Unless otherwise authorized or directed in this code or other applicable law, and arrest of the person shall be made by a policeman in the following cases:
(1) Whenever he is in possession of a warrant for the arrest of the person.
(2) Whenever a crime is committed or the peace is threatened in the officer's presence by the person.
(3) Whenever a felony has in fact been committed and the officer has probable cause to believe the person has committed it.

**Tennessee Constitution**
**Article 1. Section 2: Doctrine of nonresistance condemned.**
That the government being instituted for the common benefit, the doctrine of non-resistance against arbitrary power and oppression is absurd, slavish and destructive of the good and happiness of mankind.

**Article 1. Section 7: Unreasonable searches and seizures – General warrants.**
That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; an that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

**Article 1. Section 8: No man to be disturbed but by law.**
That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or by the law of the land.

**Article 1. Section 9: Right of the accused in criminal prosecutions.**
That in all criminal prosecutions, the accused has the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in the prosecutions by indictment or presentment, a speedy public trail, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself.

**Article 1 Section 13: Treatment after arrest.**
That no person arrested and confined in jail shall be treated with unnecessary rigor.

**Article 1 Section 17: Open courts – Redress of injuries – Suits against the State.**
That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right justice administered with sale, denial, or delay. Suits may be brought against the State in such manner and in such courts and the Legislature may be law direct.

**Article 1 Section 21: No man's services or property taken without consent or compensation.**
That no man's particular services shall be demanded, or property taken, or applied to public use, without consent of his representatives, or without just compensation being made therefore.

**Article 1 Section 32: Safe treatment of prisoners.**
That the erection of safe and comfortable prisons, the inspection of prisons, and the humane treatment of prisoners shall be provided for.

**Constitution of the State of Tennessee. Schedule: Section 3: Oath of office mandatory.**
Every Judge and every officer of the executive department of this State and every Sheriff holding over under this Constitution, shall, within twenty days after the ratification of this Constitution is proclaimed, take an oath to support the same, and the failure of any officer to take such oath shall vacate his office.

Rustin G Jackson
108 Chapman Lane
Jacksboro TN 37757

United States District Court
Court Clerk
800 Market Street
Knoxville TN 37902

POSTAGE DUE

RECEIVED
NOV 19 2004