IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, | ) |
| | ) |
| Plaintiff, | ) No. 3:04-CV-344 |
| | ) Varlan/Shirley |
| vs. | ) |
| | ) |
| STATE OF TENNESSEE, | ) |
| COUNTY OF CAMPBELL, | ) |
| CITY OF JACKSBORO, | ) |
| DUSTIN ROSE and BILLY MARLOW, | ) |
| in their individual capacities, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## DEFENDANTS STATE OF TENNESSEE AND RICK WOODWARD

### PRELIMINARY STATEMENT

On November 19, 2004, the Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. §1983 and the Tennessee Constitution alleging that his federal and state Constitutional rights were violated, that the Defendants failed to follow regulations, and that he was asserting various state law claims. [Complaint]. The Plaintiff requested both monetary and equitable relief. [Complaint, ¶4]. Although the Plaintiff sued, in addition to the State of Tennessee, Defendant Rick Woodward, the Plaintiff did not identify the capacity in which this Defendant was sued. [Complaint]. Defendant Woodward was not included in the caption of the Complaint and was only identified in the suit as being a State Trooper and a servant of the State of Tennessee. [Complaint, ¶1].

# ARGUMENT

### I. The Eleventh Amendment bars any claim for relief against the State of Tennessee, its agencies, or departments.

A federal suit against a State or one of its agencies or departments is barred by the Eleventh Amendment. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978). Not only is a suit for monetary damages barred, but injunctive relief is also a remedy that is not attainable from the State. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The prohibition is consistent with a state's Eleventh Amendment immunity from suit and such immunity is not abrogated by actions brought under 42 U.S.C. §1983. *Quern v. Jordan,* 440 U.S. 3332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979).

Therefore, in as much as the Plaintiff asserts claims against the State of Tennessee and further seeks injunctive relief, he is prohibited from doing so and those claims should be dismissed as to the State of Tennessee.

### II. The Plaintiff's Complaint does not sufficiently notify Defendant Woodward as to which capacity is being sued in and, therefore, the Defendant is considered sued in his official capacity only and the Eleventh Amendment bars any suit against him for monetary damages.

The Eleventh Amendment bars any monetary claim of the Plaintiff against Defendant Woodward brought pursuant to 42 U.S.C.§ 1983 or any federal statute.[1] The Eleventh Amendment forbids suits by citizens of one state against another state and has also been deemed

---

[1] Although the Plaintiff has also asserted violations of the State of Tennessee's Constitution, no such cause of action exists. *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996).

2

to prohibit actions by citizens against their own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed 842 (1890). The only exceptions to Eleventh Amendment immunity are when Congress expressly abrogates the immunity in legislation and when a state expressly waives the immunity from suit for monetary damages. *Hoffman v. Connecticut Department of income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed. 76( 1989); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Supreme Court has held that claims arising under 42 U.S.C. § 1983 do not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 337-340, 99 S.Ct. 1139, 59 L.Ed. 358 (1979).

When state officials or employees are sued in their official capacities for monetary damages, the Supreme Court has determined that such individuals are the equivalent of the state of which they are employed and the Eleventh Amendment bars such actions against them.[2] *Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *See also Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(Eleventh Amendment bars suit where payment must be paid from public funds in the state's treasury)). Moreover, state officials and employees who are sued in their official capacities are not considered "persons" under §1983 subject to suit for monetary damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Most importantly, plaintiffs seeking damages under 42 U.S.C. § 1983 are required to

---

[2]The Eleventh Amendment also bars any state law claims that the Plaintiff has brought under pendent jurisdiction against Defendant Woodward in his official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,103-106, 104 S.Ct. 900, 909-911, 79 L.Ed. 67 (1984).

3

clearly set forth in their pleadings that they are suing state defendants in their individual, as opposed to official, capacities for monetary damages. *Wells v. Brown*, 891 F.3d 591 (6th Cir. 1989). The *Wells* court stated:

> The Supreme Court's recent decision in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109, S.Ct. 2304, 105 L.Ed.2d 45 (1989)(state officials sued in official capacity for damages are absolutely immune from liability under the Eleventh Amendment), however, makes it unnecessary for us to reach the merit of plaintiff's claim. We adopt the Eighth Circuit's interpretation of *Will*, which requires that plaintiffs seeking damages under §1983 set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *See Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989). Plaintiff's complaint does not meet this test, and we therefore dismiss the appeal for lack of subject matter jurisdiction

*Wells*, 891 F.2d 591, 592 (6th Cir. 1989).

State troopers are considered employees and officials of the State of Tennessee and the Plaintiff is presumed to have sued Defendant Woodward in his capacity as a State employee absent an indication that he is being sued individually. Tenn. Code. Ann. §8-42-101; *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991); *See Moore v. City of Harriman*, 272 F.3d 769, 773-74 (6th Cir. 2001)(Course of proceedings test is utilized to determine whether a defendant has been adequately notified of the capacity in which he has been sued)). The Plaintiff did not include Defendant Woodward in the caption of his Complaint, did not specify the capacity in which he was sued, and only identified him as a State Trooper and a servant of the State of Tennessee. [Complaint, ¶1]. Therefore, as Defendant Woodward is assumed to have been sued in his official capacity, the Plaintiff's suit for monetary damages against him is barred by the Eleventh Amendment and the Defendants request that it be dismissed.

4

### III. The Plaintiff does not have standing to seek equitable relief.

Article III of the U. S. Constitution requires that a plaintiff invoking the jurisdiction of the federal courts allege an actual case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed. 2d 674 (1974). To assert a sufficient case or controversy warranting equitable relief, a plaintiff must assert the likelihood of substantial and irreparable injury and the inadequacy of remedies at law. *O'Shea,* 414 U.S. at 499, 94 S. Ct. at 677-678. As the Supreme Court stated in *O'Shea*, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *Id.* at 495-496, 675-676. Unless there is a showing that there is a real threat that the plaintiff will be wronged again in a way similar to his previous wrong, there is no likelihood of substantial and irreparable injury warranting injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed. 2d 675 (1983); *Grendell v. Ohio Supreme Court,* 252 F.3d 828, 833 (6th Cir. 2001).

To satisfy the jurisdictional requirements for injunctive relief, the Plaintiff would have to allege that he is realistically threatened with a repetition of the alleged action taken against him that gave rise to this suit. S*ee City of Los Angeles*, 461 U.S. at 97-100, 103 S.Ct. at 1662-1664. Not only does the Plaintiff fail to describe how Defendant Woodward allegedly harmed him but the Plaintiff makes no mention of how any alleged actions are likely to be repeated. As the Plaintiff makes no such allegation, there is no claim to support his request for injunctive relief against the Defendant, Rick Woodward.

## CONCLUSION

For the foregoing reasons, the Defendants, the State of Tennessee and Rick Woodward, request that this action be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General and Reporter

*Sarah C. McBride*
SARAH C. MCBRIDE, BPR#21418
Assistant Attorney General
Civil Rights and Claims Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded by first-class mail, postage prepaid, this the _____ day of December, 2004, to:

Rustin Jackson
108 Chapman Lane
Jacksboro, TN 37757

*Sarah C. McBride*
SARAH C. MCBRIDE
Assistant Attorney General