| | | |
|---|---|---|
| RUSTIN G. JACKSON | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:04-cv-344 |
| STATE OF TENNESSEE, ET AL. | ) | VARLAN/SHIRLEY |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANTS, CAMPBELL COUNTY, DARRELL MONGAR AND DUSTIN ROSE, TO PLAINTIFF'S AMENDED COMPLAINT

Come Defendants, Campbell County, Darrell Mongar and Dustin Rose,[1] and respond to the Plaintiff's Complaint as follows:

1.    Regarding unnumbered paragraph 1 of the Plaintiff's Amended Complaint, the identity of Darrell Mongar and Dustin Rose as deputies, and Billy Marlow as formerly employed as a corrections officer with the Campbell County Sheriff's Department (CCSD) is admitted. It is denied that Darrell Mongar and Dustin Rose engaged in any act or omission such as would render them liable in their individual capacities. The identity of Campbell County, Tennessee is admitted. Federal subject matter jurisdiction over Plaintiff's federal claims is admitted. It is admitted that the Court has discretion to entertain supplemental jurisdiction over state law claims, but denied that this is a proper case for the Court to so exercise its discretion.

2.    Regarding the allegations of the first sentence of unnumbered paragraph 2, it is denied that any of these Defendants violated the Plaintiff's constitutional rights. It is denied that any of these Defendants violated Plaintiff's rights under the Tennessee Constitution or common law. It is averred that the Plaintiff was properly arrested with probable cause and without

---

[1] As of the time of filing this Answer, Billy Marlow, who was formerly employed by Campbell County and is believed to now reside in middle Tennessee, has not been served.

unreasonable or unnecessary force after Plaintiff assaulted Deputies Darrell Mongar and Dustin Rose. It is averred that the Plaintiff's own actions proximately caused any injuries Plaintiff might have allegedly received. It is denied that these Defendants breached any Tennessee "municipal ordinance," or failed to follow any applicable regulations regarding the arrest, incarceration and/or prosecution of Rustin Jackson. It is denied that these Defendants committed "libelous slander" by charging Plaintiff with crimes that he committed. It is averred that the Defendants used no more force than reasonably necessary to effect the Plaintiff's arrest and defend themselves. It is denied that the Plaintiff was denied necessary medical treatment either at the time of Plaintiff's arrest, or during his incarceration. It is denied that these Defendants violated any rights of the Plaintiff under federal or state law. Any remaining allegations in the first sentence of unnumbered paragraph 2 are denied.

3.    Regarding the allegations of the second sentence of unnumbered paragraph 2, it is denied that these Defendants entered into or breached any contractual relationship, either expressed or implied, with the Plaintiff. It is denied that these Defendants violated the Plaintiff's state constitutional rights or acted without probable cause. It is denied that these Defendants used unreasonable or unnecessary force either in effecting Plaintiff's arrest or thereafter. Any remaining allegations in the second sentence of unnumbered paragraph 2 are denied.

4.    Regarding the allegations of the third sentence of unnumbered paragraph 3, it is denied that a warrant for Plaintiff's arrest was legally required to first question the Plaintiff, then pat him down for weapons, under the circumstances of this case, including where a complaint had been made that a man matching Plaintiff's general description was prowling and/or trespassing in the neighborhood. It is averred that during this stop, Plaintiff assaulted the officers, and probable cause existed for Plaintiff's arrest. It is denied that these Defendants

2

violated Plaintiff's rights under federal or state law.  Any remaining allegations of the third sentence of unnumbered paragraph 2 are denied.

5.      The allegations of unnumbered paragraph 3 of the Plaintiff's Amended Complaint do not relate to these Defendants.  Therefore, no answer is warranted and none is given.

6.      Regarding the allegations of unnumbered paragraph 4 of Plaintiff's Amended Complaint, it is denied that the Defendants violated the Plaintiff's constitutional rights.  It is denied that the Plaintiff is entitled to recover from these Defendants for any alleged mental or physical damages.  It is denied that the Plaintiff is entitled to injunctive relief against these Defendants.  Though not material to these Defendants, it is averred that any delay in the adjudication of the Plaintiff's charges was due to the court ordered evaluation of Plaintiff's mental condition and competency to stand trial.  It is averred that the doctor concluded that Plaintiff was experiencing a mental illness at the time of the alleged offenses, and that the state court held Plaintiff to be entitled to the defense of insanity.  Any remaining allegations of unnumbered paragraph 4 are denied.

7.      These Defendants aver that the statutes and constitutional provisions recited in unnumbered paragraphs 5 through 14 of Plaintiff's Amended complaint speak for themselves, and are not as alleged by Plaintiff.  It is denied that these Defendants violated Plaintiff's federal or state rights.

8.      These Defendants deny that the Plaintiff is entitled to any of the relief prayed for in the Amended Complaint, and that Plaintiff's Complaint should be dismissed.

9.      These Defendants aver that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under federal or state law.  It is denied that there exists under

3

Tennessee law any cause of action for damages for alleged violations of the Tennessee Constitution.

10. Defendants Darrell Mongar and Dustin Rose aver that they are entitled to qualified immunity to Plaintiff's action for damages because reasonable officers in their positions could have disagreed concerning the lawfulness of any actions taken with respect to the Plaintiff.

11. Defendants Darrell Mongar and Dustin Rose aver that they have immunity under state law pursuant to the provisions of the Governmental Tort Liability Act, T.C.A. § 29-20-101 *et seq.,* specifically T.C.A. §29-20-310(c).

12. Defendants Darrell Mongar and Dusting Rose aver that they have common law immunity to Plaintiff's state claims.

13. Defendant Campbell County, Tennessee avers that no policy, custom or practice of Campbell County was the moving force behind any alleged violation of the Plaintiff's rights.

14. Defendant Campbell County avers that it has immunity under state law pursuant to the provisions of the Governmental Tort Liability Act, T.C.A. § 29-20-201, *et seq.*, and, specifically, T.C.A. § 29-20-205(2).

15. These Defendants aver that Plaintiff is collaterally estopped from re-litigating some or all of the issues raised herein based on proceedings and rulings by the state court on Plaintiff's criminal charges.

16. These Defendants aver that Plaintiff's claims for injunctive relief are moot based upon the state court's ruling that Plaintiff was not guilty by reason of insanity.

17. Any allegation not hereinabove admitted, denied, or explained is hereby denied.

4

18.     These Defendants reserve the right to amend this Answer upon the ascertainment of additional information through the discovery process and as the needs of justice may so require.

WHEREFORE, having answered fully, these Defendants pray that this cause be dismissed with costs taxed to Plaintiff.

Respectfully submitted this 16th day of February, 2005.


By:    s/John C. Duffy, BPR #010424_____

WATSON & HOLLOW, P.L.C.
P. O. Box 131
Knoxville, Tennessee  37901-0131
(865) 637-1700


## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2005, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. mail.  Parties may access this filing through the Court's electronic filing system.

Rustin G. Jackson
108 Chapman Lane
Jacksboro, TN  37757


s/John C. Duffy, BPR #010424_____

Watson & Hollow, P.L.C.
P. O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

5