

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

**FILED**

**Rustin G. Jackson**  )
v.                     )  Civil Action No. 3:04-cv-344
**State of Tennessee** )
**County of Campbell, et al**  )

2005 MAR 10 P 1:06

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEPT. CLERK

### Reply to Original Answer

1. While the counsel for the defendant, City of Jacksboro, stipulates allegations made against the defendant in paragraphs 2 and 4 of the complaint. The answer the counsel obviously responding to form rather than substance is unintelligible as to which allegations are being referred to. The Plaintiff makes a motion to amend his complaint/pleading in a more definitive (numbered) statement "Complaint for Violations of Constitutional Rights (Second Amendment)" though not requested to by the defendants, to better understand their answer.
2. As the defendant, City of Jacksboro is joined as a defendant, specifically numbered paragraphs 15 and 17 of the Second Amended Complaint. If the city of Jacksboro, being the county seat and the city the jail is housed in, can show no responsibility, involvement or interest as to the conditions of the jail and if Campbell County admits liability for the complaints in those paragraphs, and with the signature of all defendants the plaintiff would agree to the Voluntary Stipulated Dismissal of the City of Jacksboro as a defendant.
3. While counsel for the defense of the City of Jacksboro simultaneously states complaints made by the plaintiff of violation of his constitutional rights requires proof, it can be shown the counsel for the defense also attempts further violation of constitutional rights in point 7 of the 'no answer' answer stating that the plaintiff was to be denied 'any' cause of action pursuant the Tennessee constitution. The defense then goes further to request that the Tennessee constitution be used as a defense implying an inequality, if this represents a desire to violate constitutional rights by the defendant, the plaintiff objects and asks that his constitutional rights be upheld fully pursuant the United States Constitution, Tennessee Constitution, statues, ordinances specified with in complaint, and each and every law that may be brought to bear. If the defense finds the State statues to be too limiting, American torts may be applicable. The plaintiff asks that this and any further or past attempts to violate, seize or undermine his constitutional rights, life and liberty cease and desist and be met with punitive damages and other legal actions as are necessary.

4. The plaintiff objects to the State of Tennessee's Motion to Dismiss stating the claim upon which relief can be granted, the proof violation of constitutional rights has already be provided by the defendant in the form of a letter from the public defender denying speedy trail and discovery which has be submitted both to defending counsel and the clerk of court. The State of Tennessee references the 11th Amendment as a matter of jurisdiction and immunity in this matter, while the plaintiff states that the 14th Amendment section 5 allows this claim against the State of Tennessee. Standing to seek equitable relief can be seen in the Second Amended Complaint.
5. The plaintiff asks the Counsel for Billy Marlow as an interrogative, for the address of Billy Marlow that he may be served with a summons. That the defendants vacating of the area should not be counted as a defense. That Summons has been served at his last place of occupation, the Campbell County Sheriff's Office.
6. Also as an interrogatory, any copies of any statements, affidavits, 911 call center recording of alleged trespassing complaint, booking records including photo pertaining to this case that Campbell County or Campbell County Deputies may have, and the recording of the alleged complaint call on 3/17/04.
7. The plaintiff denies any action made by him that would allow probable cause of the arrest or any actions available to him to defend himself from the intentional harm inflicted, and any previous negligence on his part was to subjecting himself to the defendants abuse of their positions of authority. (RST§497)
8. The plaintiff states that the defendants belief in their immunity is substantial cause in their actions in violating constitutional rights, both of this plaintiff and other citizens. It is also a factor in their outrageous behavior and liability under several torts as stated in the second amended complaint. The plaintiff objects to any motion by Campbell County, Darrell Mongar, Dustin Rose, or Billy Marlow for any dismissal or estoppement of this action.

March 9, 2005
Date

Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN, 37757
(423)494-7163