IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

Rustin G. Jackson )
v. ) Civil Action No. 3:04-cv-344
State of Tennessee )
County of Campbell as a body politic, )
Darryl Mongar, Dustin Rose, )
Rick Woodward and Billy Marlow )
In their Individual Capacities et al )

## AFFIDAVITE IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT FOR DEFENDANT CAMPBELL COUNTY

I, Rustin Jackson, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief;

1. I am the plaintiff in this action.
2. A 2nd amended complaint was filed herein on Campbell County (Jerry E. Cross Mayor) and service of process was had on the defendant on January 12, 2005.
3. More than twenty (20) days have elapsed since the defendant in this action served, and the defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

_____
Plaintiff

Attached exhibits:
1. Process of receipt and return of summons by United States Marshal Service
2. Notice of Appearance of defendant
3. Complaint for Violations of Constitutional Rights (Second Amendment)
4. Order granting Complaint for Violations of Constitutional Rights (Second Amendment)

Sworn to me and subscribed before

me this 8th day of July, 2005.

_____
Notary Public

My Commission expires
9/2/08

# PROCESS RECEIPT AND RETURN

**Department of Justice**
**United States Marshals Service**

See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| **PLAINTIFF** Rustin & Jackson | **COURT CASE NUMBER** 3:04-CV-344 |
| **DEFENDANT** State of Tennessee, Campbell County, et al | **TYPE OF PROCESS** Summons, Order, Complaint |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Jerry E. Cross

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
195 Kentucky Street Suite 3 Jacksboro TN 37757

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Rustin & Jackson
108 Chapman Lane
Jacksboro TN 37757

Number of process to be served with this Form - 285: 1
Number of parties to be served in this case:
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

IN FORMA PAUPERIS

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
*Rustin & Jackson*
**DATE** 12/01/04

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 74 | District to Serve No. 74 | Signature of Authorized USMS Deputy or Clerk | Date 12/8/04 |
|---|---|---|---|---|---|
| | 1 | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above):

Address (complete only if different than shown above):

A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service: 12/13/04    Time: am/pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| $8.00 | — | — | $8.00 | — | $8.00 | |

**REMARKS:**
12/02/04 mailed certified 7001 2510 0005 8400 6560
12/13/04 Return receipt signed and attached

**NOTE**

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| Rustin G. Jackson ) | |
| v. ) | Civil Action No. 3:04-cv-344 |
| State of Tennessee ) | |
| County of Campbell as a body politic, ) | |
| Darryl Mongar, Dustin Rose, ) | |
| Rick Woodward and Billy Marlow ) | |
| In their Individual Capacities et al ) | |

## Complaint for Violations of Constitutional Rights (Second Amendment)

Here comes the Plaintiff, Rustin G. Jackson with an action against the Defendants: State of Tennessee, City of Jacksboro, County of Campbell and their servants as follows: State Trooper Rick Woodward of 157 Indian Creek Rd Jacksboro TN 37757, Darrell Mongar Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Dustin Rose Campbell County Sheriff's Office Kentucky Ave Jacksboro TN 37757, Correctional Officer Billy Marlow Campbell County Sheriff's Office Kentucky Ave Jacksboro 37757; pursuant 42 USC§1983 and TCA1§17.

Plaintiff Rustin Jackson, for his complaint, alleges as follows:

1. Plaintiff, Rustin Jackson, is a citizen of the United States of America, and as a citizen and former soldier of said nation, files this complaint on the defendants for violations to his guaranteed Constitutional and Civil Rights, Breaches of Contract in that these defendants acted in bad faith, failures for the defendants to follow regulations and that during these violations, officers forsook the plaintiff's safety and knowingly with intention caused injury to the plaintiff causing the plaintiff great pain and suffering. This Civil Action for compensatory and punitive damages brought by the plaintiff pursuant to 42.U.S.C.§1983 and the United States Constitution Article 4 §2 Clause 1. Furthermore, Plaintiff requests this Court exercise its pendant jurisdiction over his transactional State Claims.
2. Jurisdiction is founded upon 28 U.S.C. §1343.
3. Plaintiff, Rustin G. Jackson, currently residing at 108 Chapman Lane, Jacksboro TN 37757, was peacefully walking within a mile of that residence on Landmark Road on 3/17/2004 (Pursuant USC 1st Amendment).
4. Rustin Jackson on 3/17/2004 stopped when he saw Deputy Darrell Mongar and Auxiliary Deputy Dustin Rose following him slowly at a distance of 15-20 ft in a county SUV and asked them their purpose, the defendant Darrel Mongar and plaintiff did recognize each other.
5. That the defendant, Darrel Mongar asked him questions as to the plaintiff's residence, where plaintiff was going repeatedly, even though the plaintiff answered the questions repeatedly. The plaintiff noticed that Defendant Deputy Mongar was looking around during the questioning, the plaintiff assumes to see if there were any witnesses present.
6. Darrell Mongar made references about "you still working?", "well your not working for me", "who says you live around here?", "What have you done recently?", Then Deputy Mongar looked over to Deputy Rose and said, "This is the guy who thinks he knows how to do my job." (complaint against Darrell Mongar made pursuant TCA1§2, TCA1§21)
7. The defendants then exited the car, frisked the plaintiff and searched his pockets, each holding one of the plaintiff's arms giving the reason, "Just want to see what you got. See what you take.", despite the plaintiffs verbal protests that he did not consent and had nothing in his pockets as he was jogging near his residence. (complaint made pursuant defendants Darrell Mongar and Dustin Rose's violation of USC 4th Amendment, TCA1§7, RST§18(1))

1 of 7

8. The defendants, Dustin Rose finding nothing said, "Oh, your resisting." Which the plaintiff denied. Dustin Rose then, without cause, did spray and intentionally harm the plaintiff, rendering the plaintiff unconscious. Mongar shouting at the plaintiff, "You're stupid!" Then at Rose, "You've got to hit harder than that!" The defendant with forethought, with unnecessary and extreme rigor, continued to assail the plaintiff before and after the plaintiff was in restraints, without regard to his life until a witness, one Linda Chapman, made her presence known, shouting for them to stop. (complaint made pursuant against defendants Darrell Mongar, Dustin Rose who were in violation of TCA1§13, RST§479, RTT:GP§1)
9. State Trooper Rick Woodward arrived on the scene, whereupon the plaintiff asked the defendant Rick Woodward for assistance, stating that he needed hospital. State Trooper denied the plaintiff any assistance, despite the plaintiffs in and out of consciousness and spasmodic seizures resulting from head trauma. (complaint made against Rick Woodward, State of Tennessee pursuant RST:GP§315(a), TCA1§8)
10. The plaintiff was denied emergency medical assistance that he requested by the defendants Darrell Mongar, Dustin Rose, and Rick Woodward. (complaint made pursuant RTT:GP§12)
11. The defendants acting in concert then continued to slam the defendant against their car, and dropping him on the ground while his hands and feed tied and repeatedly spray him with what they referred to as devastator. (complaint made against defendants Darrell Mongar, Dustin Rose, Rick Woodward pursuant RST§21(1), RST§322)
12. The defendants did attempt to coerce Linda Chapman into signing a statement of their choosing implicating the plaintiff, to which she refused (complaint made against Campbell County pursuant RST46§2).
13. The defendants did destroy or hide evidence in the form a statement which Linda Chapman did write and sign, affirming the plaintiff's distress and actions herein describe of the defendants. (complaint made against Campbell County pursuant USC 5th Amendment)
14. The plaintiff was then transported to Campbell County Jail facility, never being informed of his rights, Miranda, nor was the plaintiff informed of the reason for the arrest. (complaint made against Campbell County, Darrell Mongar, Dustin Rose pursuant TCA1§8, USC 14th Amendment, USC 6th Amendment)
15. Once at the steps of the jail and within the jail itself, further intentional harm upon the plaintiff (shoved up steps, causing the plaintiff to be slammed onto the floor with no means of checking his fall while his sight was hindered, etc) and plaintiff would guess amounted to taunts or threats ("We're going release the dog." [They had brought in a barking canine.] "Your gonna fuck us [officers] all.", etc) upon his person were made by a large number of police figures. (complaint made against Campbell County, City of Jacksboro, Dustin Rose, Darrell Mongar pursuant RST§46, RST§21(2), USC 7th Amendment)
16. The defendants then did falsely imprison the plaintiff, waiting two days before filing the complaint and two weeks before releasing the plaintiff; during that time denying the plaintiff medical aid despite head injury and repeated requests of the plaintiff to seek a doctor aid (complaint made against Campbell County pursuant RST§35, USC 7th Amendment)
17. The Campbell County Jail was filthy, deplorable, with a lot of substance trafficking, overcrowded (30 inmates and 8 beds), not up to code nor was it safe to be incarcerated there (complaint made against Campbell County, City of Jacksboro, pursuant TCA1§32, USC 7th Amendment)
18. The Plaintiff repeatedly asked for a copy of the Tennessee Constitution and copies of the State Statutes and was denied. (Replies: "That's not the way it works around here." "Do you mean the Tennessee Blue Book.") and was never informed of the charges made against him (complaint made against Campbell County pursuant TCA1§9).
19. During the illegal incarceration, Billy Marlow and two other Campbell County Correctional Officers entered the cell number 3 in full view of several witnesses, while the plaintiff was complaining of dizziness and fatigue and with unnecessary and extreme rigor assailed the plaintiff, through strangulation and hitting his head on the hard surfaces, causing the plaintiff to be rendered unconscious several times. (complaint made against Billy Marlow and Campbell County pursuant TCA1§13, TCA1§32, RST§46(1), RTT:GP§12, USC 7th Amendment)

20. Breaches of contract and violations of CST Schedule§3 are apparent when the officers involved apparently acted without cause, putting the plaintiff's life in danger directly with their rigorous abuse of the plaintiff while chained and after incarceration. (Complaint made against Darrell Mongar, Dustin Rose, Billy Marlow, Campbell County pursuant CST Schedule§3)
21. Campbell County Sessions Court repeatedly scheduled court hearings and mental evaluations simultaneously, causing the plaintiff to miss one or the other while allowing the proceedings to continue without the plaintiff's presence. Ultimately, these scheduling conflicts were the reason given for extended evaluation. (complaint made against Campbell County, State of Tennessee pursuant TCA1§9, USC 6th Amendment)
22. The plaintiff also had to under go 4 months of subsequent false imprisonment at the state hospital for alleged evaluation solely at the courts request. There he was questioned daily without representation with a compulsatory process to be confronted with statements from witnesses that he wasn't allowed to question or confront, where words were taken out of context or false statements were made for him for the record, where (complaint made against Campbell County, State of Tennessee pursuant RST§35, USC 14th Amendment, USC 5th Amendment, USC 6th Amendment)
23. During the time of evaluation at Lakeshore Mental Health Institute, the plaintiff was forced to take medication. During that time the plaintiff made several complaints as to the effects, but was ignored. Upon discharge, the plaintiff found that he was allergic to the medication given him along with the numerous other unhealthy side effects and was warned by the primary physician that it was an immediate and dire threat to his life and constitution to take such medication. (complaint made against the State of Tennessee pursuant RST§322, RTT:GP§12, USC 7th Amendment)
24. Campbell County Sessions Court (State of Tennessee) denied numerous requests and demands made by the plaintiff for Discovery and Inspection, further more the causes and nature of the accusation against him not being made clear (complaint made against Campbell County, State of Tennessee pursuant USC 6th amendment, TCA1§9, 390 U.S. 959(1968), Brady v. Maryland, 373 U.S. 83 (1963), 423 U.S. 986 (1975), Gigilo v. United States, 405 U.S. 150 (1972), McCray v. Illinois, 386 U.S. 300(1967); Roviaro v. United States, 353 U.S. 5 (1957)).
25. Campbell County Sessions Court (State of Tennessee) denied numerous requests and demands made by the plaintiff for speedy trail (complaint made against Campbell County, State of Tennessee pursuant USC 6th Amendment, USC 5th Amendment, and Title 28§2902 of the USC).
26. Campbell County Sessions Court (State of Tennessee) denied motion to dismiss due to lack of speedy trail (complaint made against Campbell County, State of Tennessee pursuant USC 6th Amendment, USC 5th Amendment, and section 2902 of title 28 of the USC, CSTScheduale§3).
27. Campbell County Session Court (State of Tennessee) joined plaintiffs and cases that the Court had reason to believe had already been adjudicated and/or dismissed, putting the plaintiff into 'double jeopardy' (complaint made against Campbell County, State of Tennessee pursuant USC 5th Amendment), had they had reason not to believe it hadn't been settled for any reason, actions for misrepresentation should have been apparent and the cases dismissed.
28. Campbell County Sessions Court did not provide a means to obtain a witness in favor of the plaintiff though the public defender was made aware of such a witness (complaint made against Campbell County, State of Tennessee pursuant TCA1§9, USC 6th Amendment)
29. The plaintiff asks for compensation and punitive damages for each complaint made in 6-28.
30. Plaintiff incorporates by reference paragraphs 6-20 as set out above
31. The actions of defendant Deputy Mongar, defendant Deputy Rose in arresting the plaintiff constitute the state torts of assault and battery, false arrest and imprisonment, malicious prosecution and outrageous conduct. Defendant Officer Marlow acted in bad faith, with ill will, malice and spite towards the plaintiff. All these defendants, in concert with other servants of Campbell County and the State of Tennessee acted with a motive to intentionally harm him, so as to render these defendants liable to the plaintiff for punitive damages.
32. Plaintiff incorporates by reference paragraphs 20-28 as set out above.
33. The actions of defendant County of Campbell, defendant State of Tennessee duly designated representatives did willfully, knowingly, intentionally and purposefully violate the plaintiff Constitutional rights so far as to render these defendants liable for punitive damages.
34. The Plaintiff asks this Court empanel a jury to try this action.

35. The Plaintiff asks that he be compensated for ongoing medical costs, rehabilitation and disabilities from irreparable injuries occurring from mistreatment by the defendants, as the plaintiff was injured with unnecessary and extreme rigor and denied emergency medical assistance both during arrest and during incarceration. The plaintiff is now impaired with "post concussion syndrome" showing itself in lesions within his brain as a result of the defendants intentional actions. Medical cost are greater than $40,000.00 including the stay at Lakeshore.

36. As a result of these injuries the plaintiff, it is a several doctor's opinion that the Plaintiff is no longer employable nor is he able to drive due to resultant seizures, and if the Plaintiff were able to do so the harm to his reputation is so considerable that finding any employment is unlikely. The plaintiff's last full time employment was as a programmer, sensitive material background, with a salary of $65,000 per year. Back pay to the plaintiff since 3/17/2004 is currently at $65,000 (industry standard with 8 years experience in this area $85,000, $95,000 nationwide) and front pay over the next 20 years comes to $1,300,000. A total of which $1,365,000 which the plaintiff asks for reparations as loss of income.

37. As a proximate result of these numerous and substantial constitutional violations by the defendants, the plaintiff has endured great pain and suffering from the trauma of these incidents, harm to his reputation and difficulties arising from a disability due to the injuries caused from the defendants actions and from unlawful seizure of his person. Since these complaints about defendants were over a period of time and on different occasions, since no medical aid was given at the time of the injuries, or between the injuries, compensation falls upon each of the defendants. For reparations for general, emotional and dignitary harms intentionally inflicted upon the plaintiff, the plaintiff asks for an amount $1,000,000 from each the defendants, with the exceptions of City of Jacksboro being $250,000 and Rick Woodward for $250,000. (RST§46(1), RST§35, RST§18, TCA1§17, USC Art4§2(1), Art6(2), and 4th, 5th, 6th, 7th, 14th Amendments)

38. As the defendants actions, and each of them, were premeditated with reckless regard to clearly established constitutional rights and since further actions by the defendants were taken attempted to hide their misdeeds and even to repeat them, and given the numerous actions, judgments and settlements made against the defendants for like actions, the plaintiff asks that the substantial punitive damages against each of the defendants in such an amount guaranteed to deter each of defendants from such misdeeds in the future (RST§479).

39. The plaintiff asks for the removal of charges made against him by the officers and the cases that were joined by the Campbell County Session's Court and records of evaluations at Lakeshore Mental Health Institute and Ridgeview to be suppressed and expunged.

40. The plaintiff asks the court that the defendants be enjoined from future violations of this Plaintiff's and other citizens' constitutional rights and in this plaintiff's case, an order of protection against these individual defendants.

41. That the plaintiff have such other, further and general relief to which he may show himself entitled.

WHEREFORE, plaintiff asks the federal court for justice and to uphold and maintain his constitutional rights, also for reparations for his loss, mental and physical suffering, together with the cost of this action.

March 9, 2005
Date

Rustin S. Jackson
Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN, 37757
(423)494-7163

## Tennessee Constitution
### Article 1. Section 2: Doctrine of nonresistance condemned.
That the government being instituted for the common benefit, the doctrine of non-resistance against arbitrary power and oppression is absurd, slavish and destructive of the good and happiness of mankind.

### Article 1. Section 7: Unreasonable searches and seizures – General warrants.
That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; an that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

### Article 1. Section 8: No man to be disturbed but by law.
That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or by the law of the land.

### Article 1. Section 9: Right of the accused in criminal prosecutions.
That in all criminal prosecutions, the accused has the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in the prosecutions by indictment or presentment, a speedy public trail, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself.

### Article 1 Section 13: Treatment after arrest.
That no person arrested and confined in jail shall be treated with unnecessary rigor.

### Article 1 Section 17: Open courts – Redress of injuries – Suits against the State.
That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right justice administered with sale, denial, or delay. Suits may be brought against the State in such manner and in such courts and the Legislature may be law direct.

### Article 1 Section 21: No man's services or property taken without consent or compensation.
That no man's particular services shall be demanded, or property taken, or applied to public use, without consent of his representatives, or without just compensation being made therefore.

### Article 1 Section 32: Safe treatment of prisoners.
That the erection of safe and comfortable prisons, the inspection of prisons, and the humane treatment of prisoners shall be provided for.

### Constitution of the State of Tennessee. Schedule: Section 3: Oath of office mandatory.
Every Judge and every officer of the executive department of this State and every Sheriff holding over under this Constitution, shall, within twenty days after the ratification of this Constitution is proclaimed, take an oath to support the same, and the failure of any officer to take such oath shall vacate his office.

## AMERICAN LAW INSTITUTE
### Restatement (Second) of Torts §18: Battery: Offensive Contact
(1) An actor is subject to liability to another for battery if
  (a) he acts intending to cause a harmful or offensive conduct with the person of the other or a third person, or an imminent apprehension of such a contact, and
  (b) an offensive contact with the person of the other directly or indirectly results.

### Restatement (Second) of Torts §21: Assault
(1) An actor is subject to liability to another for assault if
  (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
  (b) the other is thereby put in such imminent apprehension

### Restatement (Second) of Torts §46: Outrageous conduct causing severe emotional distress
(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject o liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

### Restatement (Second) of Torts § 315. General Principle
There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
  (a) a special relationship exist between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
  (b) a special relationship exists between the actor and the other which gives the other a right to protection.

### Restatement (Second) of Torts § 322. Duty to Aid Another Harmed by Actor's Conduct
If the actor knows or has reason to know that by his conduct, whether tortuous or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm.

### Restatement (Second) of Torts § 479: Last Clear Chance: Helpless Plaintiff
A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby it, immediately preceding the harm,
  (a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and
  (b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he
    (i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or
    (ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

### Restatement (Third) of Torts §1: Intent.
A person intentionally causes harm if the person brings about that harm either purposefully or knowingly.
  (1) Purpose. A person purposefully causes harm if the person acts with the desire to bring about that harm.
  (2) Knowledge. A person knowingly causes harm if the person engaged in action knowing that harm is substantially certain to occur.

### Restatement (Third) of Torts: General Principles §12 Statutory Violations as Negligence Per Se
An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statue is designed to protect.

## United States Constitution

**Article IV. Section 2 Clause 1**: The Citizens of each state shall be entitled to all Privileges and Immunities of Citizens in the several States.

**Article VI Clause 2:** This constitution and the laws of the United States which shall be made in Pursuance there of; and all Treaties made, or which shall be made, under Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, and Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

### Amendment IV [1791]
The right of the people to be <u>secure in there persons</u>, houses, papers, and effects, <u>against unreasonable searches and seizures, shall not be violated</u>, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

### Amendment V [1791]
No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time or War or public danger; <u>nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb</u>; nor shall be compelled in any criminal case to be a witness against himself, <u>nor be deprived of life, liberty, or property, without due process of law</u>; nor shall private property be taken for public use, without just compensation.

### Amendment VI [1791]
IN all criminal prosecutions, the accused shall enjoy <u>the right to a speedy and public trial</u>, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, <u>and to be informed of the nature and cause of the accusation</u>; to be confronted with the witnesses against him; to have <u>compulsory process for obtaining witnesses in his favor</u> and to have Assistance of Counsel for his defense.

### Amendment VII [1791]
Excessive bail shall not be required, nor excessive fines imposed, <u>nor cruel and unusual punishments inflicted.</u>

### Amendment XIV [1868]
**Section 1:** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. <u>No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.</u>

## Other Orders/Judgments

3:04-cv-00344 Jackson v. State of Tennessee et al

### U.S. District Court (Live Database)

### Eastern District of Tennessee

Notice of Electronic Filing

The following transaction was received from DHJ, entered on 4/6/2005 at 10:48 AM EDT and filed on 4/6/2005

**Case Name:** Jackson v. State of Tennessee et al
**Case Number:** 3:04-cv-344
**Filer:**
**Document Number:** 34

**Docket Text:**
ORDER that the court will treat pla's "Complaint for Violations of Constitutional Rights (Second Amendment)" as a motion to amend which is hereby granted. The Clerk is directed to enter the pla's motion to amend and grant such motion. Defts will have 20 days from entry of this order to respond to pla's second amended complaint. Signed by Judge Thomas A Varlan on 4/6/05. (DHJ)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1062680380 [Date=4/6/2005] [FileNumber=261697-0]
[b4f5da56ff27bc7651bc6b24515c4d8d5696d7a086038ab9dabb132ebb90f26f64e61
9ef69d634ba9df7aa038e71f4009b0654107061f7d0acb0e7c051e32c26]]

**3:04-cv-344 Notice will be electronically mailed to:**

John C Duffy    jduffy@watsonhollow.com, rtatham@watsonhollow.com

Benjamin K Lauderback    blauderback@watsonhollow.com, kmeacham@watsonhollow.com

Sarah C McBride    sarah.mcbride@state.tn.us,

**3:04-cv-344 Notice will be delivered by other means to:**

Rustin G Jackson
108 Chapman Lane
Jacksboro, TN 37757

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

RUSTIN G. JACKSON )
)
    Plaintiff, )
)
v. )
) No. #3:04-cv-344
STATE OF TENNESSEE, ET AL. ) VARLAN/SHIRLEY
)
    Defendants. )

### NOTICE OF APPEARANCE

Defendants Campbell County, Tennessee, Darrell Mongar, Dustin Rose and Billy Marlow, in their individual, hereby appear and give notice that John C. Duffy, and Watson & Hollow, P.L.C., P. O. Box 131, Knoxville, Tennessee 37901 (865) 637-1700, will be representing them in the above captioned matter.

Respectfully submitted this 14th day of January, 2005.

By:   s/John C. Duffy, BPR #010424

WATSON & HOLLOW, P.L.C.
P. O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700