CR/4913.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

FILED
2005 JUL 22 P 2: 15
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

| | |
|---|---|
| Rustin G. Jackson | ) |
| v. | ) Civil Action No. 3:04-cv-344 |
| State of Tennessee | ) |
| County of Campbell as a body politic, | ) |
| City of Jacksboro | ) |
| Darryl Mongar, Dustin Rose, | ) |
| Rick Woodward and Billy Marlow | ) |
| In their Individual Capacities et al | ) |

## PLAINTIFF'S REBUTTAL TO OPPOSITION AND RESPONSE OF DEFENDANTS DARREL MONGAR, DUSTIN ROSE AND CAMPBELL COUNTY TO PLAINTIFF'S REQUEST OF ENTRY OF DEFAULT And MOTION FOR SANCTION

Plaintiff, Rustin G. Jackson, now makes a rebuttal to the Opposition and Response of Defendants Darrel Mongar, Dustin Rose and Campbell County to Plaintiff's Request of Entry of Default;

In rebuttal to unnumbered paragraph one (1), the likelihood or unlikelyhood of Plaintiff receiving Campbell County Defendants Answer to Plaintiff's Second Amended Complaint is a moot point as there being either a signed proof of service or a returned letter, either of which should have been attached to the defendants response See e.g. Local Rules Cal (C.D.), Rule 5.8.1 (2001). If the party does not receive the green card from the recipient coinciding with the certificate of service that does not match a simultaneous certificate of service, there is no presumption that the item was received (Moya v. U.S., 35F3d 501, 504 (10th Cir1994)). As of now I can testify that I haven't received Campbell County Defendants Answer to Complaint for Violations of Constitutional Rights (Second Amendment) nor have I received any following copies of such an answer, nor are any such documents waiting at the local post office. Indeed, there are Sanctions for Failure to Serve (Rules for Serving Documents 1.D§9) if a lawyer certifies that a document was served when it was not, pursuant FRCP 11, 28 U.S.C§1927.

In rebuttal to unnumbered paragraph two (2), the Plaintiff did make a verbal inquiry to the clerk of court of the United State District Court as to proceeding with the Entry of Default and the sustainability of the Default itself, whereby the clerk directed the plaintiff to the Entry of Default Forms. In all likelihood, the Clerk had not received the Answer from Billy Marlow, but as the Plaintiff had not received an answer from any of the Campbell County Defendants, it was assumed that none had answered. A motion of appearance is not a defensive move that will prevent the entry of default U.S. v. 51 pieces of Real Prop., 17 F.3d 1306, 1314 (10th Cir.1994);FRCP 55(a).

In reply to unnumbered paragraph three (3), the plaintiff was unaware of Key Bank v. Tablecloth Textile Co., 74 F.3d 349, 353 (1st Cir.1996) and that the defaulting party has indicated to the moving party a clear purpose to defend the suit. Thereby entitled to notice of the application for default judgment, though plaintiff was unaware as to what precedent defendant is entitled to notice of entry of default as the clerk is not required to give notice of the entry of default (Hawaii Carpenters' Trust, 794 F.2d at 512), but now is glad you were notified and Plaintiff looks forward to reading the Campbell County Defendant's Answer to Complaint for Violation of Constitution Rights (Second Amendment) and would be happy to notify the Defendants of Application of Default Judgment.

Plaintiff asks the court to sanction the Campbell County Defendants in the case of Failure to Serve or Failure to Answer to ensure the proper and just outcome of this proceeding and to proceed with Entry of Default of Billy Marlow and other Campbell County Defendants as applicable.

_____
Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN 37757
423-494-7163

Certificate of Service

I here by certify that on the 21st day of July, 2005, a true and exact copy of this PLAINTIFF'S REBUTTAL TO OPPOSITION AND RESPONSE OF DEFENDANTS DARREL MONGAR, DUSTIN ROSE AND CAMPBELL COUNTY TO PLAINTIFF'S REQUEST OF ENTRY OF DEFUALT and MOTION FOR SANCTION in Civil Action No: 3:04-CV-344 has been forwarded by first class mail, postage prepaid to the parties indicated.

    Clerk of Court
    United States District Court
    Knoxville Division
    800 Market Street, Suite 130
    Knoxville TN, 37902

    John C. Duffy
    Watson & Hollow, PLLC
    P.O. Box 131
    Knoxville, TN 37901

*[signature]*
Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN, 37757
423-494-7163



Case 3:04-cv-00344-TAV-CCS    Document 52    Filed 07/22/05    Page 4 of 4    PageID #: 35