

FILED
2005 NOV 21 P 3:56
U.S. DISTRICT COURT
EASTERN DIST. TENN.
DEP. CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE**

| | | |
|---|---|---|
| **Rustin G. Jackson** | ) | |
| **v.** | ) | **Civil Action No. 3:04-cv-344** |
| **State of Tennessee** | ) | **Judge Varlan** |
| **County of Campbell as a body politic,** | ) | |
| **City of Jacksboro** | ) | |
| **Darryl Mongar, Dustin Rose,** | ) | |
| **Rick Woodward** | ) | |
| **In their Individual Capacities et al** | ) | |

**PLAINTIFF'S EVIDENCE FOR SUBMISSION**

Now Plaintiff Rustin G. Jackson appears to submit evidence to be used in this case:

List of Evidence as submitted (numbers indicate page number of numbered document):

1 Campbell County Session Court CM149133 Docket History.

2 Court Sheet CM149133 Campbell County Session Court
Documents (1-2) show Defendants scheduling conflicts with forensics evaluations and court appearance dates. (Violating the 5th and 6th Amendments and then using the missed evaluations as reason for NGRI). Same documents are evidence supporting further claims of violations of speedy trail in said amendment rights. Also shows requests for Subpoenas for witness Linda Chapman which the Campbell County Sheriff's Deputies refused served.

3 Demand for Dismissal due to Lack of Speedy Trail
April 19 2004, filed by Rustin G. Jackson in Campbell County Session Court.

4 Demand for Speedy Trail
Documents submitted by Plaintiff Rustin G. Jackson, motions for Speedy Trail submitted Pro Se at the time by Rustin G. Jackson on July 1, 2004.

5 Letter from Gloria Lee,
Written June 21, 2004 Public Defender stating that regulations for Speedy Trail had not been met.

6. Letter to Gloria Lee from Carolyn Jackson, August 2, 2004 who had located eye witness Linda Chapman. In the upper right hand corner, is the hand written note August 4, 2004; where Ms. Lee had interviewed Ms. Chapman, sustaining that the Defendants Darrel Mongar and Dustin Rose had continued to assault Mr. Rustin Jackson while he was handcuffed and incapacitated.

7. Order for Release

Order from Judge Sexton, releasing Rustin G. Jackson from the Lake Shore Evaluation after 60 days on October 30, 2004. Written the 27th day of October

8. Lake Shore's Request for Mr. Jackson's Release

Letter From Deborah Ingle, to Judge Sexton, Michael Ripley, Charles Herman, Sylvia Whaley and Forensic Services specifying the completion of the evaluation and that Mr. Jackson was psychiatrically stable, and requesting his release for October 30, 2004 after the minimum 60 days.

9. Waiver

Evidence of Forgery as Plaintiff did not sign this document, and refused to sign this document when suggested to by hired attorney R. Keith Hatfield. Mr. Hatfield had said that he had conferred with the court and as long as there were no further incidents within a specified amount of time the charges would be dropped and the record expunged.

10-12. Campbell County Sessions CM143843

Shows violations of 5th and 6th Amendment, where Mr. Rustin Jackson was apparently convicted without trail (never even been informed of either conviction or sentencing), then introduced into double jeopardy when this case was retried in 2004, also evidence of several fees and fines such as drug tests and fingerprinting that never took place. Where the money of such fees and fines came from is questioned as Mr. Rustin G. Jackson was never notified. Court dates not attended, had no glass pipe or bag of substance

13. Bill from Ridgeview (used as medical expenses to determine damages)

Bill sent on 6/30/2004 which was received by Mr. Rustin G. Jackson by Ridgeview Psychiatric Hospital for Forensic evaluations.

14. Bill from Lake Shore Mental Hospital

(used as medical expenses to determine damages) Sent 22-Nov-04

15. Page from Lake Shore Report

Page from admittance showing where patient is allergic to Zyprexa which was prescribed during first visit, during admittance Mr. Jackson refuses any further medication and admitting staff agrees as they have seen no need and his allergic reactions have shown dangerous side effects of the previously prescribed medication. 8/30/04

16. Page from Lake Shore Evaluation Report

Page showing unresolved effects from closed head injury upon final evaluation, stating that any questions involving Mr. Rustin G. Jackson Cognitive or Psychotic states are Moot, also final evaluation evidential of concussion syndrome caused by direct actions of the Defendants. Also not the large amounts of medication prescribed and enforced by decision of review committee requested by Dr. Malikal by the Lake Shore Tennessee State Hospital.

17. Insurance records.
Medical Expenses deriving from the concussion syndrome caused by blows to the head by the Defendants, and subsequent Negligence while in their care and allergic reactions of medication which Mr. Jackson was both injected with and orally ingested "as prescribed" during his stay at Lake Shore.

18. Medical Expenses – Primary Care

19. Letter From Ridge View – Ms Janet Kitts. Date unknown
Specifying that Mr. Jackson is attending Adult Rehabilitation services, including basic education in living skills, reading comprehension and mathematics in hope of recovery from is closed head injury.

20-22. Corner Stone Ridgeview Outpatient Services (Medical Expenses)

23. Photographs
Visible injuries to Mr. Rustin Jackson's knee caused by Defendants Dustin Rose and Darrel Mongar taken by Rustin Jackson on March 31, 2004 after his release from Campbell County Jail.

24. Letter on 10/31/03 to Keith Hatfield
(mislabeled to Michael Hatmaker when I looked up address in phone book, probably sent to Michael Hatmaker as well, also a local attorney) Specifying my worries and suspicions of rumors and activities occurring.

25. Letter on 3/25/03 to Volunteer Times
Letter to local newspaper to which I later freelanced photographs, from myself when after being stopped several time of with no cause thought I better start having a voice in the matter, showing early evidence of a pattern.

26. Letter to Governor.
Letter sent on 4/10/2003 to Governor Bredesen from Rustin G. Jackson, indicating a continuing pattern of harassment

27. Bridging Ex Parte Order of Protection
Filed By Leanna Mongar against Darrell Mongar, in Forth Circuit Court Knox County Tennessee on October 27, 2004.

28-29. Excerpts from Item Order of Protection evidence listed on page 27.
Available from the Fourth Circuit Knox County Court. NB: Guns present

* the following were previously submitted*


30. Inspection Report of Campbell County Jail
    Inspection made on 03/18/04 by the Tennessee Corrections Institute, previously
    submitted on July 8th, 2005 attached to Rustin Jackson's Response to Jacksboro's Answer
    to Second Amended Complaint.  *Not attached here*

40. Letter of Social Security Disability Benefits
    Letter sent by Social security office manager Ms Bee.  Date unknown.  Attached to
    Response to State of Tennessee & Rick Woodward 2nd Answer.


November 5, 2005                          Rustin G. Jackson
                                          108 Chapman Lane
                                          Jacksboro TN 37757
                                          423-494-7163
                                          rustingjacks@comcast.net

**Rustin G. Jackson**

**From:** "Rustin G. Jackson" <rustingjacks@comcast.net>
**To:** "Rustin G. Jackson" <rustingjacks@comcast.net>; <dawn.jordan@state.tn.us>; <johncduffy@bellsouth.net>; <blauderback@watsonhollow.com>
**Sent:** Saturday, November 05, 2005 10:47 PM
**Subject:** PLAINTIFF'S EVIDENCE FOR SUBMISSION (3:04-cv-00344)

**Certificate of Service**
**( 3:04 CV-00344)**

I, Plaintiff Rustin G. Jackson, hereby certify that on the 7th day of NOVEMBER, 2005, a true and exact copy of this

**PLAINTIFF'S EVIDENCE FOR SUBMISSION**

in Civil Action No: 3:04-CV-00344 has been forwarded by first class mail, postage prepaid to the parties indicated.

Clerk of Court
United States District Court
Knoxville Division
800 Market Street, Suite 130
Knoxville TN, 37902

I, Plaintiff Rustin G. Jackson, hereby certify that on the 5th day of NOVEMBER, 2005, a true and exact copy of this

**PLAINTIFF'S EVIDENCE OF SUBMISSION**

in Civil Action No: 3:04-CV-00344 has been forwarded by electronic means (e-mail) to the parties indicated.

Dawn Jordan dawn.jordan@state.tn.us

John C. Duffy johncduffy@bellsouth.net

Benjamin K Lauderback blauderback@watsonhollow.com

Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN, 37757
423-494-7163
rustingjacks@comcast.net

...titioner is in immediate and present danger of abuse by respondent.

Petitioner's minor child(ren) is/are in immediate and present danger of abuse by respondent? [✓] yes [ ] no [ ] not applicable.

[✓] 9. Petitioner needs support for the parties' minor child(ren).

[ ] 10. Petitioner needs support for the petitioner.

[ ] 11. Respondent refuses to leave the parties' residence.

*For paragraphs 9 through 11, check only the paragraphs that apply.*

____ Respondent is the sole owner or lessee of the parties' residence.

____ Respondent is not the sole owner or lessee of the parties' residence.

*If you checked paragraph 11, please check one of the options.*

[ ] 12. Petitioner or Respondent has filed for a divorce, in __________ court, docket # ______.

[ ] 13. There [✓] are [ ] are not pets in the household (now or in the past twelve months). These pets [✓] have [ ] have not been threatened with harm, or injured by, the Respondent. Names of pets, and what happened:

everytime the cat came into the house Darrell would sling the cat across the yard as far as he could

**WHEREFORE, PETITIONER PRAYS:**

1. That an ex parte Order of Protection, as provided for in Tenn. Code Ann. §36-3-605, be immediately issued, directing the respondent to refrain from committing domestic abuse, or threatening to commit domestic abuse, against the petitioner or the petitioner's minor child(ren); and (check if desired):

[✓] prohibiting the respondent from coming about the petitioner for any purpose;
[✓] prohibiting the respondent from telephoning, contacting or otherwise communicating with the petitioner, directly or indirectly;

and prohibiting the respondent from stalking the petitioner, as defined in Tenn. Code Ann. §39-17-315; and that the copies of said order be served upon the respondent and filed with the local law enforcement agency;

2. That a hearing in this cause be set within fifteen days pursuant to Tenn. Code Ann. §36-3-605, and that notice of said hearing be served upon respondent with the Order of Protection;

3. That upon a hearing of this cause, petitioner be granted an extended Order of Protection for one year;

**(For paragraphs 4 through 8, check only the paragraphs that apply.)**

✓ 4. That upon the hearing of this cause, petitioner be awarded temporary custody of the parties' minor child(ren);

____ 5. That upon the hearing of this cause, respondent be ordered to pay reasonable support for petitioner;

✓ 6. That upon the hearing of this cause, respondent be ordered to pay reasonable support for parties' child(ren);

____ 7. That upon the hearing of this cause, exclusive possession of the parties' residence be awarded to petitioner or that respondent be ordered to provide alternative housing for petitioner;

✓ 8. That respondent be directed to attend available counseling programs that address violence and control issues or substance abuse problems;

9. That respondent pay the costs and litigation tax of this cause;

10. For general relief.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY PROCESS IN THIS CAUSE

(Check ONE of the following if custody of minor child(ren) is involved:)

✓ The health, safety, or liberty of the petitioner and/or the parties' minor child(ren) would be jeopardized by disclosure of identifying information.

OR

____ The child(ren)'s present address is __________

The child(ren) has/have lived at the following address(es) for the past five years:

1000 Chestnut Stump Rd Lafollette TN 37766

AND

____ The names and addresses of the persons with whom the parties' minor child(ren) has/have lived during the last five years are:

4. (Check ONE of the following if custody of minor child(ren) is involved:)

✓ Petitioner is not aware of any prior or pending actions concerning the custody of the parties' minor child(ren) in this or any other State.

OR

____ Petitioner is aware of the following prior or pending actions concerning the custody of the parties' minor child(ren) in this or any other State:

5. (Check ONE of the following if custody of minor child(ren) is involved:)

✓ Petitioner does not know of any person not a party to this proceeding who has physical custody of the parties' minor child(ren) or claims rights of custody or visitation with the parties' minor child(ren).

OR

____ Petitioner knows of the following person(s) who have physical custody of the parties' minor child(ren) or claim rights of custody or visitation with the parties' minor child(ren):

6A. I have presented the matters in this complaint to the Attorney General of Knox County and/or to a Judicial Magistrate:
[ ] yes [✓] no. The case was heard/is set for hearing as a criminal matter on the ____ day ________ 20__.

6B. Respondent has abused and/or threatened to abuse petitioner.

**Write below what happened, including the when and the where.** You must: I. Use name of other person ("Tom") and pronouns "I" or "me" to refer to yourself. ("Tom hit me.") Do not say "petitioner" or "respondent." Do not say "Tom hit Nancy." II. Say it plainly. ("Nancy cut my hand." Not: "My hand was cut by Nancy.") III. Do not use summing-up terms like "abuse," "violence," "threats." Say what happened. Say the words used, not what you think the behavior or the words add up to.

8/24/04 Darrell picked me up and threw me out of the house. I've been in Knox Co. ever since I am afraid to go back to Campbell County. Darrell told me that he'd kill me and Seth, our 2 yr old. 9/21/04 Darrell came to Knox Co. & sat watching me in the yard. Darrell did that to intimidate me. 9/23/04 I went to see my 2 yr old Darrell is keeping him from me. Darrell repeatedly slammed my arm in the front door causing several bruises. There's a long history of violence with Darrell. Darrell has hurt me and my son Jacob. I am afraid of Darrell for myself & my sons.

**IF MORE SPACE IS NEEDED ASK FOR ADDITIONAL PAGE (DO NOT WRITE IN THE BACK OF THIS PAGE)**

Revision [illegible] Page 2 of 4

CASE DOCKET HISTORY-02 CAMPBELL CO. SESSIONS COURT FEB 16, 2005 Page:

| | | | |
|---|---|---|---|
| Case Number | CM149133 | | Disposition Date |
| Case Class | CRM | RUSTIN GORDON JACKSON | 8,30,2004 |

| | | | | | |
|---|---|---|---|---|---|
| Reference | 109 | Dock Type | N | Action Code | |
| Case Type | M | Judge Code | 08GC | ************************** | |
| Case Source | O | ************************** | | D1 | ASSAULT |
| Filing Date | 7,25,2003 | Status | N | D2 | DOMESTIC VIOL |
| Reopen Date | 0 | | | D3 | |

| | |
|---|---|
| Type of Filing | PII |
| Birth Date | 0 |
| Soc Security # | 0 |
| Arrest Officer | BOLTON LARRY |

*** ******************************

| | |
|---|---|
| Offense Date | 7,24,2003 |

->PARTIES<-

| Type | Name/Comments | | | Attorneys |
|---|---|---|---|---|
| B001 | RUSTIN GORDON JACKSON | | 0 | |

->RULE ENTRIES<-

| Rule Date | Cde | Description | Sched Date | Comment |
|---|---|---|---|---|
| 7,25,2003 | 118 | BOND FILED | | R JACKSON |
| 7,28,2003 | 104 | SCH. COURT HEARING | 8,26,2003 | 3:30 |
| 8,21,2003 | 372 | SUBPOENA ISSUED | | JESSICA JACKSON |
| 8,26,2003 | 104 | SCH. COURT HEARING | 10,07,2003 | 12:00 |
| 8,27,2003 | 376 | SUBPOENA RET/NS | | JESSICA JACKSON |
| 9,02,2003 | 354 | MOTION | | DISMISSAL |
| 10,06,2003 | 375 | SUBPOENA RET/S | | JESSICA JACKSON |
| 10,07,2003 | 104 | SCH. COURT HEARING | 12,09,2003 | 2:20 |
| 10,17,2003 | 161 | ORDER | | MENTAL EXAM |
| 10,20,2003 | 573 | NOTE | | DEMAND/SPEEDY TRIAL |
| 10,20,2003 | 573 | NOTE | | DEMAND/DIS./INSPEC. |
| 11,03,2003 | 573 | NOTE | | SEE LETTER IN FILE |
| 12,04,2003 | 651 | DEMAND FOR DISMISSAL | | WITH PREJUDICE |
| 12,04,2003 | 372 | SUBPOENA ISSUED | | JESSICA JACKSON |
| 12,08,2003 | 375 | SUBPOENA RET/S | | JESSICA JACKSON |
| 3,30,2004 | 104 | SCH. COURT HEARING | 5,04,2004 | 3:30 |
| 4,14,2004 | 161 | ORDER | | DIRCET.MENTAL EXAMINA |
| 4,27,2004 | 104 | SCH. COURT HEARING | 5,25,2004 | 4:10 |
| 5,25,2004 | 104 | SCH. COURT HEARING | 7,20,2004 | 1:10 |
| 7,20,2004 | 104 | SCH. COURT HEARING | 8,10,2004 | 3:20 |
| 7,21,2004 | 658 | DEMAND | | FOR DISMISSAL |
| 7,26,2004 | 372 | SUBPOENA ISSUED | | LINDA CHAPMAN |
| 8,10,2004 | 104 | SCH. COURT HEARING | 8,30,2004 | 1:00 |
| 8,10,2004 | 376 | SUBPOENA RET/NS | | LINDA CHAPMAN |



**WAIVERS**

Waiver for Trail on the Merits (Misdemeanor)
The defendant, after being fully advised by the Court of his right to be tried only upon indictment or presentment by a Grand Jury, his right to a preliminary hearing before indictment, and his right to a trial by a jury of peers, hereby waives those rights and requests that the Judge hear his case on the merits and set an appropriate sentence if found guilty. The State joins in this requests for the purpose of waiving its rights to a jury trial.

Preliminary Examination
DEFENDANT, ______ hereby expressly waives in writing his/her right to a preliminary hearing.

DEFENDANT

JUDGE

Right to Counsel
DEFENDANT, ______ after being fully advised of his/her right to the aid of counsel in every stage of the proceedings, and further having been advised that if necessary an attorney will be appointed to represent the dependent, hereby waives his/her right to counsel.

DEFENDANT

JUDGE

DATE ______ 20__

ATTORNEY - CHECK IF COURT APPOINTED
PD
ATTORNEY

Defendant having failed to appear, an Attachment or Alias Arrest Warrant is hereby ordered.
Failure to Appear:
Defendant having failed to appear in Court, a conditional forfeiture of defendant's bail and a capias for his arrest is hereby ordered. Bail is set at ______ 20__

8/10/04 3:20
Court
DOCKET NO. CM149133 PAGE NO.
STATE OF TENNESSEE
VS.
8/30/04 1:00
Rustin G. Jackson
DEFENDANT
CHARGE Assault, Domestic Violence

ISSUED THIS 25th DAY OF July 2004
Brenda & Bosheim CLERK
By Dee ... D.C.
JUDGE, COMMISSIONER, CLERK

INITIAL APPEARANCE DATE
7/20/04 1:10 AM PM
BOND FIXED AT $
SECURED BY
CONTINUED 8-26-03 3:30pm
CONTINUED PH 10/7/03 12:00
RETURN OF SERVICE
EXECUTED AS COMMANDED BY THE ARREST OF THE DEFENDANT
PH 12/9/03 2:20
for mine forensic evaluation
THE BELOW DEFENDANT(S) ARE NOT TO BE FOUND IN THIS COUNTY
5/4/04 3:30
DATE ______ 20__
5/25/04 4:10
OFFICER

JUDGEMENT
Judgement that the defendant be:
☐ Dismissed and costs taxed to ______
☐ Fined $ ______ and costs on a plea of ______
☐ Driving privilege or suspended for ______
☐ Defendant having failed to appear on the date set for trial, a forfeiture of cash bond is hereby ordered.
☐ Defendant having entered a plea of (guilty) (not guilty), was found by the Court of the following offenses, ordered to pay the Court costs and sentence as indicated:

Offense | Fine | Confinement | Rel. Elig.

☐ Confinement, except ______ (days) is suspended upon the defendant good behavior, payment of fine and court cost, and
☐ Sentencing is reserved and is to be determined on ______ 20__
☐ Bound over and held to the Grand Jury of ______ County.
Bail Bond set at $
☐ Waived preliminary hearing, bound over and held to the Grand Jury
Bail Bond set at $
Adjudicated in Criminal Court of Campbell Co. 8/26/04
JUDGE
DATE 8/30 20 04
Cost
Fine $
Costs $
Total Fine & Cost $

DATE: 7-21 2004 TIME 11:55 AM
GENERAL SESSIONS COURT--CAMPBELL COUNTY
BOBBY W. VANN CLERK
DEP. CLERK (D.C.)

STATE OF TENNESSEE

Plaintiff,

VS.

Defendant

RUSTIN. G. JACKSON

**DEMAND FOR DISMISSAL**
**DUE TO LACK OF A SPEEDY TRAIL**

Case No: CM149133, CM150714

---

TO: General Sessions
Main Street
Jacksboro, TN 37757

The defendant, reserving his right to challenge the court's jurisdiction, demands a dismissal due to lack of a speedy trail. The demand is made pursuant to the 5th and 6th Amendments to the United States Constitution and section 2902 of title 28 of the United State Code.

Dated this 1 day of July, 2004

Rustin G. Jackson

STATE OF Tennessee

Plaintiff,

DEMAND FOR
A SPEEDY TRAIL

VS.

Defendant
Rustin G Jackson

Case No: CM 149133, CM 150714

TO.

The defendant, reserving his right to challenge the court's jurisdiction, demands a speedy trail. The demand is made pursuant to the 5th, 6th, and 14th Amendments to the United States Constitution and section 2902 of title 28 of the United State Code.

Dated this 19 day of April, 2004

Rustin G Jackson

DISTRICT PUBLIC DEFENDER'S OFFICE
EIGHTH JUDICIAL DISTRICT
STATE OF TENNESSEE

MARTHA YOAKUM
DISTRICT PUBLIC DEFENDER

COUNTIES:
CAMPBELL
CLAIBORNE
FENTRESS
SCOTT
UNION

DISTRICT OFFICE:
POST OFFICE BOX 366
TAZEWELL, TENNESSEE 37879
(423) 626-7705
FAX 626-7235

JACKSBORO OFFICE:
POST OFFICE BOX 337
JACKSBORO, TENNESSEE 37757
(423) 566-5406
FAX 566-2287

June 21, 2004

Mr. Rustin Jackson
108 Chapman Lane
Jacksboro, TN 37757

Re: Your Case No. CM150714, CM 149133, General Sessions Court

Dear Mr. Jackson:

I have received your letter dated June 18, 2004 and this is my response.

First, as far as the speedy trial you had requested, that was not feasibile due to the fact that you was going through the procedure of being evaluated and that took some time to do. I have enclosed a copy of the finding of Lakeshore as to the status of your competency to stand trial. As it states in the letter, you can use the insanity defense if you should proceed to trial.

Second, discovery is not produced by the State until the case is set for trial, which in your case it has not been. You have not yet had a preliminary hearing. Your hearing is now scheduled for July 20, 2004 at 1:10 PM. You will need to be in court at 12:10 PM which is one hour earlier than your prelim is set for. If you have a preliminary hearing and your case is bound over to the Grand Jury, then that will be in October. If you are indicted then your case will be set for trial, we can, at that point, request discovery in your case. Of course, there is also the possibility that your charges could be dismissed all or in part.

We will talk with you on your court date. However, if you wish to schedule an appointment to discuss these matters prior to your court date, then please call this office and do so.

If you have any other questions or concerns regarding this matter please call our office.

Yours truly,
Gloria Lee
GLORIA LEE
INVESTIGATOR
Enclosure

Attachment 4 of 5

Case 3:04-cv-00344 Document 1-2 Filed 01/11/2005 Page 5 of 5

– 8/4 [illegible] want to get [illegible] hit him after handcuffed & she told them to stop. Police did come talk to her –

Aug 8, 2004

Mr. Hermon

Linda Chapman Cell phone # 494-0128

new address 81 carriage place
clinton tenn.
Home – phone # 865-463-7819
7196

was interviewed by the police after she saw Rustin Jackson being beaten by the police on Londment Rd. she stated she went out of her mobile home and asked them to stop beating on him for fear of his life as he was already on the ground.
she wrote a statement that apparently is now missing from the report.
Thank you for your attention to this matter.

Carolyn Jackson

attachment 5 of 5



IN THE CRIMINAL COURT FOR CAMPBELL COUNTY, TENNESSEE

FILED
CRIMINAL COURT—CAMPBELL COUNTY, TN
DATE Oct. 29, 2004 TIME 9:45 A.m.
BOBBY W. VANN, CLERK
DEPUTY CLERK

STATE OF TENNESSEE

VS. CASE NO. 12248

RUSTIN G. JACKSON

ORDER

This cause came on to be heard before the Court on October 13, 2004, and it appearing to the Court, based upon the report of Lakeshore Mental Health Institute (copy attached) that Rustin Jackson should be released upon the 60th day of his commitment, it is

THEREFORE, ORDERED that Rustin Jackson be released from Lakeshore Mental Health Institute on the 60th day of his commitment, October 30, 2004.

This the 27 day of October, 2004.

JUDGE OF THE CRIMINAL COURT

APPROVED:

ASST. DISTRICT ATTORNEY GENERAL



RECEIVED OCT 0 1 2004

STATE OF TENNESSEE
DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES
**LAKESHORE MENTAL HEALTH INSTITUTE**
5908 Lyons View Drive
Knoxville, Tennessee 37919-7598
(865) 450-5200 (865) 450-5200 fax
AN ACCREDITED PSYCHIATRIC FACILITY

**CERTIFIED MAIL**

September 28, 2004

The Honorable Shayne Sexton
Campbell County Criminal Court
241 Myers Street
P.O. Box 852
Jacksboro, TN 37757-0852

RE. State of Tennessee vs Rustin Jackson, No. 12248

Dear Judge Sexton:

Mr. Rustin Jackson was admitted to Lakeshore Mental Health Institute on August 30, 2004 by order of your court for a 60 to 90-day evaluation after being found not guilty by reason of insanity on the charges of Resisting Arrest, two counts, Destruction of Government Property, Aggravated Assault two counts, and Domestic Assault. The evaluation was ordered pursuant to T.C.A. 33-7-303(a).

After completion of the evaluation, the forensic team has determined that Mr. Jackson does not meet commitment criteria pursuant to T.C.A. 33-6-502. Furthermore, the staff determined that he does not require a forensic mandatory outpatient treatment plan pursuant to T.C.A. 33-7-303(b). Mr. Jackson is psychiatrically stable and has demonstrated a willingness and ability to remain compliant with psychiatric treatment without being required by court order to do so.

Mr. Jackson may be discharged as soon as the 60th day of his commitment but no later than the 90th day of his commitment. Please advise me by telephone either by the court, district attorney's office or public defender's office when we may discharge him.

If you have any questions or concerns, please contact me at (865) 583-8707.

Respectfully,

Deborah A. Ingle, MSSW
Forensic Coordinator

c: Michael O. Ripley, Office of the District Attorney
Charles Herman, Office of the Public Defender
Sylvia Whaley, Ridgeview Mental Health Center
Forensic Services, TDMHDD

IN THE GENERAL SESSIONS COURT OF CAMPBELL COUNTY, TENNESSEE

State of Tennessee vs. Rustin Gordon Jackson Case # CM43834

DOB: 10/28/70 Race: W Sex: M SSN: 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

**Waiver of Grand Jury Indictment and Jury Trial and Request for Acceptance of Guilty Plea**

The defendant hereby requests to enter a plea of guilty to the misdemeanor offense(s) shown on the Judgment and waives his/her right to grand jury indictment and jury trial and requests the Court to accept his/her plea and set an appropriate sentence, including any fine. The defendant understands the minimum mandatory and maximum sentences for the offense(s) to which he/she is pleading guilty and certifies that the personal statistical information is correct. The State joins in this request for the purpose of waiving its right to a jury trial.

**Right to Counsel** The defendant understands that he/she has the right to have the assistance of counsel at all stages of the proceedings and that if he/she is indigent and cannot afford one the Court would appoint an attorney to represent him/her. He/She understands that one of the advantages of being represented by an attorney is the effective preservation of the right to appeal.

**Trial Rights** The defendant acknowledges that he/she fully understands the following constitutional and statutory rights and that by pleading guilty, he/she freely and voluntarily gives up, waives, each and every one of these rights: (1) The right to plead not guilty; (2) The right to a preliminary hearing; (3) The right to indictment by a Grand Jury; (4) The right to a jury trial; (5) The right to confront and cross examine witnesses; (6) The right not to be compelled to incriminate himself/herself; and (7) The right to use the power of the Court to obtain evidence and witnesses in his/her favor and testify on his/her own behalf. The defendant understand that upon pleading guilty, the Court may ask him/her questions about the offense(s) and that answers, if under oath, on the record and in the presence of counsel, may be used against him/her in the prosecutions for perjury or false statement.

**Consequences of a Guilty Plea** The defendant understands that there will be the following consequences if he/she pleads guilty and his/her plea is accepted by the Court: (1) There will be no further trial except as to his/her sentence; (2) His/her prior convictions, if any, may be considered in determining the sentence; (3) The conviction in this case will be public record; (4) The conviction in this case may result in the defendant receiving greater punishment if he/she is later convicted of another crime, and may require, as in the case of DUI or drug offenses, a greater minimum mandatory sentence; and (5) This conviction may prohibit the defendant from future firearms possession for Domestic Violence convictions. The defendant fully understanding his/her rights and the consequences of his/her guilty plea and the resulting conviction, states that he/she is pleading guilty because he/she is guilty and committed the offense(s) to which he/she is pleading guilty, and that his/her plea of guilty is freely and voluntarily made and is not the result of force, threats or promises apart from this plea agreement.

**Sentencing Recommendations**

☒ The defendant understands that the District Attorney General or his representatives will recommend that sentence and other action set out in the Judgment upon his/her plea of guilty and the defendant requests that the Court impose that sentence under the conditions set forth.

☐ The defendant is entering his/her guilty plea without any plea agreement.

| Date | Defendant | Defense Counsel | Assistant District Attorney General |
|---|---|---|---|
| | [signature] | [signature] | [signature] |

**Waiver of Counsel** Understanding that he/she is charged with an offense which involves a possible deprivation of liberty and his/her rights to counsel as set forth above, the defendant voluntarily, knowingly and without force, coercion or promises of any kind, waives the right to court appointed counsel. He/She acknowledges that he/she has been given sufficient opportunity to retain counsel and that he/she does not wish to request court appointed counsel.

Acknowledgment: ______________________

**Judgment Order**

The defendant appeared in person with counsel or having waived counsel in writing as indicated in the waiver, having been charged in an affidavit of complaint with the crimes shown herein, and entered a plea of guilty to the offense(s) listed below. Prior to entering the plea of guilty, the defendant was advised in open court of his constitutional and statutory rights and the consequences of his/her conviction as set forth in the Waiver of Rights and Request for Acceptance of Guilty Plea. The Court has determined that the defendant's plea of guilty was made freely and voluntarily and not the result of any coercion or promises apart from the plea agreement. The court finds that the defendant is guilty of the following misdemeanors, and the Court's findings and judgment as to sentence after considering the evidence, the entire record and all the factors in Tennessee Code Annotated, Title 40, Chapter 35, all of which are incorporated by reference herein, as follows:

| Charge | Class | Fine | Confinement | Unsuspended |
|---|---|---|---|---|
| Simple Possession of a Controlled Substance | A misdemeanor | $250 | 11months – 29 days | Days |
| | | | | Days |
| | | | | Days |
| | | | | Days |

☒ Judgment deferred one year pursuant to TCA §40-35-313 subject to the defendant's good behavior and compliance with the special conditions below and the Rules of Probation.

☐ Sentences in multiple counts to be served concurrently.

☐ Sentences to be served concurrently with all prior cases.

☐ Sentences in multiple counts to be served consecutively.

☐ Sentences are to be served consecutively with all prior cases.

☐ Community service: ________ Hours.

☐ Waived due to (disability) (work) (out of county).

☐ Revocation of Driver's License: ________ years.

☐ Attendance at DUI school

☐ Completion of (in-patient) (out-patient) drug/alcohol rehabilitation program and receive jail credit therefore as provided by law.

☐ Restitution: $ ______________________

☐ (Forfeiture) (ECP Fee): $ ______________________

☒ Payment of court costs in the amount of: $ ________

☐ Probation fee: $ ________

☒ Total monetary obligation of $ ________ to be paid in the following manner: ☐ ETHRA-Supervised ☒ Other: 6/26/01

☐ Defendant found indigent and relieved of paying all monetary obligations.

☐ (Probation) (Sentencing) hearing set for ________. The defendant is subject to the Rules of Probation pending the hearing.

☒ Probation is immediately granted for a period of ____1____ year subject to the general rules of probation.

☒ By agreement of the parties and upon request of the defendant, probation shall be extended beyond the above term until all the probation/sentencing requirements are completed but no longer than the above term once the other conditions are satisfied.

☐ The defendant shall serve as a condition of probation the unsuspended sentence undiminished by any sentence credits except for pre-trial jail credit in the following manner:

☐ As per ETHRA ☐ Other: ______________________

☐ Defendant is required as a condition of probation to appear in Court at __9:00__ (a.m.)(p.m.) on __6/26/01__ and thereafter as required by the Court to review his/her compliance with the sentence requirements. The defendant and his/her sureties shall remain obligated under the present bail for such court appearances.

☒ Special conditions of probation: ☐ ETHRA-Supervised ☐ Other: ______________________

☐ Shall not assault or attempt to assault any of the following persons: ____

```
CE DOCKET HISTORY-02 CAMPBELL CO. SESSIONS COURT          FEB 16, 2005 Page:  1
================================================================================
Case Number|CM143834  |                                 | Disposition Date
Case Class |CRM       |RUSTIN GORDON JACKSON            |    5,22,2001
--------------------------------------------------------------------------------
Reference  |109         Dock Type |N                   Action Code|
Case Type  |M           Judge Code|                    *************************
Case Source|O           ************************* D1|POSS SCH VI
Filing Date| 1,30,2001  Status    |                    D2|POSS DR PARAPH
Reopen Date|         0                                 D3|
--------------------------------------------------------------------------------
Type of Filing |PII
Birth Date     |10,28,1970
Soc Security # |403,96,6745
Arrest Officer |MONGAR DARR
*** ******************************
Offense Date    | 1,27,2001
--------------------------------------------------------------------------------

->PARTIES<-
================================================================================
Type|          Name/Comments             |          |         Attorneys
================================================================================
B001|RUSTIN GORDON JACKSON               |         0|
--------------------------------------------------------------------------------

->RULE ENTRIES<-
================================================================================
 Rule Date|Cde|          Description           |Sched Date|       Comment
================================================================================
 1,30,2001|104|SCH. COURT HEARING              | 2,05,2001|1300
 2,05,2001|104|SCH. COURT HEARING              | 4,10,2001|900              X
 4,03,2001|104|SCH. COURT HEARING              | 5,08,2001|0900
 5,08,2001|104|SCH. COURT HEARING              | 5,22,2001|0900
 5,22,2001|104|SCH. COURT HEARING              | 6,21,2001|0900
 8,10,2004|104|SCH. COURT HEARING              | 8,30,2004|1:00
--------------------------------------------------------------------------------

->TEXT<-
================================================================================
05/22/01

fine 250.00 plus cost for simple possession controlled substance confinement
11/29 pay in full by 6/26/01
dismiss drug para

--------------------------------------------------------------------------------

->BILL OF COST<-
================================================================================
Part|         Payable To           | Due Date |F|Pay Amt  |Assess Amt |Paid-To-Dat
================================================================================
    |CRIMINAL CASES @ 28.50        |         0|O|    0.00      28.50       28.50
    |STATE CICA                    |         0|O|    0.00      26.50       26.50

Case#:CM143834-                                     vs RUSTIN GORDON JACKSON
```

... compliance with the sentence requirements. The defendant and his/her sureties shall remain obligated under the present bail for such court appearances ... as required by the ...

☒Special conditions of probation: ☐ETHRA-Supervised ☐Other

☐Shall not assault or attempt to assault any of the following persons:

B DOCKET HISTORY 02 CAMPBELL CO. SESSIONS COURT FEB 16, 2005 Page: 2

| Case Number | CM143834 | | Disposition Date |
|---|---|---|---|
| Case Class | CRM | RUSTIN GORDON JACKSON | 5,22,2001 |

-->BILL OF COST<--

| Part | Payable To | Due Date | F | Pay Amt | Assess Amt | Paid-To-Dat |
|---|---|---|---|---|---|---|
| | SALARY FOR GS JUDGE | 0 | 0 | 0.00 | 6.00 | 6.00 |
| | SHERIFF'S PATROL CARS | 0 | 0 | 0.00 | 6.00 | 6.00 |
| | CO LIT TAX SPEC. PURP/SB | 0 | 0 | 0.00 | 1.50 | 1.50 |
| | CO. PRIV. TAX | 0 | 0 | 0.00 | 18.50 | 18.50 |
| | CLERK'S FEE | 0 | 0 | 0.00 | 27.00 | 27.00 |
| | FINGERPRINTING TAX | 0 | 0 | 0.00 | 1.00 | 1.00 |
| | TBI DRUG TEST LAB FEE | 0 | 0 | 0.00 | 20.00 | 20.00 |
| | JAIL FEE | 0 | 0 | 0.00 | 8.00 | 8.00 |
| | COUNTY DRUG FINES SHERIFF | 0 | 0 | 0.00 | 250.00 | 250.00 |
| | SHERIFF'S ARREST FEE | 0 | 0 | 0.00 | 15.00 | 15.00 |

Unpaid Balance of Assessed Amount- .00

-->RECEIPTS<--

| Rct # | Rct Date | T | Received From/Payable To | H | Amount | Ck # | Ck/Ef Date |
|---|---|---|---|---|---|---|---|
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 26.50 | 0 | 0 |
| | | P | 00106STATE CICA | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 1.00 | 0 | 0 |
| | | P | 00126FINGERPRINTING TAX | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 28.50 | 0 | |
| | | P | 00127CRIMINAL CASES @ 28.50 | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 6.00 | 0 | |
| | | P | 00201SALARY FOR GS JUDGE | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 1.50 | 0 | |
| | | P | 00203CO LIT TAX SPEC. PURP/SB | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 18.50 | 0 | |
| | | P | 00204CO. PRIV. TAX | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 15.00 | 0 | |
| | | P | 00206SHERIFF'S ARREST FEE | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 8.00 | 0 | |
| | | P | 00210JAIL FEE | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 250.00 | 0 | |
| | | P | 00213COUNTY DRUG FINES SHERIFF | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 6.00 | 0 | |
| | | P | 00222SHERIFF'S PATROL CARS | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 27.00 | 0 | |
| | | P | 00299CLERK'S FEE | CA | | | |
| 35181 | 5,22,2001 | V | RUSTIN GORDON JACKSON DIDN'T PA | | 20.00 | 0 | |
| | | P | 00405TBI DRUG TEST LAB FEE | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 26.50 | 49248 | 6,29,2001 |
| | | P | 00105STATE CICA | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 1.00 | 49248 | 6,29,2001 |
| | | P | 00126FINGERPRINTING TAX | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 28.50 | 49248 | 6,29,2001 |
| | | P | 00127CRIMINAL CASES @ 28.50 | CA | | | |

Case#:CM143834- vs RUSTIN GORDON JACKSON

... with the sentence requirements. The defendant and his/her sureties shall remain obligated under the present bail for such court appearances
☒ Special conditions of probation: ☐ ETI-IRA-Supervised ☐ Other

E DOCKET HISTORY 02 CAMPBELL CO. SESSIONS COURT FEB 16, 2005 Page: 3

Case Number CM143834 | RUSTIN GORDON JACKSON | Disposition Date 5,22,2001
Case Class CRM

-->RECEIPTS<-

| Rct # | Rct Date | T | Received From/Payable To | H | Amount | Ck # | Ck/Ef Date |
|---|---|---|---|---|---|---|---|
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 6.00 | 49249 | 6,29,2001 |
| | | P | 00201SALARY FOR GS JUDGE | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 1.50 | 49249 | 6,29,2001 |
| | | P | 00203CO LIT TAX SPEC. PURP/SB | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 18.50 | 49249 | 6,29,2001 |
| | | P | 00204CO. PRIV. TAX | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 15.00 | 49249 | 6,29,2001 |
| | | P | 00206SHERIFF'S ARREST FEE | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 8.00 | 49249 | 6,29,2001 |
| | | P | 00210JAIL FEE | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 250.00 | 49249 | 6,29,2001 |
| | | P | 00213COUNTY DRUG FINES SHERIFF | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 6.00 | 49249 | 6,29,2001 |
| | | P | 00222SHERIFF'S PATROL CARS | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 27.00 | 49249 | 6,29,2001 |
| | | P | 00299CLERK'S FEE | CA | | | |
| 35835 | 6,11,2001 | R | RUSTIN GORDON JACKSON | | 20.00 | 49252 | 6,29,2001 |
| | | P | 00405TBI DRUG TEST LAB FEE | CA | | | |

Total Receipts-> 408.00

Case#: CM143834- vs RUSTIN GORDON JACKSON

Evidence Submitted by Rustin G. Jackson United State District Court Eastern District
Case: 3:04-CV-00344 Eastern District of Tennessee at Knoxville

240 W. TYRONE ROAD
OAK RIDGE, TN 37830-6517

15557-+104

ADDRESS SERVICE REQUESTED

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 06/30/2004 | $15.00 | 51675 |

PAGE: 1 of 1 SHOW AMOUNT PAID HERE $

ADDRESSEE

RUSTIN GORDON JACKSON
108 CHAPMAN LANE
JACKSBORO, TN 37757-3014

REMIT TO

RIDGEVIEW PSYCHIATRIC HOSPITAL & CENTER, INC
240 W. TYRONE ROAD
OAK RIDGE, TN 37830-6517

☐ Please check box if address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Client/Patient Number: 51675

| Start Service Date | End Service Date | Service Description | Qty | Single Unit Amount | Service Charge Amount | Ins. |
|---|---|---|---|---|---|---|
| 04/20/2004 | 04/20/2004 | Insanity Eval | 1 | 300.00 | 300.00 | |
| 06/01/2004 | 06/01/2004 | Chart Copy Requests | 1 | 20.00 | 20.00 | |
| 06/10/2004 | 06/10/2004 | Assessment/Non-Active | 1 | 45.00 | 45.00 | |

# Insurance Has Been Filed

| Statement Date | Balance Forward | Monthly Charges | Insurance Adjustments | Client Adjustments | Insurance Payments | Client Payments |
|---|---|---|---|---|---|---|
| 06/30/20 | 15.00 | 365.00 | 20.00 | -65.00 | -320.00 | 0.00 |

| Primary Insurance | Additinal Insurance | Total Account Balance | Total Insurance Balance | Current Amount Due** |
|---|---|---|---|---|
| | | 15.00 | 0.00 | $15.00 |

**Balance After Insurance/Other Payments on Previous Charges

**Please Make Checks Payable To:** Ridgeview Psychiatric Hospital & Center, Inc.
(865) 482-1076

15557 F104 -1A80JBFCY000480

Numbered Page of Submitted Evidence – November 7, 2005 Page - 13

PageID #: <pageID>

LAKESHORE MENTAL HEALTH INSTITUTE
5908 LYONS VIEW PIKE
KNOXVILLE, TENNESSEE 37919

DATE: 22-Nov-04

Correspondence concerning this statement should be addressed to the Director of Reimbursement (Ext 8672)

CONSUMER: **RUSTIN G. JACKSON** INSTITUTE NO. 80752
ADMITTED: 5/10/2004 DISCHARGED/EXPIRED: 10/30/2004

| DATE | | | | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|---|---|
| 5 | 10 | 04 | | ADMITTED | | | |
| 5 | 31 | 04 | 22 DAYS @ | $419.54 PER DAY | $9,229.88 | | $9,229.88 |
| 7 | 19 | 04 | | RECEIPT-FORENSIC | | $8,250.00 | $979.88 |
| 7 | 19 | 04 | | ADJUSTMENT | | $979.88 | $0.00 |
| 6 | 3 | 04 | 3 DAYS @ | $419.54 PER DAY | $1,258.62 | | $1,258.62 |
| 8 | 27 | 04 | | RECEIPT-FORENSIC | | $1,125.00 | $133.62 |
| 8 | 27 | 04 | | ADJUSTMENT | | $133.62 | $0.00 |
| 6 | 4 | 04 | | DISCHARGED | | | $0.00 |
| 8 | 30 | 04 | | RE-ADMITTED | | | $0.00 |
| 8 | 31 | 04 | 2 DAYS @ | $419.54 PER DAY | $839.08 | | $839.08 |
| 10 | 24 | 04 | | RECEIPT-FORENSIC | | $750.00 | $89.08 |
| 10 | 24 | 04 | | ADJUSTMENT | | $89.08 | $0.00 |
| 9 | 30 | 04 | 30 DAYS @ | $419.54 PER DAY | $12,586.20 | | $12,586.20 |
| 10 | 29 | 04 | 29 DAYS @ | $419.54 PER DAY | $12,166.66 | | $24,752.86 |
| 10 | 30 | 04 | | DISCHARGED | | | $24,752.86 |
| | | | | TOTALS | $36,080.44 | $11,327.58 | $24,752.86 |

Per Diem rate is established by the Office of the Comptroller of the State of Tennessee

** ALL CHARGES ARE BEING BILLED TO THE FORENSIC PROGRAM

**Psychiatric Evaluation**

| Interviewee Name: | Age | Race | Marital Status: | Admission Type: |
|---|---|---|---|---|
| Rustin Jackson | 33 | Cauc | ☒s ☐m ☐sep ☐d ☐w | ☐EMER. ☐Vol ☐Civil ☒FR |

| Admission Date: | # of Admission | County: | LMHI# | REFERRED BY: |
|---|---|---|---|---|
| 8/30/04 | 2 | Campbell | 80752 | Campbell Co. Crim. Court |

**A: ADMISSION CIRCUMSTANCE:**

This 33 year old white single male presents to LMHI as a forensic admission by order of Campbell County Criminal Court. The patient had been charged w/domestic assault (7/24/04) and has been felt to be not guilty by reason of insanity. He had earlier been charged w/ resisting arrest x 2, destruction of govt property, aggravated assault x 2 and domestic assault prior to his May 2004 LMHI admission. For details re: that admission, pls consult attached records. Patient has been at home since June LMHI admission.

**B: HISTORY OF PRESENT ILLNESS:**

See LMHI records-no new events

**C: PAST PSYCHIATRIC HISTORY/ALCOHOL AND DRUG HISTORY:**

Was given Zyprxa 20 mg daily at discharge which he took until approx. 2-3 wks. ago (gained weight, had "hand spasms" and drowsiness). He was advised by both PCP and Ridgeview psychiatrist to stop it. At present he is taking no psychotropics and feels better
Drugs-none
EtOH-v. little
Smokes-occas.

**D. MEDICAL HISTORY:**

☐IDDM ☐NIDDM ☐TB ☐HTN ☐Hepatitis (Type): ☐Glaucoma
☐Heart disease ☐Cancer ☐Epilepsy (Type): ☐Neuro damage (Type):

(patient identification)
JACKSON, RUSTIN G
JACKSON, RUSTIN G
10/28/1970
WHITE
RPI 57847
080752

unit

date

STATE OF TENNESSEE
Department of Mental Health and Mental Retardation

MH-Trial Rev 06.18.04
Page 1 of 8

RDA-2305

**DIAGNOSIS ON ADMISSION:**

| | |
|---|---|
| **Axis I:** | Cognitive Disorder NOS – 294<br>R/O Bipolar Disorder – 296.80<br>Psychotic Disorder NOS (Provisional) – 298.9 |
| **Axis II:** | No Diagnosis – V71.09 |
| **Axis III:** | Head trauma to right temple in 1998-1999, elevated lipids |
| **Axis IV:** | Unemployment, legal, primary support problems |
| **Axis V:** | GAF: 50 – HAF: not available |

**DIAGNOSIS ON DISCHARGE:**

| | |
|---|---|
| **Axis I:** | Psychotic Disorder NOS – 298.90 – resolved<br>Cognitive Disorder NOS – 294.00 – resolved<br>Personality Change Secondary to Closed Head Injury – 310.1 |
| **Axis II:** | Diagnosis Deferred – 799.9 |
| **Axis III:** | S/P head injury, S/P concussion syndrome, elevated lipids |
| **Axis IV:** | Code 4 – Moderate, financial problems |
| **Axis V:** | GAF on admission: 30 – GAF on discharge: 70 |

**MEDICATION UPON DISCHARGE:**

Two-week supply and a prescription for two weeks of the following medication:
BuSpar – 15 mg at 8 a.m., noon, and 8 p.m.
Geodon – 40 mg PO q 8 a.m. and 80 mg PO q 8 p.m.
Topamax – 100 mg at 8 a.m. and p.m.
Cogentin – 1 mg at 8 a.m. and p.m.
Depakote – 500 mg at 8 a.m., noon, and 8 p.m.
Gemfibrozil – 600 mg PO at 8 a.m. and p.m.
Loratamide – 10 mg q a.m.
Zetia – 10 mg PO q a.m.

**SIGNIFICANT ADVERSE DRUG REACTIONS OR ALLERGIES NOTED DURING THE COURSE OF TREATMENT:**
None.

**DISCHARGE PLAN:**
Patient was discharged to self and parents to return to live at 108 Chapman Lane, Jacksboro, TN 37757 (423) 562-1426. Aftercare was to be provided by Ridgeview MHC. An appointment was made for 11/4/04 at 9 a.m. for case management services and on 11/9/04 at 9:15 a.m. with Dr. Shekat for medication monitoring.

**Diet:** 2,000 calorie weight reducing vegetarian diet.

NAME: Rustin Jackson
LMHI#: 80-752
UNIT: CC-4

State of Tennessee
DMH/DD
Discharge Summary

**RUSTIN JACKSON**

**ID NUMBER:** M13892591

Date: 6/25/05

| CLAIM NUMBER | SERVICE FROM | SERVICE THRU | PROVIDER NAME | TOTAL CHARGED | TOTAL PAID | PAT LIAB. | DIAG CODE | DIAG CODE DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 04336P441340 | 7/19/04 | 7/19/04 | GURPREET N NARULA | $120.00 | $0.00 | $0.00 | 78039 | CONVULSIONS NOS |
| 04208P423728 | | | QUEST DIAGNOSTICS | $189.00 | $18.88 | $0.00 | 7804 | DIZZINESS AND GIDDINESS |
| 04236P410488 | 8/16/04 | 8/16/04 | DAVID A FORSBERG | $1,825.00 | $427.32 | $0.00 | 7840 | HEADACHE |
| 05019P446549 | 1/12/05 | 1/12/05 | GURPREET N NARULA | $365.00 | $176.40 | $0.00 | 7840 | HEADACHE |
| 05268P484183 | 2/1/05 | 2/1/05 | SAM A KABBANI | $275.00 | $133.10 | $0.00 | 3331 | TREMOR NEC |
| 05068P484149 | | | SAM A KABBANI | $576.00 | $331.86 | $0.00 | 78039 | CONVULSIONS NOS |
| 05118T204587 | 3/16/05 | 3/16/05 | RAJU N VORA | $185.00 | $133.10 | $0.00 | 7948 | ABRSLT, FNCTN STUDY, LIVER |
| 05098P446934 | 3/30/05 | 3/30/05 | SUNAN VONGKASEMSIRI | $127.00 | $37.90 | $0.00 | 5781 | BLOOD IN STOOL |
| 05094T485254 | | | DEANNA G MAHONEY | $424.00 | $112.56 | $0.00 | 5693 | HEMORRHAGE, RECTAL & ANAL |
| 05101P427889 | | | ALAN K GALLOWAY | $478.00 | $145.92 | $0.00 | 2113 | NEOP, BNG, LARGE INTESTINE |
| 05118T204586 | | | RAJU N VORA | $1,750.00 | $414.23 | $0.00 | 2114 | NEOP, BNG, RECTUM/ANUS |
| 05157T208409 | 4/20/05 | 4/20/05 | RAJU N VORA | $95.00 | $72.13 | $0.00 | 7948 | ABRSLT, FNCTN STUDY, LIVER |
| 05136P465673 | 5/6/05 | 5/6/05 | SUNAN VONGKASEMSIRI | $186.00 | $55.19 | $0.00 | 78900 | PAIN, ABDOMINAL, SITE NOS |
| 05138I439528 | | | CLAIBORNE COUNTY HOSPITAL | $1,415.00 | $211.92 | $0.00 | 78900 | PAIN, ABDOMINAL, SITE NOS |
| 05208T606892 | 5/23/05 | 5/23/05 | RAJU N VORA | $95.00 | $67.13 | $15.00 | 7948 | ABRSLT, FNCTN STUDY, LIVER |
| 05159P464663 | 6/2/05 | 6/2/05 | SAM A KABBANI | $75.00 | $39.96 | $0.00 | 34540 | EPIL, PSYCHOMOTOR W/O INTRCT EPIL |
| **GRAND TOTALS** | | | | $8,179.00 | $2,367.39 | $60.00 | | |

| cct | Date | Dep # | Name | | Dr# | Procedure | | Diag | Units | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 811 | JACKSON, RUSTIN | | | | | | Previous Balance : | | | 0.00 |
| | 07/19/04 | 0 | JACKSON, RUSTIN | | 2 | 99203 | NEW PATIENT OV DETAILED | 780.39 | 1.00 | 115.00 |
| | 07/19/04 | 0 | JACKSON, RUSTIN | | 2 | G0001 | INVALID USE 36415 | 780.39 | 1.00 | 5.00 |
| | 12/16/04 | | Adjustment (31) | 12-7-04 | | | TIMELY FILING | | | -115.00 |
| | 12/16/04 | | Adjustment (31) | 12-7-04 | | | TIMELY FILING | | | -5.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | 99214 | ESTABLISHED PATIENT OV DETAILED | 784.0 | 1.00 | 100.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | G0001 | INVALID USE 36415 | 784.0 | 1.00 | 5.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | 80053 | COMPREHENSIVE METABOLIC PANEL | 784.0 | 1.00 | 45.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | 85025 | CBC (AUTO) | 784.0 | 1.00 | 25.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | 80061 | LIPID PANEL | 784.0 | 1.00 | 60.00 |
| | 01/12/05 | 0 | JACKSON, RUSTIN | | 2 | 96115 | NEUROBEHAVIORAL STATUS EXAM | 311 | 1.00 | 130.00 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -62.55 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -37.45 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -3.27 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -1.73 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -11.92 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -33.08 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -12.00 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -13.00 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -28.86 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -31.14 |
| | 02/17/05 | | Check Payment | 021105 | | | Ins #184 | | | -57.80 |
| | 02/17/05 | | Adjustment (6) | 021105 | | | B C TennCare Adjust | | | -72.20 |

TOTALS FOR ACCOUNT 9811 PAYMENTS : 176.40 ADJUSTS : 308.60 CHARGES : 485.00 0.00 0.00
REFUNDS: 0.00



*To Whom It May Concern,*

***Mr. Rustin Jackson is currently involved in the Cumberland Cornerstone Psychosocial Rehabilitation Program. Which is a service of Ridgeview Psychiatric Center. He attends the program four times each week to increase opportunities to interact and develop a support network. If there are questions concerning this program or Mr. Jackson's involvement in activities, please call 1-423-562-2637 or 1-865-481 6170.***

*Sincerely,*
Janet L. Kitts BS Ed. Coord.
***Janet L. Kitts, Program Coordinator***

240 West Tyrone Road Oak Ridge, TN 37830 865 482 1076 • 800 834 4178 www.ridgeviewresources.com
Accredited by the Joint Commission on Accreditation of Health Care Organizations

Ridgeview Psychiatric Hospital & Center, Inc.
Mental Health Management Information System (MHMIS)
Account History Report

03/07/2005 10:17
ADD

Case Number : 51875 RUSTIN GORDON JACKSON
Date Search Type : SERVICE
Date Range Begins :
Date Range Ends : 03/07/2005
Items To Include : ALL
Selection Type : ALL All Services
Transaction Type : ALL All Services
Ins Funding Type : ALL
Report Presentation: C
Display SG Denials : Y

| Pst Date | Svc Date | SvcCode | Wh | Prv | Insur #1 #2 #3 | Trans | Clm/Rm/Ref | Amount | DF | O | Den | Last Clm | Ins Bal | Clt Bal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/22/03 | 10/21/03 | 4-060 | 4 | JSC | | CG-01 | | 0.00 | PD | I | | | 0.00 | 0.00 |
| 11/30/03 | 10/23/03 | 4-061 | 4 | CEH | | CG-01 | | 300.00 | PD | I | | | 0.00 | 0.00 |
| 01/26/04 | 10/23/03 | 4-061 | 4 | CEH | 580 | PM-02 | ACHPS33620 | -300.00 | | I | | | | |
| 04/20/04 | 04/19/04 | 4-060 | 4 | CEH | | CG-01 | | 0.00 | PD | I | | | 0.00 | 0.00 |
| 04/26/04 | 04/19/04 | 5-070 | 4 | MLH | | CG-01 | | 118.00 | PD | C | | | 0.00 | 0.00 |
| 04/26/04 | 04/19/04 | 5-070 | 4 | MLH | | WO-40 | | -100.00 | | C | | | | |
| 05/27/04 | 04/19/04 | 5-070 | 4 | MLH | | PM-01 | A2547 | -18.00 | | C | | | | |
| 06/07/04 | 04/20/04 | 4-061 | 4 | CEH | | CG-01 | | 300.00 | PD | I | | | 0.00 | 0.00 |
| 06/23/04 | 04/20/04 | 4-061 | 4 | CEH | 585 | PM-02 | ACHQ020794 | -300.00 | | I | | | | |
| 05/10/04 | 05/05/04 | 4-019 | 25 | SKK | | CG-01 | | 130.00 | PD | C | | | 0.00 | 0.00 |
| 05/19/04 | 05/05/04 | 4-019 | 25 | SKK | | WO-40 | | -115.00 | | C | | | | |
| 09/29/04 | 05/05/04 | 4-019 | 25 | SKK | | PM-01 | A3662 | -15.00 | | C | | | | |
| 06/14/04 | 06/01/04 | 4-900 | 4 | GEN | | CG-01 | | 20.00 | PD | C | | | 0.00 | 0.00 |
| 06/23/04 | 06/01/04 | 4-900 | 4 | GEN | 585 | PM-02 | ACHQ019501 | -20.00 | | I | | | | |
| 06/23/04 | 06/01/04 | 4-900 | 4 | GEN | 999 | RL-AA | | 20.00 | | I | | | | |
| 06/23/04 | 06/01/04 | 4-900 | 4 | GEN | | RL-AA | | -20.00 | | C | | | | |
| 06/14/04 | 06/10/04 | 3-087 | 25 | CJK | | CG-01 | | 45.00 | PD | C | | | 0.00 | 0.00 |
| 06/23/04 | 06/10/04 | 3-087 | 25 | CJK | 999 | RL-AA | | 45.00 | | I | | | | |
| 06/23/04 | 06/10/04 | 3-087 | 25 | CJK | 999 | WO-42 | | -45.00 | | I | | | | |
| 06/23/04 | 06/10/04 | 3-087 | 25 | CJK | | RL-AA | | -45.00 | | C | | | | |
| 06/30/04 | 06/10/04 | 3-083 | 4 | RZC | | CG-01 | | 0.00 | PD | I | | | 0.00 | 0.00 |
| 07/15/04 | 07/08/04 | 4-009 | 25 | NMS | | CG-01 | | 110.00 | PD | C | | | 0.00 | 0.00 |
| 07/15/04 | 07/08/04 | 4-009 | 25 | NMS | | WO-40 | | -95.00 | | C | | | | |
| 09/29/04 | 07/08/04 | 4-009 | 25 | NMS | | PM-01 | A3662 | -15.00 | | C | | | | |
| 07/22/04 | 07/21/04 | 3-087 | 25 | CJK | 461 | CG-01 | TNCARE | 45.00 | PD | I | | 08/05/04 | 0.00 | 0.00 |
| 12/31/04 | 07/21/04 | 3-087 | 25 | CJK | 1122 | CN-06 | LI073104 | -45.00 | | I | | | | |
| 07/29/04 | 07/27/04 | 4-017 | 25 | ARS | 461 | CG-01 | TNCARE | 110.00 | PD | | | 08/05/04 | 0.00 | 0.00 |

| | | | | | | | | | | | | | Ins | Cit |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/04 | 07/27/04 | 4-017 | 25 | ARB | 1122 | CH-06 | LI073104 | -110.00 | | I | | | | |
| 07/29/04 | 07/27/04 | 3-090 | 25 | CJK | 461 | CG-01 | TNCARE | 45.00 | PD | I | | 08/05/04 | 0.00 | 0.00 |
| 12/31/04 | 07/27/04 | 3-098 | 25 | CJK | 1122 | CH-05 | LI073104 | -45.00 | | I | | | | |
| 07/31/04 | 07/27/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | | 0.00 | 0.00 |
| 07/31/04 | 07/28/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | | 0.00 | 0.00 |
| 07/31/04 | 07/29/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | | 0.00 | 0.00 |
| 07/31/04 | 07/30/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | | 0.00 | 0.00 |
| 12/31/04 | 07/31/04 | 4-900 | 4 | GEN | 461 | CG-05 | | 0.00 | PD | I | | | 0.00 | 0.00 |
| 12/31/04 | 07/31/04 | 4-900 | 4 | GEN | 1122 | PM-05 | LI073104 | 0.00 | | I | | | | |
| 08/09/04 | 08/03/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/09/04 | 08/04/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/09/04 | 08/05/04 | 4-017 | 25 | ARB | 461 | CG-03 | | 0.00 | PD | C | | | 0.00 | 0.00 |
| 08/09/04 | 08/05/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/11/04 | 08/05/04 | 3-092 | 35 | CJK | 461 | CG-01 | | 45.00 | PG | I | | | 45.00 | 0.00 |
| 08/18/04 | 08/09/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/18/04 | 08/10/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/18/04 | 08/12/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/18/04 | 08/17/04 | 4-010 | 25 | NHS | 461 | CG-01 | | 110.00 | PG | I | | | 110.00 | 0.00 |
| 08/24/04 | 08/17/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/19/04 | 08/18/04 | 4-017 | 25 | ARB | 461 | CG-01 | | 110.00 | PG | I | | | 110.00 | 0.00 |
| 08/24/04 | 08/18/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/24/04 | 08/19/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/25/04 | 08/24/04 | 3-092 | 35 | CJK | 461 | CG-01 | | 45.00 | PG | I | | | 45.00 | 0.00 |
| 08/30/04 | 08/24/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 08/02/04 | 0.00 | 0.00 |
| 08/30/04 | 08/25/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 08/02/04 | 0.00 | 0.00 |
| 08/31/04 | 08/28/04 | 4-900 | 4 | GEN | 461 | CG-01 | | 0.00 | PD | I | | | 0.00 | 0.00 |
| 08/31/04 | 08/30/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 08/31/04 | 08/31/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/02/04 | 0.00 | 0.00 |
| 09/08/04 | 09/01/04 | 4-017 | 25 | ARB | 461 | CG-03 | | 0.00 | PD | C | | | 0.00 | 0.00 |
| 09/21/04 | 09/13/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/29/04 | 0.00 | 0.00 |
| 09/21/04 | 09/14/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/29/04 | 0.00 | 0.00 |
| 09/21/04 | 09/15/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 09/29/04 | 0.00 | 0.00 |
| 09/21/04 | 09/16/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 10/15/04 | 0.00 | 0.00 |
| 10/31/04 | 10/25/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/16/04 | 0.00 | 0.00 |
| 10/31/04 | 10/26/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/16/04 | 0.00 | 0.00 |
| 10/31/04 | 10/27/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/16/04 | 0.00 | 0.00 |
| 10/31/04 | 10/28/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/16/04 | 0.00 | 0.00 |
| 11/09/04 | 11/02/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/17/04 | 0.00 | 0.00 |
| 11/08/04 | 11/03/04 | 3-092 | 35 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | | 11/17/04 | 45.00 | 0.00 |
| 11/09/04 | 11/03/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/17/04 | 0.00 | 0.00 |
| 11/09/04 | 11/04/04 | 3-092 | 35 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | | 11/17/04 | 45.00 | 0.00 |
| 11/09/04 | 11/04/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 11/17/04 | 0.00 | 0.00 |
| 11/26/04 | 11/08/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 12/21/04 | 0.00 | 0.00 |
| 11/26/04 | 11/09/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 12/21/04 | 0.00 | 0.00 |
| 11/26/04 | 11/10/04 | 3-306 | 25 | JLK | 462 | CG-01 | TNCARE | 0.00 | PD | I | | 12/21/04 | 0.00 | 0.00 |
| 11/15/04 | 11/11/04 | 4-009 | 25 | NHS | 461 | CG-01 | TNCARE | 110.00 | I1 | I | | 11/17/04 | 110.00 | 0.00 |
| 11/26/04 | 11/11/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | | 12/21/04 | 0.00 | 0.00 |



| | | | | | | | | | | | | Ins | Clt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/26/04 | 11/17/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 12/21/04 | 0.00 | 0.00 |
| 11/26/04 | 11/18/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 12/21/04 | 0.00 | 0.00 |
| 11/30/04 | 11/23/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 12/21/04 | 0.00 | 0.00 |
| 12/08/04 | 12/01/04 | 3-092 | 35 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | 12/21/04 | 45.00 | 0.00 |
| 12/08/04 | 12/02/04 | 4-017 | 25 | ARB | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 12/21/04 | 110.00 | 0.00 |
| 12/16/04 | 12/02/04 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 12/21/04 | 0.00 | 0.00 |
| 12/14/04 | 12/09/04 | 4-010 | 25 | NMS | 461 | CG-02 | | 0.00 | PD | C | | 0.00 | 0.00 |
| 12/23/04 | 12/15/04 | 4-017 | 35 | ARB | 461 | CG-02 | | 0.00 | PD | C | | 0.00 | 0.00 |
| 12/30/04 | 12/29/04 | 3-092 | 35 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | 01/26/05 | 45.00 | 0.00 |
| 12/31/04 | 12/30/04 | 4-017 | 35 | ARB | 461 | CG-01 | TNCARE | 70.00 | I1 | I | 01/26/05 | 70.00 | 0.00 |
| 01/06/05 | 01/03/05 | 4-010 | 25 | NMS | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 01/26/05 | 110.00 | 0.00 |
| 01/17/05 | 01/10/05 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 01/26/05 | 0.00 | 0.00 |
| 01/17/05 | 01/11/05 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 01/26/05 | 0.00 | 0.00 |
| 01/17/05 | 01/12/05 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 01/26/05 | 0.00 | 0.00 |
| 01/17/05 | 01/13/05 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 01/26/05 | 0.00 | 0.00 |
| 01/19/05 | 01/13/05 | 4-017 | 25 | ARB | 461 | CG-02 | | 0.00 | PD | C | | 0.00 | 0.00 |
| 01/25/05 | 01/24/05 | 3-092 | 25 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | 02/05/05 | 45.00 | 0.00 |
| 01/27/05 | 01/24/05 | 4-017 | 25 | ARB | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 02/05/05 | 110.00 | 0.00 |
| 01/31/05 | 01/27/05 | 3-092 | 35 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | 02/05/05 | 45.00 | 0.00 |
| 01/31/05 | 01/31/05 | 4-010 | 25 | NMS | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 02/13/05 | 110.00 | 0.00 |
| 02/09/05 | 02/01/05 | 4-011 | 25 | ARB | 461 | CG-02 | | 0.00 | PD | C | | 0.00 | 0.00 |
| 02/15/05 | 02/04/05 | 4-017 | 25 | ARB | 461 | CG-02 | | 0.00 | PD | C | | 0.00 | 0.00 |
| 02/15/05 | 02/07/05 | 3-306 | 25 | JLK | 461 | CG-01 | TNCARE | 0.00 | PD | I | 02/20/05 | 0.00 | 0.00 |
| 02/15/05 | 02/08/05 | 3-092 | 25 | CJK | 461 | CG-01 | TNCARE | 45.00 | I1 | I | 02/20/05 | 45.00 | 0.00 |
| 02/15/05 | 02/08/05 | 4-013 | 25 | ARB | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 02/20/05 | 110.00 | 0.00 |
| 02/22/05 | 02/17/05 | 4-013 | 25 | ARB | 461 | CG-01 | TNCARE | 110.00 | I1 | I | 02/27/05 | 110.00 | 0.00 |
| 02/28/05 | 02/24/05 | 3-092 | 25 | DVS | 461 | CG-01 | | 45.00 | PO | I | | 45.00 | 0.00 |
| 02/28/05 | 02/24/05 | 4-017 | 25 | ARB | 461 | CG-01 | | 110.00 | PO | I | | 110.00 | 0.00 |
| | | | | | | Totals | | 1620.96 | | | | 1620.00 | 0.00 |

Client Evidence

Numbered Page of Submitted Evidence – November 7, 2005








Rustin G. Jackson
108 Chapman Lane
Jacksboro TN 37757

Friday, October 31, 2003

Michael G. Hatmaker
571 Main Street
Jacksboro TN 37757

Question to ask, why were the police involved. Why were they called.

Over three years ago, Campbell County Deputy Mongar pulled me over on what seemed like a random stop. He is the Canaan Unit presently, after conversing for a short time, information divulged after he questioned me about a stack of paperwork in the passengers seat with Law Enforcement seals showing, at the time I worked for HIDTA (Hi Intensity Drug Traffic Area) and CTAC (Counter-Drug Technology Assessment Center). He seemed to take great interest in me and my affairs since then. Yesterday he pointed himself out to me, asked me if I worked for HITDA reminding me of the incident. The reason for his interest in unknown. I had told him that it was sensitive information, and that I would appreciate him not telling anyone, but it seems him telling people about it brings him great joy.

I did ask my work three years ago about a grant for this area, the idea was roundly rejected by my supervisors, and seemed worried about any influence that would prompt me to ask.

In the last three years, I've been several times randomly stopped (too many times). Several times by Campbell County under vary strange pretenses. One officer chased me to a stop light then came along side saying that I was a "drive off" from a certain gas station. I told him I had not been there. He responded by saying he, "just wanted to try me out." and walked off. Attached is another description of such a stop.

I am worried about this undue interest in my activities and need see what we can do to make it otherwise.

Rustin G Jackson
Rustin G. Jackson

Attachment 1 - / 5

Evidence Submitted by Rustin G. Jackson
Case: 3:04-CV-00344

United State District Court Eastern District
Eastern District of Tennessee at Knoxville

3/25/03

I went to Woodson's World of Shopping there to purchase the oddities of my newly formed vegetarian diet and a copy of the LaFollette Press . I stopped to see what was happening at our local message board and check on some courses at Roane State. As I was driving down Jacksboro Pike, I found myself being followed by flashing lights while driving past "old-Woodson's". Two more cruisers joined the chase pulling in from side of the road where they had been waiting. Realizing that I wasn't speeding and could not be the target of any concern that I could have brought to bear; I continued to Sonic where I pulled into one of the berths (also being nervous about unexplained behavior from the local law enforcement, I wanted to be in a public place.)

An angry looking officer walked up to my window and asked to see my license. I asked the purpose of him being there as I showed him my license. He offered some bogus reasons as to why (that I was speeding), which I told him that I hadn't been, then he said erratic driving, again I told him that was not the case, he seemed angered even more; he looked like he wanted to do more, but looked about at all the witnesses, then he walked back to confer with his partner. He came back and said that the night manager a Woodson's had called and reported a suspicious person and had indicated the tan van. When he returned my license to me, he finally asked why I had been at Woodson's. I responded by lifting one of the plastic bags beside me bearing their logo. He apologized for bothering me and they went on their way. I proceeded to order a Slushie from the sonic girl who next appeared at my window, and went home.

Once I returned home, I called the mall to confirm that they had made the call. I asked for the night manager and it happened to be the person I was talking to. I asked him if he had indeed had called a complaint to confirm it hadn't been harassment. He hung up the phone. I pushed the redial button. This time he said there were "50 night managers here" and proceeded to rant about "it's not that simple" and refused to surrender his name. At this point I contacted Officer Mozingo who had responded to the complaint that they had filed. After sending a letter to the clerk, they sent me a copy of the complaint bearing the night managers name, "ORICK, DANNY" and the complaint of suspicious person (even though I happened to be wearing a suit if not tie at the time). I would love to hear a reason for complaint from the "want to be anonymous" management of a mall who didn't want shoppers.

I still wonder why Woodson's would drive business away. After attempting to be a stanch advocate for them, I finding myself asking the question; "Why?" and also wonder about the several times I've been stopped by very aggressive officers always seeming to mistake me for some other person. It entered my mind that the store could have been prompted by the officers, considering I had only been in the store a few minutes and noticed them pulling in the parking lot behind me, possibly being my vehicle's similarity to someone they find threatening.

Attachment 2 of 5

Numbered Page of Submitted Evidence – November 7, 2005 Page - 25

PageID #: <pageID>



Governor,

Needing to draw your attention personally in order to ensure the spirit upon which our state and nation is founded on. A cascading chain of events, starting with a notable reference of an incident in Knoxville, TN last year has set off a series of improbable actions extending past the borders of our state. Once part of ONDCP/HIDTA through CTAC with several out-of-state local and federal agencies I was a researcher evaluating avenues and access to technologies.

While I was on my job, my life was threatened by several incidents. Surviving each miraculously, only to be faced with another. These included several car incidents, one by a semi-truck in which the driver was never even tested or questioned on the scene which ended with me a two co-workers being hospitalized, add to that the arson of my dwelling in Knoxville. None of these events were ever properly investigated. Undue attention began to be presented my way during the course of daily activities. Physical and verbal threats with unknown provocation while I was working within the state with Nashville Metro as a client. Once I moved away from my job, several unseemly conflicts arouse with authorities while travelling, much to my surprise. I would like aid in addressing these at this time.

My would-be clients have turned aggressive and negligent with their duties. A clear pattern of harrasment is indicated, frankly with would-be authorities out of control in what can only be called a conspiracy to deny civil rights.

I would like closure on these events with rewards, possible finocial, especially dealing with events dealing with multi-state representatives. My alternative is to approach Washington with my case. I am addressing you to see what actions you would suggest or undertake on my behalf, and what avenues may be open.

Rustin G. Jackson

Sent to
phil.bredesen@state.tn.us
4/10/2003

IN THE FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

Am

FILED
OCT 27 2004

LEANNA M. MONGAR
PETITIONER

VS. DOCKET NO 98543

DARRELL G. MONGAR
RESPONDENT

**BRIDGING EX PARTE ORDER OF PROTECTION**

TO THE RESPONDENT DARRELL G MONGAR

It appears to the court a bridging order should issue pursuant to Tenn. Code Ann. §36-3-601 et seq, with no presumption of correctness or necessity, and no hearing having been held, because **the next court date is more than fifteen days away.**

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. That you are restrained and prohibited from:

☑ Abusing, threatening to abuse, or committing acts of violence upon Petitioner;

☑ Coming about the petitioner at any time or place for any reason;

☑ Communicating with petitioner by telephone, mail, e-mail, fax, pager, notes, or through third parties for any reason whatsoever, upon pain of ten (10) days incarceration for each event proved. You may contact the petitioner through your attorney. Additionally, the parties may be at depositions and court hearings, but not come about each other there, except in the presence of attorneys, and only communicate with each other at that time through attorneys.

**Respondent:** violation of this order will constitute contempt of court and potential penalties include up to 10 (ten) days in jail and a $50.00 fine for each violation. The court may also impose a civil penalty of up to $50.00 for each violation pursuant to T.C.A. § 36-3-610.

2. That a hearing in this matter will be held on the 16th day of December, 2004, at 8:00 am or as soon thereafter as the petitioner may be heard, at Knoxville, Tennessee, in the Fourth Circuit Court of Knox County, Tennessee; and that you may secure counsel to represent you at the hearing. This matter is civil; there is no right to have counsel appointed. This order is in effect against you at least until the hearing date, or until such later date as the hearing occurs. Your appearance, and that of the petitioner, is required at the 8:00 am educational session in the Large Assembly Room, **even if you have attended before.**

3. That pursuant to Tenn. Code Ann. §36-3-609, a copy of this order be issued to all local law enforcement agencies in Knox County.

4. That pursuant to Tenn. Code Ann. §36-3-611, you may be arrested by a law enforcement officer without a warrant if that officer has reasonable cause to believe that you have violated this Order.

John K. Harber
TRCP 53 SPECIAL MASTER

*There having been no TRCP 53 Special Master, or no exceptions to this report of the TRCP 53 Master*

*ENTER this* 27th *day of* October, 2004.

Michael L. DeBusk, Atty for Petitioner

Michael Hatcher by permission M L DeBusk Atty for Respondent

JUDGE

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing has been provided to both parties or their counsel, the Knoxville Police Department, and the Knox County Sheriff's Department, on this 27 day of October, 2004

Martha Phillips
Clerk of Court

Revision 1/7/04