UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 3:04-CV-344 |
| | ) (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court for consideration of *pro se* plaintiff's Motion to Join Defendants [Doc. 41]. *Pro se* plaintiff seeks to join the Campbell County Sheriff's Department and Campbell County Sheriff Ron McClellan as defendants in this case. Defendants Campbell County, Mongar, and Rose oppose *pro se* plaintiff's motion on three grounds. First, with respect to the Campbell County Sheriff's Department, defendants argue that the Sheriff's Department is not a separate entity susceptible to suit from Campbell County. Second, with respect to Sheriff McClellan, defendants make the same argument to oppose suit against him in his official capacity. Finally, also regarding Sheriff McClellan, defendants argue that suit against him in his individual capacity is barred by the applicable statute of limitations.

For the reasons discussed herein, *pro se* plaintiff's motion to join defendants will be denied.

### I. Campbell County Sheriff's Department

*Pro se* plaintiff seeks to amend his complaint to join the Campbell County Sheriff's Department as a defendant. The Campbell County Sheriff's Department is a department of Campbell County, which is already a defendant in this case. It is not a separate arm of the state, nor is it distinct from Campbell County. As such, the Campbell County Sheriff's Department is not a separate entity susceptible to suit in this case. *See Cooper v. Parrish*, 20 F.Supp.2d 1204, 1211 (W.D. Tenn. 1998) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)). Therefore, *pro se* plaintiff's motion to join the Campbell County Sheriff's Department as a defendant will be denied.

### II. Sheriff Ron McClellan

*Pro se* plaintiff also seeks to amend his complaint to join Campbell County Sheriff Ron McClellan as a defendant in this case. *Pro se* plaintiff, however, does not specify whether Sheriff McClellan is to be sued in his individual or official capacity. The Court, however, will construe *pro se* plaintiff's motion as seeking to join Sheriff McClellan in both capacities.

Suit against Sheriff McClellan in his official capacity is treated like a suit against Campbell County, which is already a defendant in this case. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Melo*, 502 U.S. at 25. Because Campbell County is already a party in this case, i.e. suit of Sheriff McClellan in his official capacity would be duplicative. Therefore, *pro se* plaintiff's motion to join Sheriff McClellan in his official capacity as a defendant in this case will be denied.

Turning to suit against Sheriff McClellan in his individual capacity, defendants Campbell County, Mongar, and Rose argue that *pro se* plaintiff's motion should be denied, because any claim would be barred by the applicable statute of limitations, and Sheriff McClellan lacked the notice required for *pro se* plaintiff's amendment to relate back pursuant to Fed. R. Civ. P. 15(c). [*See* Doc. 43 at 2-3].

First, the applicable statute of limitation to the claim in this action is one year. *See* Tenn. Code Ann. § 28-3-104. According to *pro se* plaintiff's second amended complaint, he suffered the injuries giving rise to this case as a result of a course of events occurring on March 17, 2004, when he was approached, and arrested, by deputies Mongar and Rose. [*See* Doc. 36]. The instant motion was filed June 30, 2005. [*See* Doc. 41]. As is evident, the one-year statute of limitations had run out before *pro se* plaintiff filed the instant motion. Therefore, for joinder of Sheriff McClellan, in his individual capacity, to be proper, the instant motion must relate back to *pro se* plaintiff's original complaint pursuant to Fed. R. Civ. P. 15(c)(3).

Rule 15 provides in relevant part:

(c) **Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
. . .
    (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
    (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a

3

> defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Defendants Campbell County, Mongar, and Rose argue that *pro se* plaintiff's motion to join Sheriff McClellan fails to satisfy Rule 15, because "[p]laintiff has not alleged, nor can he show that, Sheriff McClellan was on notice within the time limit for service of process that, but for a mistake in the identity of a defendant, he would have been named as a [d]efendant." [Doc. 43 (citing *Cox v. Treadway*, 75 F.3d 230, 239-40 (6th Cir. 1996))]. In reply, *pro se* plaintiff alleges that Sheriff McClellan is indispensable to this case because counsel for defendant copied Sheriff McClellan on certain letters. [*See* Doc. 53]. *Pro se* plaintiff attaches the signature block of a letter apparently signed by Attorney Duffy that indicates Sheriff McClellan was copied on the letter. [*Id*. at 2].

*Pro se* plaintiff's motion and reply, however, do not allege the facts necessary to satisfy Fed. R. Civ. P. 15(c)(3). There are no facts to indicate that Sheriff McClellan received notice of the institution of this action so that he would not be prejudiced in maintaining a defense within the time provided to plaintiff for service of process under Fed. R. Civ. P. 4(m). In addition, there are no facts to indicate that Sheriff McClellan knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Therefore, *pro se* plaintiff's motion to join Sheriff McClellan in his individual capacity will be denied.

### III. Conclusion

*Pro se* plaintiff has filed a motion to join the Campbell County Sheriff's Department and Sheriff Ron McClellan as defendants in this case. Defendants Campbell County, Mongar, and Rose oppose the motion. For the foregoing reasons, *pro se* plaintiff's motion will be denied.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE