UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-344 |
| ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 96, 98] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of various motions [Docs. 54, 70, 71, 85, 92, 97, 101]. The undersigned conducted a hearing on these motions on December 9, 2005.

Defendants Campbell County, Tennessee, Darrell Mongar and Dustin Rose move for the substitution of attorney Peter D. Van de Vate for attorney John C. Duffy as counsel for these defendants in this matter. For good cause shown, the Motion for Substitution of Counsel [Doc. 92] is **GRANTED**.

Plaintiff, proceeding *pro se*, has filed three motions, asking the Court to issue various subpoenas. As there is no legal basis for such motions, the Motion for Subpoena [Doc. 54], the Motion for Subpoenas for Defendants Campbell County, Billy Marlow, Dustin Rose, Darrel [sic]

Mongar [Doc. 70], and the Motion for Subpoenas for Defendants State of Tennessee and Rick Woodward [Doc. 71] are **DENIED**.

Plaintiff seeks a protective order "against any and all queries and or release of information to the . . . defendants . . . concerning Rustin G. Jackson and his previous employment activities, whereabouts, [and] what his activities are"; as to "any queries or release of information from his family, associates or previous employers"; and "for full separation of himself and his intellectual and any real property from any State, County or Municipal Entities or Organizations and previous Employers and for the court to maintain his Constitutional Rights and Liberty." Plaintiff's request for relief is vague and overbroad and lacks any evidentiary or legal support. Accordingly, Plaintiff's Motion for Blanket Order of Protection from Defendants [Doc. 85] is **DENIED**.

Plaintiff agreed to withdraw his motion for sanctions. Accordingly, Plaintiff's Motion for Sanctions for Rule 26 Disclosure Violations by Defendants [Doc. 97] is **WITHDRAWN**.

The Motion of "Campbell County Defendants" for Extension of the Time Within Which to Answer Interrogatories [Doc. 101] is **DENIED AS MOOT**, as the plaintiff has filed supplemental interrogatories. Defendants shall have thirty (30) days from the date of this hearing in which to respond to these discovery requests.

Finally, the State objects to Plaintiff noticing the deposition of Governor Bredesen. The Court finds that Plaintiff should not be permitted to depose Governor Bredesen at this time; however, should Plaintiff state good cause for such a deposition, the Court may reconsider Plaintiff's request. Additionally, counsel for the State advised the Court that she cannot be present for the

2

depositions noticed by Plaintiff for February 22, 2006.  The Court hereby **DIRECTS** the parties to meet and confer and to agree upon a deposition schedule that is convenient for all parties.

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge