UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RUSTIN G. JACKSON,            )
                              )
         Plaintiff,           )
                              )
v.                            )    NO.:  3:04-CV-344
                              )         (VARLAN/SHIRLEY)
STATE OF TENNESSEE, *et al.*, )
                              )
         Defendants.          )

## MEMORANDUM OPINION

This civil action is before the Court on defendant City of Jacksboro's Motion to Dismiss and/or for Summary Judgment [Doc. 31]. On August 5, 2004, *pro se* plaintiff filed a Complaint for Violations of Constitutional Rights [Doc. 3] pursuant to 42 U.S.C. § 1983. He later filed First and Second Amended Complaints [Docs. 7, 36]. *Pro se* plaintiff complains that defendant City of Jacksboro is liable for violations of his constitutional rights and for various state law claims. Defendant City of Jacksboro vigorously denies all allegations against it.

As *pro se* plaintiff alleges in his complaint, the Court has original jurisdiction over *pro se* plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1343. *Pro se* plaintiff's state law claims of breach of contract, defamation, assault, battery, false arrest, false imprisonment, malicious prosecution, and outrageous conduct, are before the Court pursuant to supplemental jurisdiction according to 28 U.S.C. § 1367.

In the instant motion, defendant City of Jacksboro contends that plaintiff has failed to state a claim for which relief can be granted because none of its officers, agents or employees were involved in any alleged constitutional violation against *pro se* plaintiff, and the state law claims lack merit. *Pro se* plaintiff has failed to specifically respond to defendant City of Jacksboro's motion. *See* E.D.TN. LR 7.1(a), 7.2. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2. Nevertheless, the Court will consider the merits of defendant City of Jacksboro's motion.

For the reasons discussed herein, defendant City of Jacksboro's motion for summary judgment dismissing the case against it will be granted. Accordingly, defendant City of Jacksboro will be dismissed from further proceedings in this case.

**I.    Standard of Review**

Defendant City of Jacksboro's motion is styled a motion "to dismiss and/or for summary judgment." [Doc. 31]. Defendant City of Jacksboro states that *pro se* plaintiff "fails to state a claim for which relief may be granted . . . , there are no genuine issues as to any material fact and the City of Jacksboro is entitled to summary judgment as a matter of law." [*Id.*]. Defendant City of Jacksboro attaches the affidavit of Danny Chapman to its motion. Because it has referred to a matter outside the pleadings, defendant City of Jacksboro's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment made pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

3

Case 3:04-cv-00344   Document 106   Filed 12/19/05   Page 3 of 9   PageID #: 46

## II. Relevant Facts

According to *pro se* plaintiff's complaint, on March 17, 2004, he was "peacefully walking" near his residence in Jacksboro, Tennessee, when he noticed Campbell County Sheriff's Deputies Darrell Mongar and Dustin Rose following him in a county vehicle. *Pro se* plaintiff states that he stopped walking and asked defendants Mongar and Rose their purpose. [*See* Doc. 36]. A discussion between *pro se* plaintiff and defendant Mongar followed. [*Id.*]. At some point, defendants Mongar and Rose exited their vehicle, and "frisked the plaintiff and searched his pockets, each holding one of the plaintiff's arms . . . ." *Pro se* plaintiff claims he protested by stating that he did not have anything in his pockets because "he was jogging near his residence." [*Id.*].

Following *pro se* plaintiff's protests, according to the complaint, defendant Rose stated that *pro se* plaintiff was "resisting" and sprayed *pro se* plaintiff, causing him to lose consciousness. [*Id.*]. *Pro se* plaintiff states that at this time, defendant Mongar shouted at him and "with forethought, with unnecessary and extreme rigor, continued to assail the plaintiff before and after plaintiff was in restraints . . . ." [*Id.* at 2]. At some point, Tennessee State Trooper Rick Woodward arrived on the scene, and *pro se* plaintiff states that he sought medical assistance from defendant Woodward, because *pro se* plaintiff was suffering from periodic unconsciousness and "spasmodic seizures resulting from head trauma." [*Id.*]. *Pro se* plaintiff complains that defendants Mongar, Rose, and Woodward all denied him medical assistance. [*Id.*].

4

*Pro se* plaintiff alleges that the physical altercation continued when he was taken to the Campbell County jail. [*Id.*]. While there, *pro se* plaintiff alleges that he was taunted and threatened with police dogs. [*Id.*]. In addition, *pro se* plaintiff complains that he was denied copies of the Tennessee Constitution and state statutes and was beaten by Campbell County correctional officers. [*Id.*]. He further alleges that the jail conditions were deplorable and that he was held there for two weeks before being released. [*Id.*].

Following his release from Campbell County jail, *pro se* plaintiff alleges that Campbell County General Sessions Court caused him to be falsely imprisoned for four months while he was being evaluated at Lakeshore Mental Health Institute. [*Id.* at 3]. While there, *pro se* plaintiff alleges that he was forced to take medications to which he was allergic. [*Id.*]. Later, *pro se* plaintiff complains that the Campbell County General Sessions Court denied him a speedy trial and subjected him to double jeopardy in violation of his constitutional rights. [*Id.*].

As a result of these alleged misdeeds, *pro se* plaintiff seeks compensatory and punitive damages. [*Id.*]. He seems to allege that defendant City of Jacksboro committed a violation of 42 U.S.C. § 1983 as well as other state law claims. [*Id.* at 4].

Defendant City of Jacksboro has made the instant motion arguing that *pro se* plaintiff has failed to state a claim for which relief can be granted because none of *pro se* plaintiff's allegations, even if true, state claims against the City of Jacksboro, or its officer, agents or employees. [*See* Doc. 32]. In addition, to the extent *pro se* plaintiff alleges state law claims, the Court should decline to exercise supplemental jurisdiction over those claims if it

5

dismisses *pro se* plaintiff's federal claims. [*Id.*]. In support of its motion, defendant City of Jacksboro has submitted an affidavit by Mr. Danny Chapman, City of Jacksboro Chief of Police, stating that none of the alleged wrongdoers named in the complaint were employed by, or agents of, defendant City of Jacksboro. [*See* Doc. 31-2].

**III.   Analysis**

   A.   Violations of 42 U.S.C. § 1983

In his complaint, *pro se* plaintiff alleges violations of his civil rights by various individuals and government entities pursuant to 42 U.S.C. § 1983. To establish the liability of a governmental entity under § 1983, a plaintiff must establish that the municipality was a moving force behind the deprivation of the federal right and demonstrate a direct causal link between the municipality's conduct and the deprivation. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). A municipality cannot be held liable under 42 U.S.C. § 1983 for an injury solely inflicted by its employees or agents. *See Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Accordingly, it is evident that a government entity cannot be held liable for constitutional violations inflicted solely by individuals who are only employed or acting as agents of another government entity.

In the present case, *pro se* plaintiff complains of constitutional violations by various individuals and entities, including defendant City of Jacksboro. According to *pro se* plaintiff's own complaint, however, none of the individuals alleged to have been involved in violating *pro se* plaintiff's constitutional rights were employed by or agents of defendant City of Jacksboro. [*See* Doc. 36]. This is further confirmed by the affidavit of Chief Danny

Chapman. [*See* Doc. 31-2]. In addition, *pro se* plaintiff does not allege, and there are no facts indicating, that defendant City of Jacksboro was a moving force behind any alleged constitutional violations. Thus, viewing the evidence in the light most favorable to *pro se* plaintiff, there is no genuine issue of material fact in dispute and defendant City of Jacksboro is entitled to summary judgment. Therefore, the Court will dismiss *pro se* plaintiff's § 1983 claims against defendant City of Jacksboro.

    B.    <u>State Law Claims</u>

*Pro se* plaintiff's state law claims against defendant City of Jacksboro are before the Court pursuant to the Court's supplemental jurisdiction. The supplemental jurisdiction statute provides in pertinent part:

> (c)    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>     (1)    the claim raises a novel or complex issue of State law;
>     (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>     (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>     (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In the present case, the only claim against defendant City of Jacksboro over which the Court has original jurisdiction is *pro se* plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1343. [*See* Doc. 36]. As discussed earlier, however, the Court will dismiss *pro se* plaintiff's § 1983 claims against defendant City of Jacksboro. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court will also decline to exercise supplemental jurisdiction over *pro se* plaintiff's state

7

law claims against defendant City of Jacksboro. As a result, defendant City of Jacksboro will be dismissed from further proceedings in this case.

## IV. Conclusion

*Pro se* plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights by defendant City of Jacksboro. *Pro se* plaintiff also alleges defendant City of Jacksboro is liable for various state law claims. Defendant City of Jacksboro has filed a motion to dismiss, arguing that *pro se* plaintiff fails to state a claim for which relief can be granted, because none of those alleged to have committed constitutional violations is employed by or acts as an agent of defendant City of Jacksboro. [*See* Doc. 32]. Furthermore, defendant City of Jacksboro argues *pro se* plaintiff's state law claims should also be dismissed for lack of supplemental jurisdiction. *Pro se* plaintiff does not specifically respond to defendant City of Jacksboro's motion.

Viewing the evidence in the light most favorable to *pro se* plaintiff, the Court finds that there is no genuine issue of disputed material fact and defendant City of Jacksboro is entitled to summary judgment dismissing *pro se* plaintiff's § 1983 claims against it. The Court finds that none of the individuals allegedly involved in violating *pro se* plaintiff's constitutional rights were employed by or agents of defendant City of Jacksboro. In addition, *pro se* plaintiff does not allege, and there are no facts indicating, that defendant City of Jacksboro was a moving force behind any alleged constitutional violations. Because the Court will dismiss the only claim over which it has original jurisdiction as to defendant City of Jacksboro, it will decline to exercise its supplemental jurisdiction over *pro se* plaintiff's

state law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, defendant City of Jacksboro will be dismissed from further proceedings in this case.

    ORDER ACCORDINGLY.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE