UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 3:04-CV-344 |
| | ) (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court for consideration of a motion to dismiss [Docs. 11, 87] filed by defendants State of Tennessee and Rick Woodward. On August 5, 2004, *pro se* plaintiff filed a Complaint for Violations of Constitutional Rights [Doc. 3] pursuant to 42 U.S.C. § 1983. He later filed First and Second Amended Complaints [Docs. 7, 36]. *Pro se* plaintiff complains that defendants State of Tennessee and Woodward are liable for violations of his constitutional rights and for various state law claims.

As *pro se* plaintiff alleges in his complaint, the Court has original jurisdiction over *pro se* plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1343. *Pro se* plaintiff's state law claims of breach of contract, defamation, assault, battery, false arrest, false imprisonment, malicious prosecution, and outrageous conduct, are before the Court pursuant to supplemental jurisdiction according to 28 U.S.C. § 1367.

In the instant motion, defendants State of Tennessee and Woodward argue that *pro se* plaintiff has failed to state a claim for which relief may be granted, because defendants

State of Tennessee and Woodward, in his official capacity, are not persons subject to suit pursuant to § 1983. In addition, it is argued that the Eleventh Amendment bars suit against defendants State of Tennessee and Woodward in his official capacity. Defendants also argue that *pro se* plaintiff lacks standing to seek equitable relief against defendant Woodward. Although *pro se* plaintiff has filed numerous pleadings, he has not specifically responded to defendants' motion. *See* E.D.TN. LR 7.1(a), 7.2. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2. Nevertheless, the Court will consider the merits of defendants' motion.

For the reasons discussed herein, the motion to dismiss all claims against the State of Tennessee and Rick Woodward in his official capacity will be granted. Accordingly, all claims against defendant State of Tennessee will be dismissed, and the State of Tennessee will be dismissed from further proceedings in this case. Furthermore, all claims against defendant Woodward in his official capacity will be dismissed, but *pro se* plaintiff's claims against defendant Woodward in his individual capacity, as alleged in *pro se* plaintiff's amended complaint [Doc. 36], will not be dismissed. Finally, *pro se* plaintiff's claim for equitable relief against defendant Woodward will be dismissed.

**I.    Relevant Facts**

According to *pro se* plaintiff's complaint, on March 17, 2004, he was "peacefully walking" near his residence in Jacksboro, Tennessee, when he noticed Campbell County Sheriff's Deputies Darrell Mongar and Dustin Rose following him in a county vehicle. *Pro se* plaintiff states that he stopped walking and asked defendants Mongar and Rose their

2

purpose. [*See* Doc. 36]. A discussion between *pro se* plaintiff and defendant Mongar followed. [*Id.*]. At some point, defendants Mongar and Rose exited their vehicle, and "frisked the plaintiff and searched his pockets, each holding one of the plaintiff's arms . . . ." *Pro se* plaintiff claims he protested by stating that he did not have anything in his pockets because "he was jogging near his residence." [*Id.*].

Following *pro se* plaintiff's protests, according to the complaint, defendant Rose stated that *pro se* plaintiff was "resisting" and sprayed *pro se* plaintiff, causing him to lose consciousness. [*Id.*]. *Pro se* plaintiff states that at this time, defendant Mongar shouted at him and "with forethought, with unnecessary and extreme rigor, continued to assail the plaintiff before and after plaintiff was in restraints . . . ." [*Id.* at 2]. At some point, Tennessee State Trooper Rick Woodward arrived on the scene, and *pro se* plaintiff states that he sought medical assistance from defendant Woodward, because *pro se* plaintiff was suffering from periodic unconsciousness and "spasmodic seizures resulting from head trauma." [*Id.*]. *Pro se* plaintiff complains that defendants Mongar, Rose, and Woodward all denied him medical assistance. [*Id.*].

*Pro se* plaintiff alleges that the physical altercation continued when he was taken to the Campbell County jail. [*Id.*]. While there, *pro se* plaintiff alleges that he was taunted and threatened with police dogs. [*Id.*]. In addition, *pro se* plaintiff complains that he was denied copies of the Tennessee Constitution and state statutes and was beaten by Campbell County correctional officers. [*Id.*]. He further alleges that the jail conditions were deplorable and that he was held there for two weeks before being released. [*Id.*].

3

Following his release from Campbell County jail, *pro se* plaintiff alleges that Campbell County General Sessions Court caused him to be falsely imprisoned for four months while he was being evaluated at Lakeshore Mental Health Institute. [*Id*. at 3]. While there, *pro se* plaintiff alleges that he was forced to take medications to which he was allergic. [*Id*.]. Later, *pro se* plaintiff complains that the Campbell County General Sessions Court denied him a speedy trial and subjected him to double jeopardy in violation of his constitutional rights. [*Id*.].

As a result of these alleged misdeeds, *pro se* plaintiff seeks compensatory and punitive damages. [*Id*.]. He seems to allege that defendants State of Tennessee and Rick Woodward committed a violation of 42 U.S.C. § 1983 as well as other state law claims. [*Id*. at 4].

Defendants State of Tennessee and Woodward filed the instant motion to dismiss for failure to state a claim for which relief may be granted, because defendants argue that the State of Tennessee and Trooper Woodward, in his official capacity, are not persons subject to suit pursuant to 42 U.S.C. § 1983. Furthermore, defendants argue that the Eleventh Amendment bars suit against defendants State of Tennessee and Woodward in his official capacity. Finally, defendants contend that *pro se* plaintiff lacks standing to seek equitable relief against defendant Woodward. [*See* Docs. 11, 12, 87, 88].

4

## II. Discussion

### A. State of Tennessee

#### 1. *42 U.S.C. § 1983*

Federal statute authorizes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Such a claim may be brought against "every person" acting under the color of law to cause the deprivation. *Id*. The term "person" is not defined by the statute, but the Supreme Court has held that "person" does not include states or state agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In the present case, *pro se* plaintiff has brought a § 1983 claim against defendant State of Tennessee. Such a claim is not authorized by the statute, however, because defendant State of Tennessee is not a "person" within the meaning of § 1983. *See id.* Accordingly, *pro se* plaintiff's § 1983 claims against defendant State of Tennessee will be dismissed.

#### 2. *Eleventh Amendment*

In addition to his § 1983 claims, however, *pro se* plaintiff has also alleged state law claims against defendant State of Tennessee. "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. As originally drafted, the scope of the Amendment was limited to only those suits brought against a state by out-of-state or foreign citizens. The Supreme Court expanded application of the Amendment to preclude suits brought by both

5

in-state and out-of-state citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). Under current law, the Amendment bars federal court jurisdiction whenever any private citizen attempts to sue a state, regardless whether the citizen seeks legal or equitable relief, unless Congress expressly abrogates immunity or the state waives its immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted). *See also Hoffman v. Conn. Dep't of Income Maint.*, 492 U.S. 96 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Lawson v. Shelby County, Tenn.*, 211 F.3d 331 (6th Cir. 2000).

In the present case, there is no evidence that defendant State of Tennessee has consented to suit for the state law claims *pro se* plaintiff has asserted. Accordingly, *pro se* plaintiff's state law claims against defendant State of Tennessee will be dismissed. There being no other claims against defendant State of Tennessee, it will be dismissed from this case.

B.  Trooper Rick Woodward

A plaintiff is assumed to have sued a defendant in his official capacity where there is no indication that he is being sued in his individual capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 773-74 (2001); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). On the other hand, pleadings by *pro se* litigants are entitled to particularly liberal construction. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

In the present case, *pro se* plaintiff's original complaint did not specify whether Trooper Woodward was being sued in his official or his individual capacity. [*See* Doc. 3]. His second amended complaint, however, specifies clearly that defendant Woodward is being

6

sued in his individual capacity. [*See* Doc. 36]. Nevertheless, defendant Woodward argues that he is being sued in his official capacity and the claims against him should be dismissed. [*See* Docs. 12, 87]. In addition, he contends that *pro se* plaintiff lacks standing to seek equitable relief against him.

    1.    *Official Capacity*

As discussed above, 42 U.S.C. § 1983 authorizes a cause of action against "every person" acting under color of law for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." § 1983. Although a state official is literally a person, the term "person," as it is used in § 1983, does not include state officials who are sued in their official capacity, because such a suit is no different than a suit against the state itself, which is not permitted. *Will v. Mich. Dept. of State Police*, 491 U.S. at 71. *See also Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). Similarly, federal and state claims against state officials in their official capacities that seek legal relief are barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Pennhurst*, 465 U.S. at 103-06; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Therefore, in the present case any claims against defendant Woodward in his official capacity will be dismissed, but those claims brought against him in his individual capacity, as alleged in *pro se* plaintiff's amended complaint [Doc. 36], will not be dismissed.

    2.    *Standing to Seek Equitable Relief*

To obtain equitable relief in federal court, a plaintiff must invoke the jurisdiction of the court by alleging a case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974).

Specifically, a plaintiff must allege the likelihood of substantial and irreparable injury and the inadequacy of legal remedies. *Id*. at 499. If a plaintiff cannot show that there is a real threat of a future harm similar to the past harm, there is not showing of a likelihood of substantial and irreparable injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 833 (6th Cir. 2001).

In the present case, defendant Woodward argues that *pro se* plaintiff has failed to establish that there is the likelihood of a substantial and irreparable injury sufficient to justify equitable relief, because *pro se* plaintiff has not alleged a real threat of a repetition of the alleged harms described by *pro se* plaintiff. Construing *pro se* plaintiff's complaint liberally, *see Hahn*, 190 F.3d at 715, the Court cannot find any allegation against defendant Woodward sufficient to justify the injunctive relief sought. *Pro se* plaintiff fails to allege the facts necessary to establish a likelihood of substantial and irreparable injury. Accordingly, *pro se* plaintiff's request for injunctive relief against defendant Woodward will be dismissed.

**III.    Conclusion**

*Pro se* plaintiff complains that defendants State of Tennessee and Woodward are liable for violations of his constitutional rights and for various state law claims. [See Doc. 36]. Defendants State of Tennessee and Woodward have filed the instant motion to dismiss for failure to state a claim for which relief may be granted, because defendants State of Tennessee and Woodward, in his official capacity, are not persons subject to suit under 42 U.S.C. § 1983. Defendants also argue that the Eleventh Amendment bars all *pro se* plaintiff's claims against defendant State of Tennessee and Woodward, in his official

8

capacity. Finally, defendants contend that *pro se* plaintiff lacks standing to seek equitable relief against defendant Woodward.

For the foregoing reasons, defendants' motion to dismiss [Docs. 11, 87] will be granted. All claims against defendant State of Tennessee will be dismissed, and defendant State of Tennessee will be dismissed from further proceedings in this case. In addition, any claims against defendant Woodward in his official capacity will be dismissed, but any claims against him in his individual capacity, as alleged in *pro se* plaintiff's amended complaint [Doc. 36] will not be dismissed. Finally, *pro se* plaintiff's claim for injunctive relief against defendant Woodward also will be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:04-cv-00344   Document 111   Filed 01/03/06   Page 9 of 9   PageID #: 63