UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |  |
|---|---|---|
| RUSTIN G. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-344 |
| | ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 141, 142, 155] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of various motions [Docs. 130, 132, 134, 138, 139, 144, 151]. The undersigned conducted a hearing on these motions on April 12, 2006.

**I.     Motions Related to BWXT Y-12**

Non-party BWXT Y-12, L.L.C. ("BWXT Y-12") moves to quash the subpoena duces tecum served upon Quinn Windham, counsel for BWXT Y-12 [Docs. 130, 134] and for a protective order prohibiting the deposition of Mr. Windham [Doc. 132]. The plaintiff, proceeding *pro se*, filed a motion to compel BWXT Y-12 [Doc. 139], but subsequently moved to withdraw that motion. [Doc. 151]. Counsel for BWXT Y-12 announced at the hearing that its motions are now moot in light of the plaintiff's withdrawal of his motion to compel. The plaintiff agreed with this assessment. Accordingly, the plaintiff's request to withdraw the Motion to Compel Y-12 [Doc. 151]

is **GRANTED**, and the plaintiff's Motion to Compel Y-12 [Doc. 139] is deemed **WITHDRAWN**. Furthermore, BWXT Y-12's Motion to Quash Subpoena of "Quinn Windham Representing Y-12 National Security Complex" [Doc. 130]; the Motion for a Protective Order by BWXT Y-12 With Respect to the Notice of Deposition to Attorney Quinn Windham [Doc. 132]; and BWXT Y-12's Second Motion to Quash Subpoena and For a Protective Order Limiting Discovery [Doc. 134] are now moot and are therefore **DENIED AS MOOT**.

II. **Plaintiff's Motion to Compel Campbell County Defendants**

The plaintiff moves to compel the Campbell County defendants. [Doc. 138]. For good cause shown, the defendants are **ORDERED** to supplement their responses to the plaintiff's interrogatories and requests for production by **April 17, 2006**. The Court will hold a hearing on **April 26, 2006 at 9:30 a.m.** to further address the plaintiff's motion in light of the defendants' supplemental responses.

III. **Campbell County Defendants' Motion to Dismiss**

The Campbell County defendants move to dismiss the plaintiff's case for failure to prosecute or to otherwise comply with the Orders of this Court. [Doc. 144]. For grounds, the defendants argue that the plaintiff refused to answer questions at his deposition without any legally recognizable basis for doing so. The plaintiff admits that he stopped answering questions during his deposition because it appeared to him that the defendants had not produced certain items in their initial disclosures.

The parties are reminded that their respective obligations to comply with the Rules of Civil Procedure are not dependent upon whether the opposing party has or has not complied with its discovery obligations under the Rules. See, e.g. Fed. R. Civ. P. 26(a)(1) ("A party . . . is not

2

excused from making its disclosures . . . because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."); <u>Reyes v. Wilson Memorial Hosp.</u>, 102 F. Supp. 2d 798, 826 (S.D. Ohio 1998) ("The remedy for a party that has not complied with requests for discovery is a motion to compel or a motion for a finding of contempt.") (denying request for Fed. R. Civ. P. 56(f) extension of time).

The Court has reviewed the transcript of the plaintiff's February 21, 2006 deposition and finds that the plaintiff refused to answer the defendants' questions without any legitimate reason for doing so. Accordingly, the Court hereby **ORDERS** the plaintiff to make himself available for another deposition. The defendants' Motion to Dismiss for Failure to Prosecute or Otherwise Comply with the Orders of This Court [Doc. 144] is **DENIED** at this time. However, the plaintiff is hereby put on notice that failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions and possibly the dismissal of this lawsuit. <u>See</u> Fed. R. Civ. P. 37(b)(2)(C).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3