UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RUSTIN G. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-344 |
| | ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 165] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of C. Frank Rapier's Motion to Quash Subpoena [Doc. 163].

Non-party C. Frank Rapier ("Rapier"), Director of Appalachia HIDTA, moves to quash the subpoena served upon him by the plaintiff. [Doc. 163]. The subpoena commands Rapier (1) to appear for trial on October 24, 2006; (2) to appear for a deposition in LaFollette, Tennessee on July 17, 2006; and (3) to produce documents at the plaintiff's residence in Jacksboro, Tennessee on July 10, 2006.

Rapier argues that the subpoena should be quashed because HIDTA does not have any documents or information pertaining to the plaintiff or the defendants, with the exception that defendant Darryl Mongar attended two HIDTA co-sponsored classes related to highway interdiction in August, 2005. Rapier further argues that he lives well over 100 miles from the locations stated

in the subpoena, and that traveling to Tennessee on three separate occasions would cause considerable expense and hardship upon him. Finally, he argues that the subpoena requires the production of documents at the plaintiff's home, which Rapier believes would "cause a potentially stressful situation" given that he has never had any prior communications with the plaintiff. In short, Rapier argues, HIDTA "simply has nothing to offer in this matter."

The Court finds the motion to quash to be well-taken. The Court finds that the subpoena subjects Rapier to undue burden. Fed. R. Civ. P. 45(b)(3)(A)(iv). Furthermore, the subpoena requires him to travel more than 100 miles from his residence. Fed. R. Civ. P. 45(b)(3)(A)(ii) and (b)(3)(B)(iii). Accordingly, for these reasons, the Motion to Quash Subpoena [Doc. 163] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge