UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-344 |
| ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The Court finds it necessary to address a multitude of improper filings and inappropriate communications it recently has received from the plaintiff in this case.

**I.      August 8, 2006 Filings**

On August 8, 2006, the plaintiff filed a "Request for Admittals from Paul Summers" [Doc. 185] and a "Request for Admittals from Phil Bredesen" [Doc. 186]. These filings are in direct contravention of Rule 5(d) of the Federal Rules of Civil Procedure, which prohibits the filing of discovery requests until they are used in a Court proceeding or the Court orders their filing. As these discovery requests have not as yet been used in a Court proceeding, nor has the Court ordered their filing, these requests should not have been filed with the Court. Accordingly, the "Request for Admittals from Paul Summers" [Doc. 185] and the "Request for Admittals from Phil Bredesen" [Doc. 184]. shall be **STRICKEN** from the Court's file.

## II. Emails

The plaintiff was permitted to contact the Court's chambers by email, for the limited purpose of sending an outline of the discovery issues he planned to raise at a discovery conference before the undersigned. Since that time, however, the plaintiff has sent multiple emails to the Court's administrative assistant, emails which are often incoherent and inappropriate in nature.

The plaintiff sent a total of five emails to the Court's administrative assistant on Sunday, August 6, 2006. The first email was sent at 12:22 a.m. and is addressed directly to the Court's administrative assistant. It was copied to defense counsel as well, and contains the following message:

> When was that deposition supposed to be? I thought I had it written down. Anyways tired of asking Vandevate [sic] for a notice. Could you email me a copy of the order? Thought it would be in the mail, but just got the order to appear in Court this Saturday.
>
> Basically **it seems hard for the court to understand**, I need an actually [sic] written notice before I start appearing somewhere. **Lets' [sic] pretend to be professional. [A]t least be up to my standards.**

(Emphasis added).

The disparaging, sarcastic tone of this email is completely inappropriate. The plaintiff is essentially accusing the Court's administrative assistant of not being professional, at least not up to the "professional standards" of the plaintiff. The Court finds that the plaintiff's remarks are anything but professional, and the Court will not tolerate this kind of disparaging, sarcastic language from a litigant. The plaintiff is admonished from making such remarks to opposing counsel or the Court's staff in the future.

The second email, which was sent at 6:07 p.m., is entitled "Identity Theft" and was sent to the Court's administrative assistant and several other unknown recipients (who, by their email addresses, do not appear to have any connection whatsoever with this case). The email message states as follows:

> Of course I'm having a hard time collecting records and there seems to [sic] single place I"m [sic] able to place a complaint. [A]nd [sic] State of Tennessee and Campbell County seem particularly inactive in responding and even hang up the phone.

Attached to this email is a forwarded email from the plaintiff to various recipients, including persons apparently affiliated with the Knoxville Police Department, the City of Berea, and the City of Richmond, Kentucky (again, not entities that are involved in any manner whatsoever in this case). The forwarded email sets forth allegations related to the theft of the plaintiff's wallet in 1992 and the subsequent alleged fraudulent use of his driver's license by individuals who are not parties to this action.

The Court finds the plaintiff's email to be inappropriate for several reasons. First, this email was not sent to counsel for the defendants and therefore constitutes an improper ex parte communication. More importantly, however, the subject of the forwarded email does not appear to have anything to do with any of the claims or defenses asserted in this case. Furthermore, the plaintiff's email does not request any specific action from the Court and is generally incoherent. The Court does not appreciate these kinds of improper, ex parte communications, and the plaintiff will not be permitted to send such communications to the Court in the future.

The third email was sent to the Court's administrative assistant and counsel for the defendants in this case at 10:34 p.m. The email is entitled "Request for Admittals" and is addressed primarily to attorney Dawn Jordan. Attached to the email are the plaintiff's fifth supplemental

3

disclosures and "requests for admittals" directed to Attorney General Paul Summers and Governor Phil Bredesen. This third email is improper because the plaintiff had no reason to copy the Court on this communication. This appears to be a communication between the plaintiff and defense counsel with respect to certain discovery matters which have not, as of yet, risen to the level of a dispute requiring judicial intervention. Accordingly, there was no need to send these documents to the Court.

The fourth email was sent to the Court's administrative assistant and counsel for the defendants at 10:37 p.m. and was entitled "copy of requested subpoena's [sic]." This email was sent to counsel for the defendants and copied to the Court's administrative assistant. The message of this email states: "I'm supposing each piece of discovery has to be check[ed] by Judge Shirley now." Attached to this email are seven subpoenas, which appear to be incomplete trial subpoenas to various witnesses. Some of the witnesses are listed by name only and do not have accompanying addresses. While the subpoenas direct the witnesses to appear for trial, no date or time for that trial is listed in the subpoenas. The subpoenas are also not signed.

This fourth email communication is also improper for several reasons. First, the Court has not up to this point required the parties to submit discovery requests to the Court to be "checked" prior to being served on the other parties.[1] Second, the trial subpoenas attached to the

---

[1] Given the plaintiff's repeated failure to comply with the Rules of Civil Procedure in serving and responding to discovery, it is tempting to consider requiring discovery to be "pre-approved" by the Court. However, the Court has not done so, and therefore, the plaintiff's email communication was unnecessary and improper.

plaintiff's email should not have been sent to the Court's chambers for any reason and instead should have been filed with the Clerk's Office.[2]

On August 9, 2006, at 6:55 p.m., the plaintiff sent a fifth email to the Court's administrative assistant and to defense counsel, entitled "scheudalling" [sic], which states as follows:

> Peter Vandevate [sic] has told me that he would find the name of the Armorer at the Campbell County Sheriff's Office and again said that I shouldn't talk to his client **(apparently he thinks his client is anyone he can think of) But as we are all aware his verbal promises aren't worth much.** So unless he does come forward with the name of the Armorer, we still need to schedule that call to the sheriff's office as they seem to prefer to hang up the phone.
>
> Also I believe Mrs. Jordan want [sic] to say something about her answers to the Admittals.

(Emphasis added).

This email is inappropriate for a number of reasons. First, the plaintiff sarcastically accuses attorney Van de Vate of "think[ing] his client is anyone he can think of." However, Mr. Van de Vate <u>does</u> represent the Campbell County Sheriff's Department. Accordingly, it is improper for the plaintiff to contact the Campbell County Sheriff's Department directly about this case, and he is admonished to refrain from doing so in the future. Second, the plaintiff's email appears to be seeking the assistance of the Court in setting up a telephone call between the plaintiff and the Campbell County Sheriff's Department. However, the Court is not in the business of scheduling calls between the plaintiff and other parties, especially parties that are represented by counsel.

This email message is especially troubling to the Court due to the plaintiff's disparaging remarks about defense counsel. The Court will not tolerate any party or attorney

---

[2]Of course, the subpoenas were incomplete and therefore would not have been accepted for filing.

impugning the integrity or honesty of a lawyer in this manner, and the plaintiff is admonished from making such statements to the Court in the future.

Given the multitude of improper email communications, it is hereby **ORDERED** that the plaintiff is hereby prohibited from contacting the Court's chambers by email (including the Court's administrative assistant) without explicit permission from the Court. Moreover, if the plaintiff continues to make inappropriate, disparaging remarks about opposing counsel or the Court's staff, whether orally, in writing or by electronic means, the plaintiff is hereby put on notice that he may be found in contempt of Court and may be subject to sanctions, including monetary fines.

The plaintiff is further reminded that if the plaintiff believes that he has a discovery dispute in the future that requires judicial intervention, the plaintiff shall be required to fully comply with each step of the three-step process set forth in the Scheduling Order [Doc. 74] entered by Judge Varlan in this case:

> (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge assigned to this case; (3) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include the written certification required by Rule 37(a)(2)(A), if applicable.

Scheduling Order ¶ 4(i) [Doc. 74].

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge