IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE  FILED

| | |
|---|---|
| Rustin G. Jackson ) | |
| v. ) | Civil Action No. 3:04-cv-00344 |
| State of Tennessee ) | Judge Varlan/Judge Shirley |
| County of Campbell as a body politic, ) | |
| Darryl Mongar, Dustin Rose, ) | |
| Rick Woodward ) | |
| In their Individual Capacities et al ) | |

## Plaintiff's Discovery Dispute Against Defendants

As ordered my Judge Shirley, I am filing my Discovery Disputes against the Defendants in the above styled case. There have been numerous hearings concerning these discovery disputes, as the Defendants refuse to discuss certain topics, and provide Disclosure on their own, releasing only information after having been compelled to do so by the Magistrate. There is still Ordered and Compelled Discovery still outstanding now 60 days passed Discovery Limit set by Scheduling order.

I object to the Opposing Counsel have often said their "Concerns" about discovery, or stated in the Rick Woodward's Opposition to Plaintiff's Motion for Continuance, that they have been "lenient" during the Discovery process, as their concerns have been unmerited and I would challenge them to specifically find a single instance where they have been lenient in asking me for Disclosure of my vitals and many irrelevant particulars. Their actions and diatribes have shown no leniency whatsoever, and yet they have no disclosure dispute against me, but continue act in a superior manner while their own Disclosure is greatly lacking, both against my requests and against the orders of this Court. They have delayed matters considerably in Disclosing far after they were required to do so, been ordered to do so, and indeed even been compelled to do so. As the trial date now nears, and we are in the finale preparations for this trail by Jury, even after I've filed motions for Sanctions, they still have not produced what they said they would, information as pertinent to this case as the last known addresses of listed witnesses Billy Marlow or Charles Byrge, and the other information is in possession of the Defendants or easily obtained the Defense Counsel.

The requests for the following Discovery (paragraphs 1-7) having been served upon the Defendants Campbell County, Darrel Mongar nearly 9 months (Interrogatories were served on Campbell County on January 23, 2006, Darrel Mongar on; and Dustin Rose on) ago, and Plaintiff's Motion to Compel was granted by Order of this Court on 4/17/06 that the Defendants were to supplement there answers by 4/17/06 (document 160) and that while my case may be unwanted, it is before the court, and I ask for the following:

1. That Counsel Mr. Vandervate for the defense submits a complete witness list with vital information, rather than referring to opposing parties (my) witness list.

    a. That the defense simply does not state that my any and all of my witnesses are there witnesses without any preparation or grounds by the Defendants part to call my witnesses as their witnesses.
    b. That the last known addresses which I have been requesting from Mr. Vandevate of two witnesses Billy Marlow and Charles Andrew Byrge be provided to me by the Defendant Campbell County as they have been listed as witnesses to this Court at least 20 days prior to trail date, as he has listed them as his witnesses as well.

2. That the Campbell County Sheriff's Office be required to either admit or deny under oath, verified by first hand accounts of their employees of the physical force Billy Marlow used against me while I was in custody between March 21, 2006 and my release, as from the interrogatories and during depositions they've only disavowed knowledge of any activities of Billy Marlow and other Campbell County Correctional Officers, have not asked the employees of any incident, and have refused to Disclose Billy Marlow's last known address.

    a. First requested from Defendants by interrogatory on December 24 2006.
    b. Defendant Campbell County has refused Disclosure concerning this incident, even to delegate those prepared to answer on the subject.
    c. Page 59 of Aug. 2, 2006, Mr. Vandevate: I won't do it unless you order it, Those people have their privacy and their right not to be bother my Mr. Jackson.
    d. During Depositions of the Campbell County Jail Administration Defense for Campbell County besides refusing to delegate answers as specified by notice of subpoena (attached) also told Campbell County employees not to answer questions they didn't know, not to ask each other even in an administrative capacity for answer requested by interrogatories and during depositions of Campbell County :
        i. Mr. Vandervate: Don't say anything you don't know.
           Officer Brian Nelson: I don't know, something to do with drugs.
           ……
        ii. (after asking if he had asked employees about incidents and if he could ask them).
            Mr. Vandevate: no he can't do that. Mr. Jackson: … of Billy Marlow choking me.
            ……
            Mr. Jackson: could you ask the employees of the Jail about this incident.
            Officer Brian Nelson: I could ask.
            Mr. Jackson: I appreciate that.

Mr. Vandevate: No. he said he could. He's not going to. As a supervisor he could.

Mr. Vandevate and Officer Nelson then further refused to answer or agree to ask their employee's of this matter, even after I had pointed out that was the purpose of the Deposition as noticed.

3. That Campbell County Jail records requested to include (pages 51-64 of August 2, 2006 Discovery hearing transcript):
   a. Logs of incarceration areas, including names of other detained persons as redundant witnesses to an incident to actions of Billy Marlow of at least one other Campbell County Correctional officer (actually since the one log page I did receive was incorrect in which cell I was in, pictures of detainees would be useful as I don't know any of them besides the ones named on my witness list, nor due to concussion able to remember names that were given. Pictures of Detainees were not requested however.).
   b. Records of my being moved from "the drunk tank", Maximum Security and Cells within general population, and
   c. The required incident report concerning actions of Billy Marlow and to other Campbell County Correctional officers against myself while I was held with the general population when complained about by another inmate.
   d. Or reasons for there not being such required incident reports
   e. That the incident reports of movement are required as Campbell County itself states in Compelled Supplemented Answers:
      "the plaintiff was moved from time to time due to conflicts, real and/or perceived by jail personnel, that the plaintiff and the other inmates in the cell with him were in conflict that threatened the health and safety of the plaintiff, the other inmates, the jail staff and the facility in general."
      Such (if any) perceived threats requiring action do also require an incident report with each action.
   f. Campbell County Still has not provided these complete logs as requested last time on August 2, 2006 (page 58):
      THE COURT: If you are, I want you to provide it (logs of Campbell County) to him and provide documentation that you did so, because obviously, we'll have to hear about it again later if you don't.
      MR Vandevate: Yes, your Honor.

4. The Records requested on November 10, 2005 of Darrel Mongar's employment prior to his becoming an officer with the Campbell County Sheriff's office, in that, records from his previous job as a highly paid security officer be forthcoming, and reasons to leaving to a much lower paying job with the Sheriff's office. After several varied and different answers by Darrel Mongar, requested documents from his previous employer was requested. Request for documents

has been subpoenaed from the NNSA (outstanding), ordered by the Court from the Defendant and not provided. The latest request was on August 2, 2006 where by transcript:
> Mr. Van de Vate states, "I believe he (Darrel Mongar) called me actually last week to tell me that he had received this information and that he is at present redacting it for personal information and to determine which is that work history that is relevant and the documents that are included in that that are relevant to his work history and not his personal, private information."

5. Drug tests of named Defendants Darrel Mongar and Dustin Rose during their duty with the Campbell County Sheriff's Office.
    a. That during the Magistrate hearing August 2, 2006 (pages 39-50) Mr. Vandevate did agree to disclose if there a was any drug test of the Defendants as of March 17, 2004 (WHICH HE HAS FAILED TO DO SO) for either defendant Darrel Mongar and Dustin Rose. Judge Shirley wanted to limit it to test made that day, as if it were a alcohol test, I object and ask for the nearest drug test of the Defendants after that date for the following reasons:
        i. It is common knowledge that drugs remain in the system much longer than that of alcohol, and that illicit drugs will have a positive test days and even months after used (usually at least 60 days after a single use does the body still react to the more prevalent recreational drugs), and that a test of the defendants near or after that time is relevant, even if said test do not test for abuse of pain killers or other widely misused pharmaceuticals.
        ii. If someone uses drugs in a recreational manner, studies say that single use is the exception and repeated use regular, and frankly while if the Deputies were under the immediate affects of drugs is pertinent at that time, being under the long term use of recreational drugs and under the long term influence of dealers of illicit drugs is far more detrimental than that of an occasional use or incidental intake (given proper medical care if needed).
        iii. That while the Court seems to make a difference between my rights and everyone else's on page 47, "Everybody's; not yours. Okay? And what you're proposing is that what they've done for you is proper and that not only is it proper, but I should do that to every person in every case that I have." Seems to me that if such wide initiative against private and Constitutional rights are made against individuals because being "suspected of drug use", then surely drug tests that have occurred already should be readily available, especially when they are Public Records of Public Service for a publicly elected entity. I've been drug tested due to the Defendants false allegations (negative btw) against supposed privacy rights, not only that, but forced to take heavy daily doses of dangerous pharmaceuticals while I have strong mores against

doing so. Where are the tests of those that have accused? Such as Darrell Mongars long slander saying that I am a maggot addicted to drugs and that I am junkie he allegedly got fired due to illicit drug use. Points to the question, why are the Defendants test's hidden when they widely accuse others of illicit drug use? Not to say accusing someone else implies that the accuser is clean, but often the actionable party either accuses or avoids; to use a metaphor one bluffs or folds, so I call. Especially when the person that is supposed to test the Campbell County Sheriff's Officers is fired for theft of pharmaceuticals from Campbell County Jail Inmates and illicit drug use, and that I've already stated in my Complaint of the heavy drug trafficking taking place in the Campbell County Jail via trusted personnel, which must in of itself must involve the Campbell County Sheriff's Office as it's Administrator, by which Billy Marlow was employed and the Deputies Darrel Mongar and Dustin Rose are still employed. Not to mention the $245,494.05 (Two hundred forty five thousand four hundred ninety four dollars and 5 cents) budgeted to spend on drugs within the jail facility with an total annual budget of $557,495.16, bearing in mind I had to go back to the Jail after my release because they allegedly "forgot" to include any prescription medicines with property returned to those release. (Given their reputation, how many released detainees does one think would go back to retrieve the "forgotten" medicine or medication?) That the assault on myself by three Campbell County Correctional Officers was by a complaint by an inmate who himself was under the influence of an illicit drug, "snorting" white powder passed to him "through the bars". By any of these facts, I can pursue the Defendants by the Drug Dealer Liability Act seeking compensation for damages far beyond normal limits considering they had forced drugs upon me, and I have been furthered injured by fault by persons under the influence of illicit drugs gained by that person while we were both under Campbell Counties care and one must assume by negligence or by the facilitation of the employees of the Campbell County Sheriff's Department, and indeed their employees/contractors were habitual users during my incarceration (occasionally they make the headlines), they also need to be tested for pharmaceuticals in their Disclosure to me. I no longer wonder if my work on ONDCP contracts caused the people involved in this untoward behavior within this facility (and other strongholds) ill will towards me, I'm sure of it. You better believe I'm requesting drug tests of these employees, and actually would like to test some the lawyers in the County as well.

iv. If there is no legal recourse for an individual to access these records, who's watching the watchers? Given the County has the additional burden of being labeled a HIDTA target area, seems

> I've been the last to join in suspicions of this nature, and only
> while under duress by the Defendants themselves and having to
> witness such activities first hand while under their alleged care.

6. Records of stops by Campbell County Road Officers of myself or anyone using my Drivers License Number or a vehicle registered in my name between 1997 and March 17, 2004, besides the one listed in 2001 and 2004 in which Darrel Mongar was the filing officer (pages 64-72) in which Mr. Vandevate representing Campbell County did agree to confirm myself being stopped to which I have given dates, locations and officers involved. (WHICH CAMPBELL COUNTY HAS FAILED TO DO SO). And other records that the Defendant Campbell Count first said did not exist. Last time was on August 2, 2006 (page 68 of transcript):
   > THE COURT: And see if you have a record of Mr. Jackson being stopped.
   > MR. Van de Vate: I believe we've done it , but I will do it again.
   > THE COURT: I'd like just a verification that you've checked and what it revealed.

7. Records of alerts against my license or vehicle within Campbell County between 1997 and present day. (See interrogatories, plus numerous Discovery Dispute Hearings in the above styled case).

8. Records of complaints against myself between 1997 till present besides the complaint released to my concerning suspicious person on March 17, 2006 and released complaint filed by Jessica Jackson on 7/5/2003. I am particular curious as to the 2001 records stemming from 1/27/2003 in which while I know my lawyer told me it was dismissed without prejudice, Campbell County records contradict that in falsely saying that I pled guilty and paid fines. I know I didn't pay any fines on that occasion, and frankly wish to know who did (if anyone, and NOT to thank them either). Again Defendant Campbell County has refused these records to me, and through the many times of Discovery Hearings Defense for CAMPBELL COUNTY HAS PROMISED ME AND THE COURT THAT THE RECORDS WOULD BE PROVIDED AND FAILED TO DO SO (also see paragraph 6, and paragraph one that was asked of the Rick Woodward below, as I have not records of tests conducted by Ridgeview in October of 2003, just a order appearing on the Scheduling of Campbell County Sessions Court, and bill summary from Ridgeview, See also paragraph 6 above).

9. A Defense Theory be provided to me by Campbell County (Which has not been provided to me per scheduling order).

10. A Defense Theory be provided to me by Darrel Mongar (Which has not been provided to me per scheduling order).

11. A Defense Theory be provided to me by Dustin Rose (Which has not been provided to me per scheduling order).

12. That the Federal Rules of Civil procedure by which I and the Defense agreed to comply and use during the Discovery Process be enforced upon the Defendants in the above styled case, and appropriate action be taken in consideration of Defendants Campbell Counties and Darrel Mongar's Failure to Disclose and Failure to obey Court Orders.

13. That if there is not Judgment against the Defendants Campbell County and Darrell Mongar due to Sanctions, that the Trail be delayed until the Defendants have provided aforementioned Disclosure.

14. Attached are the Interrogatories and Request for Production of Documents by Defendant Campbell County, which show the unwillingness to answer (only attaching two questions), and wrongly listing Linda Chapman as a complainant against myself in a third.

Plaintiff asks that the following be presented by the State Attorney Generals Office (representing the individual Rick Woodward in this case, and having such information within their Offices), primarily simply the admission to receiving Correspondence from myself in 2003, and Disclosing the Source of false information that I have been asked to verify, used in questions during my deposition. Having FAILED to Disclose the requested information to me.

1. Counsel for Co-Defendant State of Tennessee was first asked to verify the correspondence by interrogatives on November 22, 2005. The State of Tennessee was not dismissed as a Defendant until January 03, 2006. Seems that the answers to interrogatories should have been answered by that time.

2. The Request for Admissions that directly contradict Darrel Mongar's statement of not having conversed with me since 2001. I've sent to the State Attorney's Office by decision of the Magistrate Court during a Discovery Dispute Hearing on August 2, 2006: page 9 of transcript:

> THE COURT: All right. I believe I'm going to grant the motion to quash the subpoenas.
> Mr. Jackson: Your Honor, I don't' think there any basis, F.R.C.P. 45, to quash the subpoenas.
> THE COURT: Because you're going to ask them to admit you sent the letter, which is the same thing you want to go ask the governor, and I think we just discussed that it would be a far better use of everybody's time and money to get them to admit you sent the letter than for everybody to spend thousands of dollars and to inconvenience the governor for you to say, "Did I send you this letter?" And him to say, "I don't have a clue."

3. Counsel for Rick Woodward has often challenged my Complaints on mental stability though deemed competent and all mental illness issues also deemed resolved by the State Mental Hospital after the 90 forensic evaluation, yet I remember what she has said when she apparently has no. Medical Records which Defense for Rick Woodward stated as a confidential (somehow stating the records were confidential from even me, being my own medical records) source of questions during my Deposition in one Discovery Hearing, in the next Discovery hearing on August 2, 2006 stating it wasn't from medical records that it was "from other sources" with documentation. Either way State/County records show that allegedly my mental evaluation was ordered on 10/17/2003 which apparently there were charges to the State of Tennessee by Ridgeview. I know I didn't attend any mental evaluation in 2003, nor was I aware of any orders to do so. I want to know what the charges from Ridgeview in 2003 pertained to and what documentation they have of any such visit, allegedly from myself, especially since I know Defense for Rick Woodward has entered the fees from Ridgeview in 2003 into exhibit during my first deposition.

Attached:
   a. Responses to Campbell County to Plaintiff's Interrogatories and Pequest for Production of Documents
   b. Requests for Admissions by Paul Summers
   c. Rustin G. Jackson's Interrogatories of the State of Tennessee and Request for Production of Documents
   d. Plaintiff's Notice of Deposition of Campbell County as a Body Politic

Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro, TN 37757

## Certificate of Service

**Plaintiff's Discovery Dispute Against Defendants**

I here by certify that on or by the 22nd day of September, 2006, a true and exact copy of the Above Documents in Civil Action No: 3:04-CV-000344 has been delivered by first class mail to the parties indicated.

    Clerk of Court
    United States District Court
    Knoxville Division
    800 Market Street, Suite 130
    Knoxville TN, 37902

    Dawn Jordon
    Representing Rick Woodward (as an individual)
    Office of the Attorney General
    P.O. Box 20207
    Nashville, TN 37202-0207

    Peter D. Van De Vate
    Representing Campbell County, Darrel Mongar & Dustin Rose
    P.O. Box 30201
    Knoxville, TN 37930-0201