IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE



| | |
|---|---|
| Rustin G. Jackson | ) |
| v. | ) Civil Action No. 3:04-cv-344 |
| State of Tennessee | ) Judge Varlan |
| County of Campbell as a body politic, | ) |
| City of Jacksboro, Darryl Mongar, | ) |
| Dustin Rose, Rick Woodward, et al | ) |

2006 SEP 26 P 12: 20

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEPT. CLERK

### Rustin G. Jackson's Request for Admittals from Paul Summers

The PLAINTIFF, RUSTIN G JACKSON, now appears and requests the following Admittals to be answered by the Paul Summers (Office of the Attorney General of the State of Tennessee) fully and sufficiently, in writing and under oath.

**Definitions for the following Request for Admittals:**

"you" "yourself" refers to Paul Summers, then refers to State of Tennessee.

"your" and "yourself" refers to of, belonging to, or associated with Paul Summers, then refers to State of Tennessee;

## ADMITALS

1. Admit that you and your office received letters, email and correspondence from the Plaintiff in the above styled case (plaintiff's email then of lucidthought.net).

ANSWER:

2. Admit that the in the Correspondence the Plaintiff in the above styled case did state that he believe his safety was in jeopardy and did ask you and your office for assistance.

ANSWER:

3. Admit that the correspondence from the Plaintiff in the above styled case did include copies of the following attached documents:
    a. A letter to Mike Hatmaker.
    b. A short story of an incident starting at Woodson's.
    c. A letter you yourself from the Plaintiff

ANSWER:

4. Admit that in the correspondence of 2003 the Plaintiff described to you that he had recently met Darrel Mongar while the Plaintiff was attempting to recover some property of his at the Campbell County Sheriff's office and did mention the allegations made by Darrel Mongar, and the conversation between Darrel Mongar and himself.

ANSWER:

5. Admit that during the years 2003 and 2004 you or your office did not send any written response to the Plaintiff

ANSWER:

6. Admit that your office contacted or were contacted by law enforcement entities concerning the Plaintiff and his letters to you in 2003.

ANSWER:

7. Admit that during you disclosure to the Plaintiff in the Above Styled Case that your Office discovered False Records concerning the Plaintiff.

ANSWER

8. Admit that there as been no investigation of the False Records the State has concerning the Plaintiff.

ANSWER

9. Admit that Leslie Nassios, a public defender of Rustin G. Jackson in Knoxville in 2001, did leave the office of Public Defender to join the Attorney Generals Office without withdrawing as Defense for Rustin G. Jackson.

ANSWER

August 6, 2006

Plaintiff
Rustin G. Jackson
108 Chapman Lane
Jacksboro TN, 37757
rustingjacks@comcast.net

Rustin G. Jackson
108 Chapman Lane
Jacksboro TN 37757

Friday, October 31, 2003

Michael G. Hatmaker
571 Main Street
Jacksboro TN 37757

Question to ask, why were the police involved. Why were they called.

Over three years ago, Campbell County Deputy Monger pulled me over on what seemed like a random stop. He is the Cannon Unit presently, after conversing for a short time, information divulged after he questioned me about a stack of paperwork in the passengers seat with Law Enforcement seals showing, at the time I worked for HIDTA (Hi Intensity Drug Traffic Area) and CTAC (Counter-Drug Technology Assessment Center). He seemed to take great interest in me and my affairs since then. Yesterday he pointed himself out to me, asked me if I worked for HITDA reminding me of the incident. The reason for his interest is unknown. I had told him that it was sensitive information, and that I would appreciate him not telling anyone, but it seems him telling people about it brings him great joy.

I did ask my work three years ago about a grant for this area, the idea was roundly rejected by my supervisors, and seemed worried about any influence that would prompt me to ask.

In the last three years, I've been several times randomly stopped (too many times). Several times by Campbell County under very strange pretenses. One officer chased me to a stop light then came along side saying that I was a 'drive off' from a certain gas station. I told him I had not been there. He responded by saying he, "just wanted to try me out." and walked off. Attached is another description of such a stop.

I am worried about this undue interest in my activities and need see what we can do to make it otherwise.

Rustin G. Jackson

Attachment 2 / 5

3/25/03

I went to Woodson's World of Shopping there to purchase the oddities of my newly formed vegetarian diet and a copy of the LaFollette Press. I stopped to see what was happening at our local message board and check on some courses at Roane State. As I was driving down Jacksboro Pike, I found myself being followed by flashing lights while driving past "old-Woodson's". Two more cruisers joined the chase pulling in from side of the road where they had been waiting. Realizing that I wasn't speeding and could not be the target of any concern that I could have brought to bear; I continued to Sonic where I pulled into one of the berths (also being nervous about unexplained behavior from the local law enforcement, I wanted to be in a public place.)

An angry looking officer walked up to my window and asked to see my license. I asked the purpose of him being there as I showed him my license. He offered some bogus reasons as to why (that I was speeding), which I told him that I hadn't been, then he said erratic driving, again I told him that was not the case, he seemed angered even more; he looked like he wanted to do more, but looked about at all the witnesses, then he walked back to confer with his partner. He came back and said that the night manager a Woodson's had called and reported a suspicious person and had indicated the tan van. When he returned my license to me, he finally asked why I had been at Woodson's. I responded by lifting one of the plastic bags beside me bearing their logo. He apologized for bothering me and they went on their way. I proceeded to order a Slushie from the sonic girl who next appeared at my window, and went home.

Once I returned home, I called the mall to confirm that they had made the call. I asked for the night manager and it happened to be the person I was talking to. I asked him if he had indeed had called a complaint to confirm it hadn't been harassment. He hung up the phone. I pushed the redial button. This time he said there were "50 night managers here" and proceeded to rant about "it's not that simple" and refused to surrender his name. At this point I contacted Officer Mozingo who had responded to the complaint that they had filed. After sending a letter to the clerk, they sent me a copy of the complaint bearing the night managers name, "ORICK, DANNY" and the complaint of suspicious person (even though I happened to be wearing a suit if not tie at the time). I would love to hear a reason for complaint from the "want to be anonymous" management of a mall who didn't want shoppers.

I still wonder why Woodson's would drive business away. After attempting to be a staunch advocate for them, I finding myself asking the question; "Why?" and also wonder about the several times I've been stopped by very aggressive officers always seeming to mistake me for some other person. It entered my mind that the store could have been prompted by the officers, considering I had only been in the store a few minutes and noticed them pulling in the parking lot behind me, possibly being my vehicle's similarity to someone they find threatening.

Attachment 2 of 5

# Lucid Thought

June 6, 2003

Attorney General,

There is a case which has now been 2 years and 2 months in proceeding; in which misrepresentation, legal mal-practice, purgery, denial of speedy trail, refusal of discovery and inspection and ongoing negligence have been factors.

The then public defender, which now I have been led to believe by the court clerks office is with the prosecution refused to represent at the first appearance after the arraignment after minimal contact. Reason she would have for leaving her post are unknown to me. After she refused, she said the matter would be handled through the mail.

There have been at least 6 court dates that I now know of. One of which I was not informed of, and another in which the court itself was closed. For over two years now, my life was affect by their negligence. I was detained twice when I attempted to report cases of vandalism, grand theft and assaults upon my person by an identifiable group of people. I have been held for questioning a total of four months, without representation, without being read my rights and denied contact with a bondsman, though their papers stated bond was possible. I had local enforcement to see if there was anything outstanding that I should be made aware. I was assured there was ant. It wasn't until I contacted the public defenders office for my return of bail that I was even notified of the bench warrant from second sessions.

I finally retrieved the public records pertaining to the case 558945 in 2nd Sessions Court in Knoxville, Tennessee and found evidence of purgery and negligence in even the initial arrest. The actions of your office are in demand at this hearing. I will be defending myself. The next date for trail is July 8, 2003.

Rustin G. Jackson

Rev. Rustin G. Jackson

cc: Paul G. Summers
cc: John Ashcroft

(423)562-9253    108 Chapman Lane • Jackshoro, TN 37757    www.lucidthought.net

I, Paul Summers, after being duly sworn, make oath that the forgoing answers to the **Rustin G. Jackson's Request for Admittals from Paul Summers are true and fully answered to the best of my knowledge, information and belief.**

_____
Paul Summers
Attorney General of TENNESSEE


STATE OF TENNESSEE

COUNTY OF _____

     Personally appeared before me, Paul Summers, with whom I am personally acquainted and who acknowledged that he executed the with instrument for the purposes therein contained.

     Witnessed my hand, at office, this _____ day of _____, 2005.

_____
Notary Public

My Commission Expires:_____

## Certificate of Service

I here by certify that on or by the 7th day of August, 2006, a true and exact copy of the Above Documents in Civil Action No: 3:04-CV-000344 has been delivered to the parties indicated.

    Clerk of Court
    United States District Court
    Knoxville Division
    800 Market Street, Suite 130
    Knoxville TN, 37902

    Dawn Jordon  dawn.jordan@state.tn.us
    Peter D. Van De Vate  VandeVate@aol.com