UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSTIN G. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-344 |
| ) | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 183, 212] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of a number of pretrial motions [Docs. 176, 177, 178, 179, 180, 188, 190, 191, 192, 209]. The Court conducted a hearing on these motions on October 3, 2006. At that time, the Court also took up Plaintiff's Discovery Dispute Against Defendants [Doc. 207].

**I.    Plaintiff's Motions to Compel and for Contempt**

The plaintiff has filed a motion seeking to compel the defendants to respond to the plaintiff's discovery requests [Doc. 176]. The plaintiff has also filed motions [Docs. 177, 178] seeking to compel compliance with subpoenas served on Tennessee Attorney General Paul Summers and Governor Phil Bredesen, respectively. In the alternative, the plaintiffs requests that the Court hold General Summers and Governor Bredesen in contempt for failing to comply with the plaintiff's

subpoenas. Based upon the prior rulings of the Court, the plaintiff agrees that these motions are now moot. Accordingly, the plaintiff's Motion to Compel Defendants [Doc. 176], the Motion for Compelling/Contempt of Paul Summers [Doc. 177], and the Motion for Compelling/Contempt of Phil Bredesen [Doc. 178] are **DENIED AS MOOT**.

The plaintiff also has filed a motion [Doc. 179], asking the Court to hold the National Nuclear Security Center in contempt for not responding to a subpoena. No such subpoena, however, is attached to the motion. The plaintiff filed a second motion [Doc. 180], asking the Court to hold the National Nuclear Administration Security Service Center (which, the plaintiff contends, is the same entity referenced in the previous motion) in contempt for failing to respond to the plaintiff's subpoena. A copy of that subpoena is attached to the motion.

A subpoena for the production of documents must be issued from the court of the district where production is sought or from a court within 100 miles of the place of production. See Fed. R. Civ. P. 45(b)(2). In the present case, the subpoena was issued from this Court and is directed to the attention of Carolyn Becknell of the National Nuclear Security Center in Albuquerque, New Mexico, which is neither in this district nor within 100 miles of this district. The Court therefore finds that the subject subpoenas were not properly issued or served on the subject entity. Accordingly, the plaintiff's Motion for Contempt of National Nuclear Security Center [Doc. 179] and Motion for Contempt of National Nuclear Administration Security Service Center [Doc. 180] are **DENIED**.

## II. Plaintiff's Motion to Accept Opposition as Motion for New Trial

The plaintiff requests that two of his previous filings [Docs. 75 and 115] be accepted as motions for a new trial in this matter. [Doc. 188]. The District Court already has construed the plaintiff's Motion in Opposition of Dismissal of State of Tennessee, City of Jacksboro as Defendants [Do. 115] as a motion to alter and amend and has denied that motion [Doc. 116]. The Court has reviewed the plaintiff's other filing [Doc. 75], which is a letter that reads as follows:

> Reading your order (Document 73) 3:04-cv-00344 dismissing without prejudice, Mr. Billy Marlow, are you implying that Plaintiffs [sic] response specifying service on Mr. John Duffy was insufficient. Are you implying that Mr. John Duffy misrepresented himself as the authorized agent of Mr. Billy Marlow?

[Doc. 75]. To the extent that this letter could possibly be construed as a motion to alter or amend, the Court finds that the motion is not well-taken and should be denied. Furthermore, as there has not yet been a trial in this matter, plaintiff's request that this pleading be construed as a motion for "new trial" is unwarranted. For these reasons, the Motion to Accept Plaintiff's Motion of Opposition to Dismissal (doc 115) and doc 75 as Motions for New Trail [sic] [Doc. 188] is **DENIED**.

## III. Motion for Extension of Time of Discovery and Motion for Continuance

The plaintiff moves for an extension of time for discovery in this case. For grounds, the plaintiff argues that he is still waiting for "Compelled Disclosure" from the defendants and will need time to evaluate such discovery. [Doc. 190]. In light of this request for an extension of time, the plaintiff also filed a motion [Doc. 191], seeking a continuance of the trial. Defendant Woodward

opposes both motions [Docs. 198, 199]. While not filing a formal response, counsel for the Campbell County defendants noted his opposition to the plaintiff's motions at the hearing.

For the reasons discussed in further detail below, the Court finds that the plaintiff is entitled to a brief extension of time in order to complete some limited discovery in this case. Accordingly, the Motion for Continuance [Doc. 191] is **GRANTED** to the following extent:

(1) The trial of this matter is **CONTINUED** to **October 30, 2006**;

(2) The pretrial conference will be held before Judge Varlan on **October 23, 2006 at 10:00 a.m.**;

(3) The parties' proposed pretrial order shall be filed on or before **October 10, 2006**; and

(4) Any proposed jury instructions or motions in limine shall be filed on or before **October 16, 2006**.

The Motion for Extension of Time of Discovery [Doc. 190] is **GRANTED** to the extent that the Court finds that the plaintiff is entitled to the following limited amount of additional discovery:

(1) The Campbell County Defendants shall identify all employees who worked during the period of the plaintiff's incarceration by **October 6, 2006**. The plaintiff shall identify those employees he wishes to depose by **October 9, 2006**, and those depositions shall take place on or before **October 13, 2006**. Counsel for the Campbell County Defendants has offered to secure a room in the Campbell County Courthouse for these depositions to be taken.

(2) Counsel for the Campbell County Defendants shall produce the last known address of Billy Marlow to the plaintiff on or before **October 4, 2006**; and

(3) Defendant Mongar shall produce a redacted version of his employment history to the plaintiff on or before **October 9, 2006**.

### IV. Plaintiff's Objection to Order Denying Access to Electronic Filing System

The plaintiff filed an objection to the District Court's Order [Doc. 72] denying him access to the Court's electronic filing system. The plaintiff advised the Court at the hearing that because he now has access to the Court's PACER system, this objection is now moot. Accordingly, Plaintiff's Objection to document 72 Order Denying Access to the Court EFS [sic] System [Doc. 192] is **OVERRULED**.

### V. Plaintiff's Motion for Corrections of Transcripts

The plaintiff requests that several corrections be made to the transcripts of the hearings before the Court on December 9, 2005 and August 2, 2006 [Doc. 209]. The defendants advised the Court that they have no objection to the plaintiff's motion. Accordingly, for good cause shown, Plaintiff's Motion for Corrections of Transcripts [Doc. 209] is **GRANTED**, and the corrections noted in the plaintiff's motion shall be deemed to have been made.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge