UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RUSTIN G. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 3:04-CV-344 |
| | ) | (VARLAN/SHIRLEY) |
| CAMPBELL COUNTY, TENNESSEE, | ) | |
| DARRYL MONGAR, and DUSTIN ROSE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This civil action is before the Court on two motions filed by *pro se* plaintiff: plaintiff's Motion for a New Trial [Doc. 244] and Motion to Amend Defendant on Motion for New Trial [Doc. 245]. The case was tried before a jury from October 30, 2006, to November 1, 2006, with the jury returning a verdict in favor of the defendants [Doc. 242]. Plaintiff has moved, pursuant to Fed. R. Civ. P. 59, for a new trial on three grounds: (1) that "new evidence demands a New Trail [sic] against the Defendants;" (2) that "[t]he Weight of Evidence substantiates against the Defendants against verdict by jury;" and (3) that "Prejudicial Conduct of Counsel for the Defendants is cause for a New Trail [sic], in that...Counsel for Defense implied that Counsel for the Plaintiff was incompetent in prosecuting this case through insanity... ." [Doc. 244]. No response or opposition to the instant motions has been filed, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2.

Fed. R. Civ. P. 59(a) provides in part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ... ." "A trial court should deny a motion for a new trial 'if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact.'" *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir.), *cert. denied*, 519 U.S. 992 (1996) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994), *cert. denied*, 514 U.S. 1127 (1995)).

After carefully considering plaintiff's motion and the jury's verdict in light of all the evidence and the foregoing standards, the Court concludes that the jury did not commit error in returning a verdict for the defendants. *Argentine v. United Steelworkers of Am., AFL-CIO*, 287 F.3d 476, 484 (6th Cir. 2002); *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 517 (6th Cir. 2001). Therefore, plaintiff's Motion for a New Trial [Doc. 244] is **DENIED**. Accordingly, plaintiff's Motion to Amend Defendant on Motion for New Trial [Doc. 245] is **DENIED as moot.**

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE